IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| TD BANKNORTH INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; COMERICA SECURITIES, INC.; CERIDIAN CORPORATION; COMDATA CORPORATION; DILLARD'S, INC.; DILLARD INVESTMENT CO., INC.; LASALLE BANK CORPORATION; LASALLE BANK NATIONAL ASSOCIATION; LASALLE FINANCIAL SERVICES, INC.; ABN AMRO MORTGAGE GROUP, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) ) | |

### PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") states as follows for its complaint against TD Banknorth Inc.; Experian Information Solutions, Inc.; Comerica Incorporated; Comerica Bank & Trust, National Association; Comerica Securities, Inc.; Ceridian Corporation; Comdata Corporation; Dillard's, Inc.; Dillard Investment Co., Inc.; LaSalle Bank Corporation; LaSalle Bank National Association; LaSalle Financial Services, Inc.; and ABN AMRO Mortgage Group, Inc.:

### THE PARTIES

1.      Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.      On information and belief, Defendant TD Banknorth Inc. is a Delaware corporation with its principal place of business at Two Portland Square, Portland, Maine 04112.

3.      On information and belief, Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

4.      On information and belief, Defendant Comerica Incorporated is a Delaware corporation with its principal place of business at Comerica Tower at Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226.

5.      On information and belief, Defendant Comerica Bank & Trust, National Association is (a) a national banking association with its principal place of business at Comerica Tower at Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226, and (b) a subsidiary of Comerica Incorporated.

6.      On information and belief, Defendant Comerica Securities, Inc. is (a) a Michigan corporation with its principal place of business at 201 West Fort Street, Detroit, Michigan 48226, and (b) a subsidiary of Comerica Incorporated.

7.      On information and belief, Defendant Ceridian Corporation is a Delaware corporation with its principal place of business at 3311 East Old Shakopee Road, Minneapolis, Minnesota 55425.

8.      On information and belief, Defendant Comdata Corporation is (a) a Delaware corporation with its principal place of business at 5301 Maryland Way, Brentwood, Tennessee 37027, and (b) a subsidiary of Ceridian Corporation

9.      On information and belief, Defendant Dillard's, Inc. is a Delaware corporation with its principal place of business at 1600 Cantrell Road, Little Rock, Arkansas 72201.

10.     On information and belief, Defendant Dillard Investment Co., Inc. is (a) a Delaware corporation with its principal place of business at 1600 Cantrell Road, Little Rock, Arkansas 72201, and (b) a subsidiary of Dillard's, Inc.

11.    On information and belief, Defendant LaSalle Bank Corporation is a Delaware corporation with its principal place of business at 135 LaSalle Street, Chicago, Illinois 60603.

12.    On information and belief, Defendant LaSalle Bank National Association is (a) a national banking association with its principal place of business at 135 LaSalle Street, Chicago, Illinois 60603, and (b) a subsidiary of LaSalle Bank Corporation.

13.    On information and belief, Defendant LaSalle Financial Services, Inc. is (a) a Delaware corporation with its principal place of business at 135 LaSalle Street, Chicago, Illinois 60603, and (b) a subsidiary of LaSalle Bank Corporation.

14.    On information and belief, Defendant ABN AMRO Mortgage Group, Inc. is (a) a Delaware corporation with its principal place of business at 777 East Eisenhower Parkway, Suite 700, Ann Arbor, Michigan 48108, and (b) a subsidiary of LaSalle Bank Corporation.

## JURISDICTION AND VENUE

15.    This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

16.    TD Banknorth Inc. ("TD Banknorth") is subject to this Court's personal jurisdiction because, on information and belief, it is a Delaware corporation and has designated a registered agent in this district.

17.    Experian Information Solutions, Inc. ("Experian") is subject to this Court's personal jurisdiction because, on information and belief, (1) it has designated a registered agent in this district; and (2) it does substantial business in this district.

18.    Comerica Incorporated, Comerica Bank & Trust, National Association, and Comerica Securities, Inc. (collectively, the "Comerica Defendants) are subject to this Court's personal jurisdiction because, on information and belief, (1) Comerica Incorporated is a

Delaware corporation and has designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for banking, financial, and investment services and information that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

19.    Ceridian Corporation and Comdata Corporation (collectively, the "Ceridian Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for banking and investment services that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

20.    Dillard's, Inc. and Dillard Investment Co., Inc. (collectively, the "Dillard's Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are Delaware corporations and have designated a registered agent in this district.

21.    LaSalle Bank Corporation, LaSalle Bank National Association, LaSalle Financial Services, Inc., and ABN AMRO Mortgage Group, Inc. (collectively, the "LaSalle Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for customer service, mortgage services and other financial services that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

22.    Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants reside, or engage in significant business activities, in this district as set forth in Paragraphs 2-14 and 16-21 above.

## BACKGROUND

23.    Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit.  Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

24.    In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone.  Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines.  Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

25.    Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange.  Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

26.    Mr. Katz's inventions have not been limited to telephonic check verification.  Indeed, Mr. Katz is responsible for advancements in many fields of technology.  Among his most prominent and well-known innovations are those in the field of interactive call processing.  Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

27.    The first of Mr. Katz's interactive call processing patents issued on December 20, 1988.  More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

28.    In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing

services based on Mr. Katz's inventions.  The American Express business unit involved in this joint venture later became known as First Data.

29.    Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

30.    Many of these clients utilized Call Interactive technology for high-profile events.  For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

31.    Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992.  American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

32.    In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

33.    The marketplace has clearly recognized the value of Mr. Katz's inventions.  Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network.  These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

- 6 -

34.     Each of the defendants employs the inventions of certain of the patents-in-suit.  Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

35.     On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility."  The '968 Patent expired on December 20, 2005.

36.     On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System."  The '150 Patent expired on December 20, 2005.

37.     On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

38.     On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

39.     On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System."  The '285 Patent expired on December 20, 2005.

40.     On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz

for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

41.    On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

42.    On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

43.    On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

44.    On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

45.    On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

46.    On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

47.    On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz

for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

48.     On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

49.     On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

50.     On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

51.     On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

52.     On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System." The '415 Patent expired on July 10, 2005.

53.     On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY TD BANKNORTH)

54.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

55.     TD Banknorth and its subsidiaries provide banking and financial services to customers in the states of Maine, New Hampshire, New York, Vermont, Massachusetts, New Jersey, Pennsylvania, and Connecticut.

56.     On information and belief, TD Banknorth uses infringing call processing systems to offer automated customer service and telephone banking services to its customers. Using an automated system, in some instances in connection with operators, TD Banknorth allows its customers to access information about their accounts, establish or change their personal identification numbers, transfer funds, make loan payments, activate gift cards, and perform various other functions.

57.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents.

58.     On information and belief, in their automated customer service and telephone banking service operations described in Paragraph 56 (collectively, the "Accused TD Banknorth Services"), TD Banknorth has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 57 of this Complaint by making, using, offering to sell, or selling the Accused TD Banknorth Services.

59.     On information and belief, TD Banknorth continues to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused TD Banknorth Services.

60.    TD Banknorth's infringement of the patents identified in Paragraph 57 of this Complaint has been and is willful.

61.    TD Banknorth's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY EXPERIAN)

62.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

63.    Experian is a global supplier of information services relating to customer relationship management, e-commerce, and marketing and it also maintains one of the top credit-reporting agencies in the United States.

64.    On information and belief, Experian uses infringing call processing systems to offer automated credit reporting services to its customers.  Using an automated system, in some instances in connection with operators, Experian enables individuals to purchase copies of their credit reports, obtain and manage information in their credit files, obtain information and assistance relating to credit fraud, decode information found on a credit report, and perform various other functions.

65.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '965, '968, and '984 Patents.

66.    On information and belief, in its automated credit reporting service operations described in Paragraph 64 (collectively, the "Accused Experian Services"), Experian has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 65 of this Complaint by making, using, offering to sell, or selling the Accused Experian Services.

- 11 -

67.     On information and belief, Experian continues to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Experian Services.

68.     Experian's infringement of the patents identified in Paragraph 65 of this Complaint has been and is willful.

69.     Experian's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

### THIRD CLAIM
#### (PATENT INFRINGEMENT BY COMERICA DEFENDANTS)

70.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

71.     Comerica Incorporated provides banking and wealth advisory services, including investment and trust management, through, *inter alia*, its subsidiaries Comerica Bank & Trust, National Association and Comerica Securities, Inc.

72.     On information and belief, the Comerica Defendants use infringing call processing systems to offer automated banking and investment services to their customers. Using an automated system, in some instances in connection with operators, the Comerica Defendants allow their customers to access information about their accounts, transfer funds between accounts, issue stop payments on checks, access current interest rates and stock quotes, place stock orders, pay bills, and perform various other functions.

73.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '134, '150, '223, '252, '285, '551, '734, '762, '863, '968, and '984 Patents.

74.     On information and belief, in their automated account service and financial information functions described in Paragraph 72 (collectively, the "Accused Comerica

Services"), the Comerica Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 73 of this Complaint by making, using, offering to sell, or selling the Accused Comerica Services.

75.    On information and belief, the Comerica Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Comerica Services.

76.    The Comerica Defendants' infringement of the patents identified in Paragraph 73 of this Complaint has been and is willful.

77.    The Comerica Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## FOURTH CLAIM
### (PATENT INFRINGEMENT BY CERIDIAN DEFENDANTS)

78.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

79.    The Ceridian Defendants provide information, human resources, and other financial services to businesses, including those in the transportation and retail markets.

80.    On information and belief, the Ceridian Defendants use infringing call processing systems to offer automated banking and investment services to their customers. Using an automated system, in some instances in connection with operators, the Ceridian Defendants allow their customers to access information about and administer their accounts, transfer funds, approve and verify checks, and perform various other functions.

81.   Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents.

82.   On information and belief, in their automated account service and financial information functions described in Paragraph 80 (collectively, the "Accused Ceridian Services"), the Ceridian Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 81 of this Complaint by making, using, offering to sell, or selling the Accused Ceridian Services.

83.   On information and belief, the Ceridian Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Ceridian Services.

84.   The Ceridian Defendants' infringement of the patents identified in Paragraph 81 of this Complaint has been and is willful.

85.   The Ceridian Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## FIFTH CLAIM
### (PATENT INFRINGEMENT BY DILLARD'S DEFENDANTS)

86.   Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

87.   Dillard's, Inc. is a fashion and home furnishings retailer with hundreds of stores.  On information and belief, Dillard's also participates in offering credit card services through an agreement with GE Capital Consumer Card Co., and previously offered such services

through its subsidiary Dillard National Bank. On information and belief, Dillard National Bank has merged into Dillard Investment Co., Inc.

88.    On information and belief, the Dillard's Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the Dillard's Defendants allow their customers to access information about their credit card accounts, pay their credit card balances, update or change their account information, order cards and statements, locate Dillard's stores, and perform various other functions.

89.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents.

90.    On information and belief, in their automated customer service operations described in Paragraph 88 (collectively, the "Accused Dillard's Services"), the Dillard's Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 89 of this Complaint by making, using, offering to sell, or selling the Accused Dillard's Services.

91.    On information and belief, the Dillard's Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Dillard's Services.

92.    The Dillard's Defendants' infringement of the patents identified in Paragraph 89 of this Complaint has been and is willful.

93.    The Dillard's Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

# SIXTH CLAIM
## (PATENT INFRINGEMENT BY LASALLE DEFENDANTS)

94.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

95.     LaSalle Bank Corporation and its subsidiaries, including LaSalle Bank National Association, LaSalle Financial Services, Inc., and ABN AMRO Mortgage Group, Inc., provide banking and lending services, including mortgages, as well as a variety of investment, brokerage, and wealth management services.

96.     On information and belief, the LaSalle Defendants use interactive voice response technology to offer automated customer service and banking capabilities to their customers.  Using an automated system, in some instances in connection with operators, the LaSalle Defendants allow their customers to access information about their accounts, transfer funds, order checks, activate bank cards, place stop payments, obtain information about loans, obtain information about wire transfers, and perform various other functions.

97.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '150, '223, '252, '285, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

98.     On information and belief, in their automated customer service operations described in Paragraph 96 (collectively, the "Accused LaSalle Services"), the LaSalle Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 97 of this Complaint by making, using, offering to sell, or selling the Accused LaSalle Services.

99.     On information and belief, the LaSalle Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Dillard's Services.

100.    The LaSalle Defendants' infringement of the patents identified in Paragraph 97 of this Complaint has been and is willful.

101.    The LaSalle Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1.    Adjudge that TD Banknorth has been and is infringing one or more claims of the patents identified in Paragraph 57 of this Complaint by offering the Accused TD Banknorth Services;

2.    Adjudge that TD Banknorth's infringement has been and is willful;

3.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining TD Banknorth, and all persons in active concert or participation with it, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

4.    Order an accounting for damages resulting from TD Banknorth's infringement of the patents identified in Paragraph 57 of this Complaint;

5.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for TD Banknorth's infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.    Enter an order, pursuant to 35 U.S.C. § 284, and based on TD Banknorth's willful infringement, trebling all damages awarded to Katz Technology Licensing and against TD Banknorth;

- 17 -

7.       Adjudge that Experian has been and is infringing one or more claims of the patents identified in Paragraph 65 of this Complaint by offering the Accused Experian Services;

8.       Adjudge that Experian's infringement has been and is willful;

9.       Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining Experian, and all persons in active concert or participation with it, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

10.       Order an accounting for damages resulting from Experian's infringement of the patents identified in Paragraph 65 of this Complaint;

11.       Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for Experian's infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

12.       Enter an order, pursuant to 35 U.S.C. § 284, and based on Experian's willful infringement, trebling all damages awarded to Katz Technology Licensing and against Experian;

13.       Adjudge that the Comerica Defendants have been and are infringing one or more claims of the patents identified in Paragraph 73 of this Complaint by offering the Accused Comerica Services;

14.       Adjudge that the Comerica Defendants' infringement has been and is willful;

15.       Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Comerica Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

16.     Order an accounting for damages resulting from the Comerica Defendants' infringement of the patents identified in Paragraph 73 of this Complaint;

17.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Comerica Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

18.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Comerica Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Comerica Defendants;

19.     Adjudge that the Ceridian Defendants have been and are infringing one or more claims of the patents identified in Paragraph 81 of this Complaint by offering the Accused Ceridian Services;

20.     Adjudge that the Ceridian Defendants' infringement has been and is willful;

21.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Ceridian Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

22.     Order an accounting for damages resulting from the Ceridian Defendants' infringement of the patents identified in Paragraph 81 of this Complaint;

23.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Ceridian Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

24.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Ceridian Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Ceridian Defendants;

25.    Adjudge that the Dillard's Defendants have been and are infringing one or more claims of the patents identified in Paragraph 89 of this Complaint by offering the Accused Dillard's Services;

26.    Adjudge that the Dillard's Defendants' infringement has been and is willful;

27.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Dillard's Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

28.    Order an accounting for damages resulting from the Dillard's Defendants' infringement of the patents identified in Paragraph 89 of this Complaint;

29.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Dillard's Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

30.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Dillard's Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Dillard's Defendants;

31.    Adjudge that the LaSalle Defendants have been and are infringing one or more claims of the patents identified in Paragraph 97 of this Complaint by offering the Accused LaSalle Services;

32.    Adjudge that the LaSalle Defendants' infringement has been and is willful;

33.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the LaSalle Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

- 20 -

34.     Order an accounting for damages resulting from the LaSalle Defendants' infringement of the patents identified in Paragraph 97 of this Complaint;

35.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the LaSalle Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

36.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the LaSalle Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the LaSalle Defendants;

37.     Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

38.     Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Dated:  September 1, 2006
535031

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

## DEFENDANTS

TD BANKNORTH INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; COMERICA SECURITIES, INC.; CERIDIAN CORPORATION; COMDATA CORPORATION; DILLARD'S, INC.; DILLARD INVESTMENT CO., INC.; LASALLE BANK CORPORATION; LASALLE BANK NATIONAL ASSOCIATION; LASALLE FINANCIAL SERVICES, INC.; ABN AMRO MORTGAGE GROUP, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
Wilmington, DE  19899
302-658-9200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgement
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholder Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R R & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant
☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks or Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed From State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred From another district (specify) _____
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Patent Infringement; 35 U.S.C. § 271

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S)  (See Instructions)
IF ANY

JUDGE _____    DOCKET NUMBER _____

This is one of five related cases filed today by Plaintiff

DATE  9/1/06

SIGNATURE OF ATTORNEY OF RECORD  Mary B. Graham

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____