IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-544-GMS |
| TD BANKNORTH, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; COMERICA SECURITIES, INC.; CERIDIAN CORPORATION; COMDATA CORPORATION; DILLARD'S, INC.; DILLARD INVESTMENT CO., INC.; LASALLE BANK CORPORATION; LASALLE BANK NATIONAL ASSOCIATION; LASALLE FINANCIAL SERVICES, INC.; ABN AMRO MORTGAGE GROUP, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## DEFENDANTS DILLARD'S, INC. AND DILLARD INVESTMENT CO., INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

COME NOW defendants DILLARD'S, INC. and DILLARD INVESTMENT CO, INC. (collectively, "DILLARD'S"), by and through their counsel, and respond and answer Plaintiff's Complaint as follows:

1.        DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

2.      DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

3.      DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

4.      DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

5.      DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

6.      DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

7.      DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

8.      DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

9.      DILLARD'S admits the allegations set forth in paragraph 9 of the Complaint.

2

10.     DILLARD'S admits the allegations set forth in paragraph 10 of the Complaint.

11.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

12.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

13.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

14.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

15.     DILLARD'S admits that Plaintiff filed the present action, purportedly pursuant to the federal laws identified in Plaintiff's Complaint. DILLARD'S states that the remaining allegations contained in paragraph 15 of the Complaint constitute legal conclusions that do not require DILLARD'S to admit or to deny. Except as expressly admitted herein, DILLARD'S denies each and every other allegation set forth in paragraph 15 of the Complaint.

16.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

3

17.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

18.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

19.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

20.     DILLARD'S does not contest personal jurisdiction.  Except as expressly admitted herein, DILLARD'S denies each and every other allegation set forth in paragraph 20 of the Complaint.

21.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

22.     DILLARD'S states that the allegations contained in paragraph 22 of the Complaint constitute legal conclusions that do not require DILLARD'S to admit or to deny.  Except as expressly admitted herein, DILLARD'S denies each and every other allegation set forth in paragraph 22 of the Complaint.

23.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

4

24.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

25.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

26.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

27.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

28.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

29.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

30.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

31.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

5

32.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

33.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

34.     DILLARD'S denies that it makes, uses, offers for sale, sells, imports, and/or otherwise employs any of the alleged inventions of the asserted patents, and admits that it has not entered into any license agreements for any of the asserted patents. DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

35.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

36.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

37.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

38.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

39.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

40.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

41.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

42.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

43.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

44.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

45.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

46.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

7

47.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

48.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

49.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

50.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

51.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

52.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

53.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

## FIRST CLAIM

54.    DILLARD'S repeats and incorporates by reference its answers and responses to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

8

55.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

56.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

57.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

58.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

59.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

60.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

61.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

## SECOND CLAIM

62.    DILLARD'S repeats and incorporates by reference its answers and responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

9

63.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

64.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

65.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

66.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

67.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

68.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

69.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

## THIRD CLAIM

70.    DILLARD'S repeats and incorporates by reference its answers and responses to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

10

71.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

72.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

73.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

74.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

75.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

76.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

77.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

## FOURTH CLAIM

78.    DILLARD'S repeats and incorporates by reference its answers and responses to paragraphs 1 through 77 of the Complaint as if fully set forth herein.

11

79.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

80.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

81.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

82.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

83.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

84.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

85.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

## FIFTH CLAIM

86.    DILLARD'S repeats and incorporates by reference its answers and responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

12

87.     DILLARD'S admits that:  (i) DILLARD'S, Inc., is a retailer of various goods, including fashion and home furnishings, and that DILLARD'S, Inc., has a large number of retail stores throughout the United States; (ii) Dillard National Bank, a former subsidiary of Dillard Investment Co., Inc., previously offered credit card services; (iii) after Dillard National Bank ceased offering credit card services, Dillard National Bank merged into Dillard Investment Co., Inc.; and (iv) GE Capital Consumer Card Co. currently offers credit card services to certain Dillard's customers.  DILLARD'S expressly denies that it offers credit card services.  Except as expressly admitted herein, DILLARD'S denies each and every other allegation set forth in paragraph 87 of the Complaint.

88.     DILLARD'S denies each and every allegation set forth in paragraph 88 of the Complaint.

89.     DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

90.     DILLARD'S denies the allegations set forth in paragraph 90 of the Complaint.

91.     DILLARD'S denies the allegations set forth in paragraph 91 of the Complaint.

92.     DILLARD'S denies the allegations set forth in paragraph 92 of the Complaint.

93.     DILLARD'S denies the allegations set forth in paragraph 93 of the Complaint.

13

## SIXTH CLAIM

94.    DILLARD'S repeats and incorporates by reference its answers and responses to paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

96.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

97.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

98.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

99.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

100.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

101.    DILLARD'S is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint and, accordingly, denies each and every other allegation set forth therein.

14

WHEREFORE, DILLARD'S respectfully requests that the Court enter judgment in favor of DILLARD'S on Plaintiff's alleged claims against DILLARD'S, and grant such other and further relief as may be just and appropriate under the circumstances.

## ADDITIONAL DEFENSES

Further answering the Complaint, and as additional defenses thereto, DILLARD'S denies all allegations of the Complaint not specifically admitted herein, and also asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. DILLARD'S expressly reserves the right to amend its Answer and Affirmative Defenses as additional information becomes available and/or is otherwise discovered.

### First Affirmative Defense

1.     Except as expressly admitted herein, DILLARD'S denies each and every allegation contained in Plaintiff's Complaint.

### Second Affirmative Defense

2.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

3.     The claims Plaintiff has asserted against DILLARD'S are barred, in whole or in part, based upon the principles and/or doctrines of waiver, laches, acquiescence, and/or equitable estoppel.

### Fourth Affirmative Defense

4.     The claims Plaintiff has asserted against DILLARD'S are barred, in whole or in part, due to Plaintiff's bad faith, unclean hands, patent misuse and/or other inequitable conduct.

### Fifth Affirmative Defense

5.     DILLARD'S states that to the extent Plaintiff may be, *arguendo*, successful in any allegations under any of the asserted Counts, which DILLARD'S expressly denies, and Plaintiff is

15

able to prove any alleged damages, Plaintiff has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

### Sixth Affirmative Defense

6.      The claims asserted against DILLARD'S are barred, in whole or in part, by the applicable statutes of limitation.

### Seventh Affirmative Defense

7.      Upon information and belief, DILLARD'S states that Plaintiff is wholly or partially barred from the relief that it seeks because the asserted patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which DILLARD'S may hereafter discover or otherwise become informed:

(a)      The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent;

(b)      The alleged invention was patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(c)      The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant or applicants for the patent;

(d)      The patentee did not himself invent the subject matter claimed;

(e)      Before the alleged invention was made by the patentee, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

16

(f)     The difference between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having skill in the art to which said subject matter pertains;

(g)     The alleged invention does not involve the exercise of inventive faculty but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee; and

(h)     The patent does not contain a written description of the alleged invention in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventor of carrying out the alleged invention.

## Eighth Defense

8.     By reason of the proceedings in the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the asserted patents, and, in particular, the applicant's and/or his representative(s) and/or agents remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that DILLARD'S has infringed upon any of the claims of the asserted patents.

## Ninth Defense

9.     Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, and/or sold by DILLARD'S within the United States that are alleged to infringe any of the claims of the asserted patents, to the extent that Plaintiff has not complied with the notice requirements of 35 U.S.C. § 287.

### Tenth Defense

10.    Any claims of the asserted patents that may not be, *arguendo*, held invalid and/or unenforceable are so restricted in scope that DILLARD'S has not infringed, and does not infringe, upon any such claims.

### Eleventh Defense

11.    DILLARD'S states that it has not infringed, contributed to the infringement of, and/or induced the infringement of, any valid and enforceable claim of any of the asserted patents.

DILLARD'S expressly reserves the right to raise and/or assert any further defenses which may become applicable as discovery proceeds in this matter.

WHEREFORE, DILLARD'S denies that Plaintiff is entitled to any relief, as prayed for in the Complaint or otherwise, and, accordingly, respectfully prays for entry of judgment dismissing the claims against DILLARD'S with prejudice, and for such other and further relief as is just and proper under the circumstances including, but not limited to:

A.    Dismissing each of the Counts and the Complaint filed by Plaintiff against DILLARD'S with prejudice;

B.    Declaring and entering judgment that the asserted patents are invalid and unenforceable;

C.    Declaring and entering judgment finding that DILLARD'S has not infringed any of the asserted patents; and

D.    Awarding DILLARD'S such other and further relief as the Court deems just and proper under the circumstances.

18

## COUNTERCLAIM

COME NOW DILLARD'S, INC. and DILLARD INVESTMENT CO, INC. (collectively, "DILLARD'S"), by and through their attorneys, and for their Counterclaim against RONALD A. KATZ TECHNOLOGY LICENSING, L.P. ("RAKTL"), state as follows:

### Nature of the Action

1.       This Counterclaim seeks, *inter alia*, a judgment declaring that the claims of United States Patent Nos. 6,148,065, 5,974,120, 6,349,134, 4,930,150, 6,434,223, 5,251,252, 5,351,285, 6,678,360, 5,815,551, 5,828,734, 5,684,863, 5,917,893, 6,335,965, 4,792,968, and 5,128,984 (collectively referred to herein as the "Patents-in-Suit") are invalid and not infringed by DILLARD'S.

### Jurisdiction and Venue

2.       This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 28 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332(a) in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists among the parties. Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and 1400, only to the extent that this action remains in this district.

### The Parties

3.       Dillard's, Inc. is a Delaware corporation with its principal place of business in Little Rock, Arkansas. Dillard Investment Co., Inc. is a Delaware corporation with its principal place of business in Little Rock, Arkansas.

4.       On information and belief, RAKTL is a California limited partnership with its principal place of business in Los Angeles, California.

19

## Acts Giving Rise to the Counterclaim

5.     On September 1, 2006, RAKTL commenced a civil lawsuit against DILLARD'S and numerous other defendants alleging that DILLARD'S has infringed and/or is infringing upon one or more of the claims of the Patents-in-Suit.

6.     By such action, RAKTL has created an actual and justiciable case and controversy between itself and DILLARD'S concerning whether the Patents-in-Suit are valid and/or enforceable, as well as whether DILLARD'S has infringed and/or is infringing upon any valid and/or enforceable claim of the Patents-in-Suit.

7.     DILLARD'S has not infringed, and is not infringing, upon any claims of the Patents-in-Suit.

8.     DILLARD'S demands trial by jury of all issues so triable in this action.

## COUNT I

### Declaratory Judgment of Invalidity, Unenforceability and Non-Infringement of the Patents-in-Suit (28 U.S.C. §§ 2201 and 2002)

9.     DILLARD'S incorporates by reference each and every allegation set forth in paragraph 1 through 8 of this Counterclaim as if fully set forth and restated herein.

10.     DILLARD'S has not infringed upon any of the claims of the Patents-in-Suit.

11.     Upon information and belief, all of the claims of the Patents-in-Suit are invalid for at least one or more of the following reasons:

(a)     the patentee did not invent the subject matter of the Patents-in-Suit, nor did he make any invention or discovery, either novel, original, or otherwise, within the meaning of United States Code, Title 35;

RLF1-3075170-1

(b)    the alleged inventions of the Patents-in-Suit were made by another in this country before the patentee's alleged invention, and such other person has not abandoned, suppressed, or concealed them;

(c)    in light of the prior art at the time the alleged inventions were made, the subject matter as claimed in the Patents-in-Suit would have been obvious to one skilled in the art to which the alleged inventions relate and do not constitute patentable inventions;

(d)    more than one year prior to the filing of the original applications which matured into the Patents-in-Suit, the alleged inventions were described in printed publications in this country, and/or were in public use and on sale in this country;

(e)    before the alleged inventions claimed in the Patents-in-Suit by the patentee, the alleged inventions were known or used by others in this country and were described in a printed publication in this country;

(f)    the alleged inventions do not involve the exercise of inventive faculty but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged inventions thereof by the patentee; and/or

(g)    the patents do not contain a written description of the alleged invention in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventor of carrying out the alleged invention.

12.    By reason of the proceedings in the U.S. PTO during the prosecution of the applications that matured into the Patents-in-Suit, and in particular, the applicant's and/or his/her representative(s) and/or agents remarks, representations, concessions, amendments and/or admissions during those proceedings, RAKTL is precluded and estopped from asserting that DILLARD'S has infringed upon any of the claims of the Patents-in-Suit.

21

13.    Any claims of the Patents-in-Suit that may not be, *arguendo*, held invalid are so restricted in scope that DILLARD'S has not infringed, and does not infringe, upon any such claims.

WHEREFORE, DILLARD'S respectfully prays that the Court enter judgment in its favor and award the following relief against RAKTL:

A.    Declare that DILLARD'S has not infringed and is not infringing upon any of the claims of the Patents-in-Suit;

B.    Declare that each claim of the Patents-in-Suit is invalid and of no force or effect;

C.    Permanently enjoin RAKTL and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that DILLARD'S and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of the Patents-in-Suit;

D.    Declare and Order that RAKTL be required to file a disclaimer with the U.S. PTO dedicating the Patents-in-Suit and any subject matter disclosed or claimed therein to the public; and

E.    Award and grant DILLARD'S such other and further relief as the Court deems just and proper under the circumstances.


William J. Wade (I.D. No. 704)
Anne Shea Gaza (I.D. No. 4093)

OF COUNSEL:
David A. Roodman
Lisa Demet Martin
Ameer Gado
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750


Dated: October 26, 2006

wade@rlf.com
gaza@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899
Telephone: (302) 651-7700
*Attorneys for Dillard's, Inc. and*
*Dillard Investment Co, Inc.*

22

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Mary B. Graham
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

Paul J. Lockwood
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

William J. Wade
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

I hereby certify that on October 26, 2006, I caused to be sent by Federal Express the foregoing document to the following non-registered participant:

Andrew C. Byrnes
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA 94025-3506

Daniel A. DeVito
Guy Perry
Marti Johnson
Elizabeth Weiskopf
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

Martin J. Black
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Samuel J. Najim
Olivia E. Marbutt
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053

Thomas Dunham
Howrey LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004

Kenneth R. Adamo
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Kevin G. McBride
Jones Day
555 South Flower St.
Fiftieth Floor
Los Angeles, CA 90071

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700