**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TD BANKNORTH INC., *et al.*, | ) ) |
| Defendants. | ) |

C.A No. 06-544-GMS

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT**
**EXPERIAN INFORMATION SOLUTIONS, INC.**

Defendant Experian Information Solutions, Inc. ("Experian") responds as follows to the allegations and averments in Plaintiff Ronald A. Katz Technology Licensing, L.P.'s ("RAKTL") Complaint in the above-styled action:

**THE PARTIES**

1.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except it admits that the California Secretary of State's unofficial records indicate that Ronald A. Katz Technology Licensing, L.P. is a California limited partnership with an address of 9220 Sunset Blvd., Ste. 315, Los Angeles, California 90069.

2.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      Experian admits the allegations set forth in paragraph 3 of the Complaint.

4.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.      Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15.     Experian admits that the Complaint purports to set forth an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* Experian also admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Experian admits that it has designated a registered agent in Delaware and that it does business in Delaware.

18.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Experian admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b). As to the allegations set forth in paragraph 22 of the Complaint that are directed toward Experian, Experian admits that it does business in Delaware. As to the remaining allegations set forth in paragraph 22 of the Complaint that are directed toward Experian, Experian denies the allegations in paragraph 22 of the Complaint. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint.

## BACKGROUND

23.    Experian admits that the following U.S. Patents listed in the "Asserted Patents" section of RAKTL's Complaint appear to have issued from the United States Patent & Trademark Office ("USPTO"): U.S. Patent No. 4,792,968; U.S. Patent No. 4,930,150; U.S. Patent No. 5,128,984; U.S. Patent No. 5,251,252; U.S. Patent No. 5,351,285; U.S. Patent No. 5,684,863; U.S. Patent No. 5,815,551; U.S. Patent No. 5,828,734; U.S. Patent No. 5,898,762; U.S. Patent No. 5,917,893; U.S. Patent No. 5,974,120; U.S. Patent No. 6,035,021; U.S. Patent No. 6,148,065; U.S. Patent No. 6,335,965; U.S. Patent No. 6,349,134; U.S. Patent No. 6,424,703; U.S. Patent No. 6,434,223; U.S. Patent No. 6,512,415; and U.S. Patent No. 6,678,360 (collectively, "Patents-in-Suit"). Experian admits that Ronald A. Katz is named as the purported inventor on each of the Patents-in-Suit. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint.

24.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.    Experian admits that U.S. Patent 4,792,968 appears to have issued from the USPTO on December 20, 1988 and that Ronald A. Katz is named as the purported inventor on that patent. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.

4

28.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     As to the allegations set forth in paragraph 34 of the Complaint that are directed toward Experian, Experian admits that RAKTL attempted to engage it in licensing negotiations with A2D and that this action was filed without any notice, either oral or written, to Experian. Experian denies that any communications between it and RAKTL or A2D constitute admissions or acknowledgments by Experian regarding the validity of the Patents-In-Suit or their applicability to Experian's  business.  As to the remaining allegations set forth in paragraph 34 that are directed toward Experian, Experian denies the allegations in paragraph 34 of the Complaint.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint.

## THE ASSERTED PATENTS

35.    Experian admits that U.S. Patent No. 4,792,968 ("the '968 patent"), entitled "Statistical Analysis System for use with Public Communication Facility," appears to have issued from the USPTO on December 20, 1988, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '968 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint.

36.    Experian admits that U.S. Patent No. 4,930,150 ("the '150 patent"), entitled "Telephonic Interface Control System," appears to have issued from the USPTO on May 29, 1990, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '150 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint.

37.    Experian admits that U.S. Patent No. 5,128,984 ("the '984 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on July 7, 1992, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '984 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Complaint.

38.    Experian admits that U.S. Patent No. 5,251,252 ("the '252 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on October 5, 1993, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '252 patent is valid and enforceable. Experian is without knowledge or

6

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38 of the Complaint.

39.    Experian admits that U.S. Patent No. 5,351,285 ("the '285 patent"), entitled "Multiple Format Telephonic Interface Control System," appears to have issued from the USPTO on September 27, 1994, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '285 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39 of the Complaint.

40.    Experian admits that U.S. Patent No. 5,684,863 ("the '863 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on November 4, 1997, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '863 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of the Complaint.

41.    Experian admits that U.S. Patent No. 5,815,551 ("the '551 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on September 29, 1998, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '551 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the Complaint.

42.    Experian admits that U.S. Patent No. 5,828,734 ("the '734 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on October 27, 1998, with Ronald A. Katz named as the purported inventor.

Experian explicitly denies that the '734 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Complaint.

43.    Experian admits that U.S. Patent No. 5,898,762 ("the '762 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on April 27, 1999, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '762 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 43 of the Complaint.

44.    Experian admits that U.S. Patent No. 5,917,893 ("the '893 patent"), entitled "Multiple Format Telephonic Interface Control System," appears to have issued from the USPTO on June 29, 1999, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '893 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 44 of the Complaint.

45.    Experian admits that U.S. Patent No. 5,974,120 ("the '120 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on October 26, 1999, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '120 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45 of the Complaint.

46.    Experian admits that U.S. Patent No. 6,035,021 ("the '021 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on

March 7, 2000, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '021 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 46 of the Complaint.

47.    Experian admits that U.S. Patent No. 6,148,065 ("the '065 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on November 14, 2000, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '065 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 47 of the Complaint.

48.    Experian admits that U.S. Patent No. 6,335,965 ("the '965 patent"), entitled "Voice-Data Telephonic Interface Control System," appears to have issued from the USPTO on January 1, 2002, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '965 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48 of the Complaint.

49.    Experian admits that U.S. Patent No. 6,349,134 ("the '134 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on February 19, 2002, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '134 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 49 of the Complaint.

50.     Experian admits that U.S. Patent No. 6,424,703 ("the '703 patent"), entitled "Telephonic-Interface Lottery System," appears to have issued from the USPTO on July 23, 2002, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '703 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 50 of the Complaint.

51.     Experian admits that U.S. Patent No. 6,434,223 ("the '223 patent"), entitled "Telephone Interface Call Processing System with Call Selectivity," appears to have issued from the USPTO on August 13, 2002, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '223 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 51 of the Complaint.

52.     Experian admits that U.S. Patent No. 6,512,415 ("the '415 patent"), entitled "Telephonic-Interface Game Control System," appears to have issued from the USPTO on January 28, 2003, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '415 patent is valid and enforceable. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 52 of the Complaint.

53.     Experian admits that U.S. Patent No. 6,678,360 ("the '360 patent"), entitled "Telephonic-Interface Statistical Analysis System," appears to have issued from the USPTO on January 13, 2004, with Ronald A. Katz named as the purported inventor. Experian explicitly denies that the '360 patent is valid and enforceable. Experian is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 53 of the Complaint.

## FIRST CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST TD BANKNORTH)

54.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

## SECOND CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST EXPERIAN)

62.     Experian incorporates by reference its responses to paragraphs 1-53 as though fully set forth herein.

11

63.     Experian admits the allegations in paragraph 63 of the Complaint.

64.     Experian denies the allegations in paragraph 64 of the Complaint.

65.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     Experian denies the allegations in paragraph 66 of the Complaint.

67.     Experian denies the allegations in paragraph 67 of the Complaint.

68.     Experian denies the allegations in paragraph 68 of the Complaint.

69.     Experian denies the allegations in paragraph 69 of the Complaint.

### THIRD CLAIM
### (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST COMERICA DEFENDANTS)

70.     Experian incorporates by reference its responses to paragraphs 1-53 as though fully set forth herein.

71.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

## FOURTH CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST CERIDIAN DEFENDANTS)

78.    Experian incorporates by reference its responses to paragraphs 1-53 as though fully set forth herein.

79.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

## FIFTH CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST DILLARD'S DEFENDANTS)

86.    Experian incorporates by reference its responses to paragraphs 1-53 as though fully set forth herein.

87.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

## SIXTH CLAIM
## (RAKTL'S PATENT INFRINGEMENT ALLEGATIONS AGAINST LASALLE DEFENDANTS)

94.    Experian incorporates by reference its responses to paragraphs 1-53 as though fully set forth herein.

95.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

96.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

97.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.     Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

100.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.    Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.    Experian denies all allegations set forth in the Complaint that were not expressly admitted above, including those allegations as to which Experian is without knowledge or information sufficient to form a belief as to the truth thereof.

## EXPERIAN'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

103.    Experian has not infringed, nor does Experian now infringe, either directly or indirectly, any valid claim of any of the patents identified in paragraph 65 of the Complaint ('065, '120, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '965, '968, and '984; collectively, "Asserted Patents").

### Second Affirmative Defense

104.    The claims of the Asserted Patents are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

### Third Affirmative Defense

105.    On information and belief, by virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the Asserted Patents, as illustrated by their prosecution histories, RAKTL is estopped from asserting that Experian has infringed, directly or indirectly, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense

106.    On information and belief, RAKTL's claims are barred based on the doctrine of prosecution laches.

### Fifth Affirmative Defense

107.    On information and belief, RAKTL's claims are barred in whole or in part by the doctrine of laches.

### Sixth Affirmative Defense

108.    RAKTL's Complaint fails to state a claim on which relief can be granted.

### Seventh Affirmative Defense

109.    On information and belief, the Asserted Patents are unenforceable in whole or in part due to inequitable conduct in their procurement

### Eighth Affirmative Defense

110.    To the extent Experian's vendors are licensed by RAKTL, those license rights would inure to the benefit of Experian.

### EXPERIAN'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

As for its counterclaims against Ronald A. Katz Technology Licensing, L.P., Experian Information Solutions, Inc. alleges and avers as follows:

### GENERAL ALLEGATIONS AND PARTIES

111.    Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

112.    On information and belief, Ronald A. Katz Technology Licensing, L.P. ("RAKTL") is a limited partnership organized under the laws of the State of California, with its principal place of business in Los Angeles, California.

113.    This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

114.    RAKTL is subject to personal jurisdiction in this judicial district.

115.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

116.    In its Complaint, RAKTL asserts that it owns the following U.S. Patents: U.S. Patent No. 6,148,065; U.S. Patent No. 5,974,120; U.S. Patent No. 4,930,150; U.S. Patent No.

6,434,223; U.S. Patent No. 5,251,252; U.S. Patent No. 5,351,285; U.S. Patent No. 6,678,360;

U.S. Patent No. 6,512,415; U.S. Patent No. 5,815,551; U.S. Patent No. 5,828,734; U.S. Patent

No. 5,898,762; U.S. Patent No. 5,684,863; U.S. Patent No. 6,335,965; U.S. Patent No.

4,792,968; U.S. Patent No. 5,128,984 (collectively, "Asserted Patents"). .

117.    In its Complaint, RAKTL asserts that Experian has infringed and/or continues to

infringe the Asserted Patents.

**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

118.    Experian repeats and realleges the allegations of paragraphs 110-116 of this

Counterclaim as if fully set forth herein.

119.    Experian has not infringed, either directly or indirectly, any valid claim of any of

the Asserted Patents, and Experian does not now infringe, either directly or indirectly, any valid

and asserted claim of any of the Asserted Patents.

120.    Experian is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that

Experian has not infringed and does not infringe, directly or indirectly, any valid claim of the

Asserted Patents.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**

121.    Experian repeats and realleges the allegations of paragraphs 110-119 of this

Counterclaim as if fully set forth herein.

122.    The Asserted Patents are invalid for failure to comply with the requirements of 35

U.S.C. §§ 1 *et seq.*, including but without limitation §§ 102, 103 and 112.

123.    Experian is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the

claims of the Asserted Patents are invalid.

## COUNT III
## DECLARATORY JUDGMENT OF UNENFORCEABILITY

124.    Experian repeats and realleges the allegations of paragraphs 110-122 of this Counterclaim as if fully set forth herein.

125.    On information and belief, the Asserted Patents are unenforceable, in whole or in part, due to inequitable conduct in their procurement.

126.    Experian is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the Asserted Patents are unenforceable due to inequitable conduct in their procurement.

## COUNT IV
## ATTORNEY FEES

127.    Experian repeats and realleges the allegations of paragraphs 110-125 of this Counterclaim as if fully set forth herein.

128.    On information and belief, RAKTL has pursued this action aware that the Asserted Patents are invalid and unenforceable and that Experian has not infringed and does not infringe the Asserted Patents.

129.    This is therefore an exceptional case under 35 U.S.C. § 285, and Experian is entitled to recover attorneys' fees and costs associated with defending this action.

### EXPERIAN'S PRAYER FOR RELIEF

WHEREFORE, Experian respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.    A declaration that Experian has not infringed, and does not infringe, any valid claim of U.S. Patent Nos. 6,148,065; 5,974,120; 4,930,150; 6,434,223; 5,251,252; 5,351,285; 6,678,360; 6,512,415; 5,815,551; 5,828,734; 5,898,762; 5,684,863; 6,335,965; 4,792,968; 5,128,984 (collectively, "Asserted Patents");

B.        A declaration that the Asserted Patents are invalid;

C.        A declaration that the Asserted Patents are unenforceable;

D.        Dismissal, with prejudice, of RAKTL's Complaint;

E.        An Order denying RAKTL all relief it has requested in its Complaint;

F.        An Order finding that this is an exceptional case under 35 U.S.C. § 285 and

awarding Experian its reasonable attorney fees and costs; and

G.        Such other and further relief as the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Experian requests a jury trial of any issues triable by jury.


OF COUNSEL:                                          POTTER ANDERSON & CORROON LLP

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street                            By: /s/ Philip A. Rovner
Dallas, TX 75201-1515                                     Philip A. Rovner (#3215)
(214) 220-3939                                            Hercules Plaza
                                                          P.O. Box 951
Samuel J. Najim                                           Wilmington, DE 19899
JONES DAY                                                 (302) 984-6000
1420 Peachtree Street, N.E.                               provner@potteranderson.com
Suite 800
Atlanta, GA 30309-3053                               *Attorneys for Defendant*
(404) 521-3939                                       *Experian Information Solutions, Inc.*

Kevin G. McBride
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
(213) 489-3939

Dated: October 26, 2006
758187

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 26, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM-ECF, E-MAIL AND HAND DELIVERY**

Mary B. Graham, Esq.
Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
mgraham@mnat.com
jheaney@mnat.com

**BY CM-ECF AND E-MAIL**

William J. Wade, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
wade@rlf.com
gaza@rlf.com

**BY CM-ECF AND E-MAIL**

Paul J. Lockwood, Esq.
Skadden, Arps, Slate,Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
plockwoo@skadden.com

**BY CM-ECF AND E-MAIL**

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

_____/s/ Philip A. Rovner_____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com