## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> TD BANKNORTH INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     C.A. No. 06-544 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF FILING

Please take notice that the documents attached as exhibit A were filed before the Judicial Panel on Multidistrict Litigation on November 6, 2006. The attached documents are relevant to the following civil actions pending in the District of Delaware before Judge Sleet: 1:06-cv-543; 1:06-cv-544; 1:06-cv-545; 1:06-cv-546; 1:06-cv-547.

DATED: November 6, 2006                    Respectfully submitted,

                                           /s/ Paul J. Lockwood
                                           Paul J. Lockwood (# 3369)
                                           SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM LLP
                                           One Rodney Square
                                           P.O. Box 636
                                           Wilmington, DE  19899
                                           Tel.: (302)651-3000
                                           Fax: (302)651-3001

                                           Daniel A. DeVito
                                           Guy Perry
                                           Marti A. Johnson
                                           SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM LLP
                                           New York, NY 10036
                                           Tel.:  (212)735-3000
                                           Fax:  (212)735-2000


                                           *Attorneys for Defendants*
                                           *Comerica Incorporated, Comerica Bank &*
                                           *Trust, N.A. and Comerica Securities, Inc.*

# EXHIBIT A

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | MDL Docket No. 1816 |
| Katz Interactive Call Processing Patent Litigation | : | |
| | : | |

## RESPONSE OF COMERICA INCORPORATED, COMERICA BANK & TRUST, N.A., AND COMERICA SECURITIES, INC. TO MOTION FOR TRANSFER AND CONSOLIDATION OF KATZ TECHNOLOGY LICENSING PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

Comerica Incorporated, Comerica Bank & Trust, National Association and Comerica Securities, Inc. (collectively, "Comerica") named defendants in Civil Action No. 06-544-GMS, hereby oppose the Motion for Transfer and Consolidation of Katz Technology Licensing Patent Litigation (the "Motion") filed by Target Corporation, Target Bank, and Target National Bank (collectively, "Target"). Comerica respectfully responds to the averments made by Target in its Motion as follows:

1.      Comerica admits that the Motion seeks the transfer and consolidation of twenty-five (25) actions for patent infringement filed by Ronald A. Katz Technology Licensing, L.P. ("Katz") and currently pending in two judicial districts (collectively, the "Actions"). Comerica admits that twenty-three (23) of the Actions were filed within the last two months (the "Newly Filed Actions"). Comerica denies that these are the only actions implicated by the Motion because an additional action was also filed by Katz, *Ronald A. Katz Technology Licensing, L.P. v. Genesys Conferencing, Inc., et al.*, 5:06-CV-187 (E.D. Tex.) (Texarkana Division).

2.      Comerica admits, upon information and belief, that Katz is a limited partnership organized under the laws of the State of California and having a principal place of business in Los Angeles, California. Comerica also admits that Ronald A. Katz purports to be the founder of Katz and is the sole named inventor of each of the patents asserted in the Actions.

3.      Comerica admits that each of the Actions involves a series of related patents that Katz refers to as the "Interactive Call Processing Patents." Comerica denies that the same patents are involved in each of the Actions. Comerica admits that accord-

-1-

ing to Katz, more than fifty (50) United States patents have issued to Katz for inventions in the interactive call processing field, including the twenty-seven (27) patents collectively asserted in the various Actions.

     4.     Comerica admits that in each of the Actions, Katz asserts that the defendants infringe certain of Katz's Interactive Call Processing Patents by making, using, offering to sell, and/or selling automated telephone systems.

     5.     Comerica admits that at least two courts have previous experience with Katz's Interactive Call Processing Patents, and that several of the patents asserted against Target were previously asserted against AT&T Corporation and related companies in the United States District Court for the Eastern District of Pennsylvania in 1997. *See Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.*, 63 F. Supp. 2d 583 (E.D. Pa. 1999) (the "AT&T Case"). Comerica further admits that in connection with the AT&T Case, District Judge Lowell A. Reed issued a sixty-three (63) page claim construction order construing claim terms from five (5) of the patents asserted in that litigation.

     6.     Comerica admits that fourteen (14) of the patents involved in the various Actions were also the subject of a declaratory judgment action and related counterclaim in the United States District Court for the Central District of California in *Verizon Cal., Inc. v. Ronald A. Katz Technology Licensing, L.P.*, No. 1-CV-9871 (C.D. Cal.) (the "Verizon Case"). Comerica admits that District Judge R. Gary Klausner spent approximately three (3) years adjudicating the Verizon Case until it settled approximately one month before trial was set to commence.

7.    Comerica admits that Judge Klausner construed some of the same claim terms involved in the AT&T Case as well as other terms of the Interactive Call Processing Patents not previously addressed by Judge Reed. *See Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 326 F. Supp.2d 1060 (C.D. Cal. 2003).

8.    Comerica admits that Judge Klausner decided cross-motions for summary judgment in the Verizon Case in December 2003, granting-in-part and denying-in-part both Katz's motion for summary judgment of infringement and Verizon's motion for summary judgment of non-infringement, prosecution laches and invalidity. *See Verizon Cal., Inc. v. Ronald A. Katz Technology Licensing, L.P.*, No. 01-CV-09871 RGK, 2003 U.S. Dist. LEXIS 23553 (C.D. Cal. Dec. 2, 2003). Comerica admits that as part of his summary judgment order, Judge Klausner further construed claim terms clarifying certain of his prior constructions and construing other terms for the first time.

9.    Comerica admits that in July 2005 Katz filed an additional suit asserting twenty-two (22) of the Interactive Call Processing Patents in *Ronald A. Katz Technology Licensing, L.P. v. Citibank, N.A., et al.*, No. 5:05-CV-142 (E.D. Tex.) (Texarkana Division) ("the Citibank Case"). Comerica further admits that in August 2006, Judge Folsom entered an order severing all claims, defenses and counterclaims relating to six (6) of the asserted patents into a new case, *Ronald A. Katz Technology Licensing v. Discover Financial Services, Inc., et al.*, No. 5:05-CV-182 (E.D. Tex.) (Texarkana Division) ("the Discover Case"), and limiting the number of patents and claims asserted in the Citibank Case from twenty (20) patents and over eight hundred (800) claims to

-3-

sixteen (16) patents and eighteen (18) claims. Comerica admits that Judge Folsom then stayed the Discover Case pending final resolution of the Citibank Case.

      10.    Comerica admits that on August 21, 2006, Katz filed six additional actions in three different divisions of the United States District Court for the Eastern District of Texas. Comerica further admits that the district court in the Lufkin Division *sua sponte* split two of these actions into fifteen separate actions so that there are approximately twenty actions currently pending in the Eastern District of Texas.

      11.    Comerica admits that on September 1, 2006, five additional actions were filed on behalf of Katz in the United States District Court for the District of Delaware ("D. Del."), primarily against defendants incorporated in the State of Delaware. Comerica further admits that these actions are all assigned to the Honorable Gregory M. Sleet.

      12.    Comerica admits that all of the pending Actions were filed in federal court.

      13.    Comerica admits that each of the Actions alleges infringement of various patents from Katz's interactive call processing patent portfolio. Comerica admits that there appears to be an overlap with the patents asserted in a number of Actions, but denies that the same patents are asserted against all of the defendants or that the same claims of these patents will be at issue in each Action.

      14.    Comerica admits that there may be some overlap in the defenses asserted in the various actions including defenses relating to the invalidity and unenforceability of at least part of the asserted patents. Comerica denies that there is complete overlap in

-4-

these defenses, particularly since different patents and/or patent claims may be asserted against individual defendants and/or particular industries by group in the individual Actions.

15.    Comerica admits that, at the time of the filing of Target's Motion for Transfer and Consolidation, no answers had been filed in the Newly Filed Actions. Since the filing of Target's Motion for Transfer and Consolidation, however, virtually all answers have been filed with respect to the Newly Filed Actions. Comerica further admits, upon information and belief, that the Citibank Case has progressed through nearly ten months of discovery, with the parties having produced over 400,000 pages of Bates-labeled material and over 42 million pages of native format materials. Comerica admits, upon information and belief, that briefs have been submitted in the Citibank Case addressing the particular claim construction issues disputed in that action and the parties participated in a full Markman hearing on September 20, 2006.

16.    Comerica admits that in the Citibank Case, an Amended Docket Control Order dated May 8, 2006, indicates that summary judgment motions are due to be filed in February 2007 and that trial is set to commence in May 2007.

17.    Comerica admits that there have been no dispositive orders in the Citibank and Discover Cases.

18.    Comerica admits that a claim construction hearing was conducted in the Citibank Case on September 20, 2006 and that a ruling on the construction of the disputed terms is under advisement. Comerica also admits that Target filed an emergency motion in the Citibank Case, requesting that the Court consolidate the American Electric

Case with the Citibank Case solely for the purpose of claim construction and requested continuation of the claim construction process for a period sufficient to allow Target to engage meaningfully in the claim construction process. Comerica also admits that American Airlines filed a similar motion in *Ronald A. Katz Technology Licensing, L.P. v. American Airlines, et. al.*, No. 2:06-CV-334 (E.D. Tex., Marshall Division) and that both motions were denied due to the imminence of the claim construction hearing.

19.    Comerica admits that Judge Klausner has experience with the Katz interactive call processing patents based on his experience with the Verizon Case. Comerica denies that Judge Klausner is the only Judge having experience with these patents.

20.    Comerica admits that the Actions may involve some common questions of fact but denies that any potentially common issues of fact will predominate among the various Actions in light of differences in the patents asserted in individual actions and the individual claims that may be asserted against different defendants and/or industries as currently grouped in the Actions.

21.    Comerica admits that the Actions may involve some common questions of fact related to the issue of damages but denies that these issues will predominate among the Actions.

22.    Comerica denies that transfer and consolidation is necessary in order to eliminate potentially inconsistent rulings, particularly because a claim construction hearing has already been held in the Citibank Case. To the extent that the claims and issues presented in the Citibank Case overlap with any claims asserted in the other

Actions, any potentially inconsistent rulings or potential duplication of judicial resources may be avoided through conventional case management mechanisms.

23.    Comerica denies that transfer and consolidation will minimize costs and inconvenience as detailed further in its accompanying Memorandum in Opposition.

WHEREFORE, Comerica respectfully requests that the Motion be denied in favor of the underlying actions going forward in the respective jurisdictions as presently configured. Additional bases supporting the denial of the requested relief are detailed in the additionally accompanying Brief in Opposition to the Motion.

Dated:  November 6, 2006

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:      Daniel A. DeVito

Four Times Square
New York, New York  10036
(212) 735-3000
*Attorney for Comerica Incorporated,
Comerica Bank & Trust, N.A., and
Comerica Securities, Inc.*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | MDL Docket No. 1816 |

**COMERICA INCORPORATED'S, COMERICA BANK & TRUST,
NATIONAL ASSOCIATION'S, AND COMERICA SECURITIES, INC.'S BRIEF
IN OPPOSITION TO TARGET'S MOTION FOR TRANSFER AND
CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

Comerica Incorporated, Comerica Bank & Trust, N.A., and Comerica Securities, Inc. (collectively, "Comerica")[1] respectfully submit this Brief in Opposition to the Motion for Transfer and Consolidation pursuant to 28 U.S.C. § 1407 (the "Motion") filed by Target Bank, Target National Bank, and Target Corporation (collectively, "Target"). With this Motion, Target seeks to consolidate the currently pending lawsuits of Ronald A. Katz Technology Licensing, L.P. ("RAKTL"). This Motion should be denied because consolidation would not serve the convenience of the parties and witnesses and would not further the just and efficient conduct of this litigation.

Specifically, the actions Target seeks to consolidate involve unique questions of fact. And one of the actions, *Ronald A. Katz Tech. Licensing, L.P. v. Citibank, et al.*, 5:05-cv-142 (E.D. Tex.), is at a vastly different stage in its schedule from the other pending RAKTL litigations. In addition, the majority of the RAKTL actions each target a unique industry group. And each is a manageable size and pending before a judge with significant patent experience. Accordingly, granting consolidation will provide little to no benefit to the parties involved.

Consolidation will more likely increase the inconvenience to everyone involved. Indeed, Comerica believes a majority of parties will oppose consolidation, and, in such a case, consolidation would be improper. Instead, by utilizing the alternative

---

[1]     Comerica Incorporated, Comerica Bank & Trust, N.A., and Comerica Securities, Inc. are defendants in *Ronald A. Katz Tech. Licensing, L.P. v. TD BankNorth, Inc., et al.*, 1:06-cv-544 (D. Del.) pending before Judge Gregory M. Sleet.

tools already available to them, the parties involved can obtain the benefit of coordinated discovery without the burden of consolidation.

## I.    FACTUAL BACKGROUND

On October 17, 2006, Target filed its Motion for Transfer and Consolidation of RAKTL's twenty-five[2] currently pending lawsuits. These twenty-five lawsuits all evolved from eleven original suits.[3]  Most of these lawsuits are in their early stages; however, in at least one of these actions, the parties have completed extensive discovery and briefed and argued claim construction.[4]

## II.    ARGUMENT

To establish the threshold requirements for transfer and consolidation, 28 U.S.C. § 1407(a) requires:

1.    that the actions involve "common questions of fact;"

2.    that transfer promote "the convenience of the parties and witnesses;" and

3.    that transfer "promote the just and efficient conduct of such actions."

---

[2]    There are actually twenty-six currently pending actions, though Target's Motion only discusses twenty-five.  Target, presumably, inadvertently omitted *Ronald A. Katz Tech. Licensing, L.P. v. Genesys Conferencing, Inc., et al.*, 5:06-CV-187 (E.D. Tex.) (Texarkana Division).

[3]    Judge Folsom and Judge Clark severed three lawsuits into 17 civil action numbers.

[4]    This lawsuit is *Ronald A. Katz Tech. Licensing, L.P. v. Citibank, et al.*, 5:05-cv-142 (E.D. Tex.).  At issue in the *Citibank* case are U.S. Patent Nos. 5,351,285; 5,684,863; 5,815,551; 5,898,762; 6,148,065; 6,678,360; 5,128,984; 5,251,252; 5,828,734; 5,974,120; 4,930,150; 5,835,576; 6,044,135; 6,335,965; and 6,512,415.

28 U.S.C. § 1407(a) (2006). The party advocating transfer under § 1407 bears a heavy

burden of proof even in the face of some common questions of fact. *In re 21st Century*

*Prods., Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271, 272-73 (J.P.M.L. 1978)

("[W]hile we recognize the existence of some common questions of fact between the

actions, we note that the movants are under a heavy burden to show that those common

questions of fact are sufficiently complex and that the accompanying discovery will be so

time-consuming as to justify transfer under Section 1407.").

The moving party must also show that the benefits of consolidation are

greater than its "inherent disadvantages." *In re G.D. Searle & Co. "Copper 7" IUD*

*Prods. Liab. Litig.*, 483 F. Supp. 1343, 1345 (J.P.M.L. 1980); *see also In re Orthalliance,*

*Inc., Contract Litig.*, 350 F. Supp. 2d 1354, 1355 (J.P.M.L. 2004). Target cannot make

such a showing regarding consolidation of the RAKTL actions because any minor

advantages to be gained are far outweighed by the attendant disadvantages.

A.    There Are Few, If Any, Common Questions of Fact

Factually, the pending RAKTL actions have very little in common. The

facts surrounding each defendant's allegedly infringing systems and services are unique to

that defendant. Moreover, different combinations of patents are asserted in the majority

of the actions, and RAKTL may ultimately assert different claims against each individual

defendant.

Because of this lack of commonality, consolidation will serve only to

increase the confusion and complexity of the entire pre-trial process. For example, each

RAKTL action currently involves a subset of similarly situated defendants and only the

4

RAKTL patents relevant to those defendants. Consolidating the RAKTL actions will necessitate expanding claim construction to cover twenty-seven patents and as many as 1696 claims. This unnecessarily complicates matters for both the parties and the court.

Target argues that because the asserted patents are related by subject matter, common issues of fact arise with regard to invalidity and/or unenforceability. However, this is not necessarily true. Different patents and individual patent claims will likely be asserted against different defendants and/or industry groups in the individual actions. Therefore, any invalidity and/or unenforceability arguments made by the defendants will most likely be unique to those particular RAKTL patents or patent claims.

Accordingly, the allegedly "common" factual issues are greatly out-weighed by the unique aspects of each RAKTL action. Each action involves different accused systems, different patents and different patent claims. Moreover, defendants will certainly focus on different disclosures in the prior art depending upon the patent claims asserted against their systems and services. Consolidating these actions will hinder their prosecution by increasing the scope and complexity of the claim construction process, increasing the amount of discovery necessary, and increasing the potential number of dispositive motions to be decided.

B.    Transfer Does Not Serve the Convenience of the Parties and Witnesses

The RAKTL action in which Comerica is a defendant is currently pending before Judge Sleet in the District of Delaware, who has significant experience hearing patent disputes. Further, the District of Delaware has the resources to handle large and complicated patent litigation. The same is true of the Eastern District of Texas. There-

5

fore, consolidation is unnecessary. And certainly if the vast majority of RAKTL defendants oppose this motion, consolidation would be improper. *In re Asbestos & Asbestos Insulation Material Prods. Liab. Litig.*, 431 F. Supp. 906, 910 (J.P.M.L. 1977) ("[V]irtually unanimous opposition of the parties to transfer . . . [is] a very persuasive factor in [the] decision to deny transfer . . . .").

Indeed, despite Target's unsupported assertions to the contrary, respondents will, in fact, be inconvenienced by transfer of all RAKTL's pending lawsuits due to unnecessary additional costs, court appearances, and proceedings. Also, the greatly increased number of parties, patents, and factual issues attendant to a consolidated action will require the defendants to devote significant additional resources to case management.

Target also relies on convenience of witnesses in arguing for consolidation, but it focuses on only one group, ignoring the convenience of many other witnesses, including third-party witnesses. As a practical matter, however, parties and counsel work together to depose witnesses at a time and place that is convenient for the witness. There is no reason to believe we would depart from this general practice in the presently pending cases.

Moreover, the parties and courts where the RAKTL actions are currently pending have other tools and resources available to them with which they can coordinate discovery, and, therefore transfer and consolidation will provide no reduction in the number of depositions or other discovery to be taken. For instance, if a witness has knowledge of facts relevant to more than one action, such witness's deposition may be noticed in multiple actions. To the extent that discovery is potentially duplicative, parties

6

may stipulate that discovery of universally relevant topics may be used in multiple

RAKTL actions or seek orders from the district courts "directing the parties to coordinate

any pretrial efforts germane to both actions." *In re Sicilia Di R. Biebow & Co. Contract*

*Litig.*, 490 F. Supp. 513, 515-16 (J.P.M.L. 1980). "Also, consultation and cooperation

among the two concerned district courts, if viewed appropriate by those courts, coupled

with the cooperation of the parties, would minimize the possibility of conflicting pretrial

rulings." *Id.* at 516. In short, other tools are available under the Federal Rules of Civil

Procedure to allow coordination among the pending litigations and to avoid duplication of

discovery efforts.

C.      Transfer Will Result In Injustice And Inefficiency

As further evidence militating against transfer, the *Citibank* action is

proceeding expeditiously toward trial. *See In re Allen Compound Bow Patent Litig.*, 446

F. Supp. 248, 250 (J.P.M.L. 1978) (denying transfer where despite common questions of

fact, one action "is well advanced, as movants acknowledge, on discovery concerning the

common factual questions in this litigation" and is nearly ready for trial); *In re G.D.*

*Searle & Co. "Copper 7" IUD Prods. Liab. Litig.*, 483 F. Supp. at 1345 (denying transfer

where "parties have been expeditiously preparing these actions for trial or disposition by

other means" because "the inherent disadvantages of Section 1407 transfer ... outweigh

the benefits of transfer for coordinated or consolidated pretrial proceedings"). The

outcome of the *Citibank* case, whether due to dispositive motion or trial, could not only

settle many of the alleged "common" issues relevant to all defendants, i.e., invalidity or

unenforceability of some or all of the patent claims at issue in *Citibank*, but could have a

7

preclusive effect obviating further litigation. *In re Allen Compound Bow Patent Litig.*,

446 F. Supp. at 250 ("Under the collateral estoppel principles of *Blonder-Tongue*

*Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28

L.Ed.2d 788 (1971), a determination of patent invalidity in that action would likely prove

dispositive of that issue in the remaining actions in this litigation."). Accordingly,

slowing the disposition of the *Citibank* action will certainly not promote an efficient use

of resources. *In re Bourns Patent Litig.*, 385 F. Supp. 1260, 1261 (J.P.M.L. 1974) ("[W]e

have consistently denied transfer of actions in patent litigation where one of the actions

was proceeding expeditiously toward trial on the common issue of validity.").

Moreover, consolidation of these actions would substantially increase the

costs of litigation for all the parties involved by increasing the number of patents and

systems at issue. Consolidation would increase the scope of discovery, the number of

patent claims to be construed, and the number of potential dispositive motions to be

considered. The case management costs alone to keep abreast of such a large and

complex matter will be significant. Further, additional resources will need to be devoted

to participating in discovery, claim construction, and motion practice beyond what would

be relevant to one's own action.

Consolidation is appropriate only when it is necessary to avoid duplication

of discovery, and the fact is, consolidation is simply not appropriate here. *See In re*

*Sicilia Di R. Biebow & Co. Contract Litig.*, 490 F. Supp. at 515 ("[A]lthough we recog-

nize the existence of common questions of fact ... movants have not met their burden of

convincing us that those common factual questions are complex enough and that the

8

accompanying discovery will be so time consuming as to justify transfer under Section 1407. . . . [S]uitable alternatives to Section 1407 transfer are available to minimize the possibility of duplicative discovery."). To the extent there is any overlap of factual issues in the RAKTL actions, discovery on such issues can easily be coordinated without consolidation of the actions and the attendant difficulties that consolidation creates. Consequently, consolidation is simply not justified in this instance.

### III.   CONCLUSION

Target must demonstrate that the benefits of an MDL will outweigh the inherent disadvantages of consolidation. Target has failed to, and in fact cannot, demonstrate this. Clearly the RAKTL actions involve substantial individual questions of fact that will become the focus of the courts' and parties' attentions. Consolidation of the these actions will not significantly reduce or simplify discovery, nor will it increase convenience. In fact, it will increase the complexity of the pre-trial process. And such harms would be inflicted needlessly, because there already exist adequate tools available to the parties and judges in the RAKTL actions to coordinate any common discovery. The use of readily available case management strategies and efforts at coordination will eliminate the inconvenience and duplication that Target seeks to avoid without creating unnecessary confusion, complexity, and expense. For these reasons, Target's Motion is not supported by any valid justification pursuant to § 1407 and therefore should be denied.

Dated:  November 6, 2006

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:     Daniel A. DeVito

Four Times Square
New York, New York  10036
(212) 735-3000
*Attorney for Comerica Incorporated,
Comerica Bank & Trust, N.A., and
Comerica Securities, Inc.*

10

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  | : |  |
|---|---|---|
| IN RE KATZ INTERACTIVE CALL | : | MDL No. 1816 |
| PROCESSING PATENT LITIGATION | : |  |
|  | : |  |

## CERTIFICATE OF SERVICE

I, Raymond Card, hereby certify that I caused true and correct copies of the attached documents, **COMERICA INCORPORATED'S, COMERICA BANK & TRUST, NATIONAL ASSOCIATION'S, AND COMERICA SECURITIES, INC.'S BRIEF IN OPPOSITION TO TARGET'S MOTION FOR TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407** and **RESPONSE OF COMERICA INCORPORATED, COMERICA BANK & TRUST, N.A., AND COMERICA SECURITIES, INC. TO MOTION FOR TRANSFER AND CONSOLIDATION OF KATZ TECHNOLOGY LICENSING PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407**, to be served on each party or counsel of record listed on the attached service list and to the clerk of each district court in which the actions involving these parties are pending by United States First Class mail, postage prepaid, on the 6th day of November 2006.

_____
Raymond Card

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**                                                     Page 1

Docket: 1816 - In re Katz Interactive Call Processing Patent Litigation
Status: Pending on  /  /
Transferee District:              Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Abn Amro Mortgage Group,<br>777 East Eisenhower Parkway<br>Suite 700<br>Ann Arbor, MI 48108 | ⇒ ABN AMRO Mortgage Group, Inc. |
| Alltel Communication Wire,<br>One Allied Drive<br>Little Rock, AR 72202 | ⇒ Alltel Communications Wireless, Inc. |
| Alltel Communications,<br>One Allied Drive<br>Little Rock, AR 72202 | ⇒ Alltel Communications of Texarkana, Inc. |
| Alltel, Corp.,<br>One Allied Drive<br>Little Rock, AR 72202 | ⇒ ALLTEL Corp. |
| Arroyo, Blas P.<br>Alston & Bird, LLP<br>Bank of America Plaza<br>101 South Tryon Street<br>Suite 4000<br>Charlotte, NC 28280-4000 | ⇒ Phone: (704) 444-1012 Fax: (704) 444-1111<br>Time Warner Cable, Inc.*; Time Warner Entertainment Co., L.P.*; Time Warner NY Cable, LLC* |
| Barner, Sharon R.<br>Foley & Lardner, LLP<br>321 North Clark Street<br>Suite 2800<br>Chicago, IL 60610-4714 | ⇒ Phone: (312) 832-4588 Fax: (312) 832-4700<br>U.S. Bancorp.*#; U.S. Bank, N.A.* |
| Barquist, Charles S.<br>Morrison & Foerster, LLP<br>555 W. Fifth Street<br>Suite 3500<br>Los Angeles, CA 90013 | ⇒ Phone: (213) 892-5200 Fax: (213) 892-5454<br>Express Scripts, Inc.* |
| Beene, Jerry L.<br>Andrews & Kurth<br>BankOne Center<br>1717 Main Street<br>Suite 3700<br>Dallas, TX 75201 | ⇒ Phone: (214) 659-4400 Fax: (214) 659-4401<br>Aetna RX Home Delivery, LLC* |
| Boice, William H.<br>Kilpatrick & Stockton<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, GA 30309 | ⇒ Phone: (404) 815-6464<br>Cox Communications, Inc.*#; Coxcom, Inc.*#; Earthlink, Inc.*# |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Cablevision Systems Corp.,<br>1111 Stewart Avenue<br>Bethpage, NY 11714 | => <br> Cablevison Systems Corp. |
| Capshaw, III, S. Calvin<br>Brown, McCarroll, LLP<br>P.O. Box 3999<br>Longview, TX 75606-3999 | => Phone: (903) 236-9800  Fax: (903) 236-8787<br>Anthem Prescription Management, LLC*; Precision RX, Inc.*; Professional Claim Services, Inc. dba Wellpoint Pharmacy Management, Inc.*; Wellpoint, Inc.* |
| Ceridian Corporation,<br>3311 East Old Shakopee Road<br>Minneapolis, MN 55425 | => <br> Ceridian Corp. |
| Comdata Corporation,<br>5301 Maryland Way<br>Brentwood, TN 37027 | => <br> Comdata Corp. |
| Cox, Juliet A.<br>Sonnenschein, Nath & Rosenthal, LLP<br>4520 Main Street<br>Suite 1100<br>Kansas City, MO 64111 | => Phone: (816) 460-2400  Fax: (816) 531-7545<br>Aquila, Inc.* |
| Cullum, Janet L.<br>Cooley, Godward, Kronish, LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155 | => Phone: (650) 843-5000  Fax: (650) 857-0663<br>Ronald A. Katz Technology Licensing, LP* |
| Devito, Daniel A.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>4 Times Square<br>New York, NY 10036 | => Phone: (212) 735-3000  Fax: (212) 735-2000<br>Comerica Bank & Trust, NA*; Comerica Securites, Inc.*; Comerica, Inc.* |
| Elsevier, MD, J. Patrick<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => Phone: (404) 881-7000  Fax: (404) 881-7777<br>T-Mobile USA, Inc.* |
| Ferguson, Brian E.<br>McDermott, Will & Emery, LLP<br>600 13th Street, N.W.<br>Washington, DC 20005 | => Phone: (202) 756-8371  Fax: (202) 756-8087<br>21st Century Casualty Co.*; 21st Century Insurance Co.*; 21st Century Insurance Group*; AIG Annuity Insurance Co.*; AIG Federal Savings Bank*; AIG Life Insurance Co.*; AIG Markting, Inc.*; AIG Retirement Services, Inc.*; AIG SunAmerica Asset Management Corp.*; American General Assurance Co.*; American General Indemnity Co.*; American General Life & Accident Insurance Co.*; American General Life Insurance Co.*; American International Group, Inc.*; Cigna Corp.*; Cigna Health Corp.*; Cigna Healthcare of Delaware, Inc.*; Tel-Drug of Pennsylvania, LLC*; Tel-Drug, Inc.*; United States Life Insurance Co. in the City of New York*; VALIC Financial Advisors, Inc.*; VALIC Retirement Services Co.*; Variable Annuity Life Insurance Co.* |

*(Panel Attorney Service List for MDL 1,816 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Friedland, David K.<br>Lotts & Friedland, PA<br>355 Alhambra Circle<br>Suite 1100<br>Coral Gables, FL 33134 | => Phone: (305) 448-7089  Fax: (305) 446-6191<br>Petmed Express, Inc. dba 1-800-Petmeds* |
| Frost National Bank, N.A.,<br>100 West Houston Street<br>San Antonio, TX 78205 | =><br>Frost National Bank, NA |
| GMAC Mortage Corp.,<br>100 Witmer Road<br>Horsham, PA 19044 | =><br>GMAC Mortgage Corp. |
| General Electric Capital,<br>280 Long Ridge Road<br>Stamford, CT 06927 | =><br>General Electric Capital Corp. |
| Giant Food, Inc.,<br>6400 Sheriff Road<br>Landover, MD 20785 | => .<br>Giant Food, Inc. |
| Harrel, Alan David<br>Atchley, Russell, Waldrop & Hlavinka<br>1710 Moores Lane<br>P.O. Box 5517<br>Texarkana, TX 75505-5517 | => Phone: (903) 792-8246  Fax: (903) 792-5801<br>Wal-Mart Stores, Inc. |
| Hawkins, III, Holmes J.<br>King & Spalding<br>1180 Peachtree Street<br>Atlanta, GA 30309-3521 | => Phone: (404) 572-4600  Fax: (404) 572-5134<br>Healthy Options, Inc. dba Postal Prescription Services*; Kroger Co. (The)*; Kroger Texas, LP* |
| Horwitz, Richard L.<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza,.6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | => Phone: (302) 984-6000<br>DHL Express (USA), Inc.; DHL Holdings (USA), Inc.; Sky Courier, Inc. |
| James, Angela Payne<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => Phone: (404) 881-7000<br>Charter Communications Entertainment I, LLC*; Charter Communications Holding Co., LLC*; Charter Communications Operating, LLC*; Charter Communications, Inc.* |
| Krevitt, Josh A.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166 | => Phone: (212) 351-4000<br>Cablevision of Brookhaven, Inc.*; Cablevision of Connecticut Corp.*; Cablevision of Hudson County, Inc.*; Cablevision of Litchfield, Inc.*; Cablevision of Monmouth, Inc.*; Cablevision of New Jersey, Inc.*; Cablevision of Oakland, LLC*; Cablevision of Rockland/Ramapo, LLC*; Cablevision System |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| | New York City Corp.*; CSC Holdings, Inc.* |
| LaSalle Bank Corporation, 135 LaSalle Street Chicago, IL 60603 | => LaSalle Bank Corp.; LaSalle Bank National Association |
| Lasalle Financial Service, 135 LaSalle Street Chicago, IL 60603 | => LaSalle Financial Services, Inc. |
| Lee, Robert L. Alston & Bird, LLP 1201 West Peachtree Street One Atlantic Center Atlanta, GA 30309-3424 | => Phone: (404) 881-7000 Fax: (404) 881-7777 Ahold USA, Inc.*; Giant Food Stores, LLC*; Giant Food, LLC*; Stop & Shop Supermarket Co., LLC* |
| Lukin, Mitchell D. Baker Botts, L.L.P. One Shell Plaza 910 Louisiana Houston, TX 77002-4995 | => Phone: (713) 229-1733 Fax: (713) 229-7733 Reliant Energy Retail Services, LLC*; Reliant Energy, Inc.* |
| Maxwell, David M. Alston & Bird, LLP 1201 West Peachtree Street One Atlantic Center Atlanta, GA 30309-3424 | => Phone: (404) 881-7000 Fax: (404) 881-7777 AOL, LLC*; CompuServe Interactive Services, Inc.*; Netscape Communications Corp.* |
| McDermott, Richard M. Alston & Bird, LLP Bank of America Plaza 101 South Tryon Street Suite 4000 Charlotte, NC 28280-4000 | => Phone: (704) 444-1000 Fax: (704) 444-1111 Cinergy Corp.*; Duke Energy Corp.* |
| McElhinny, Harold J. Morrison & Foerster, LLP 425 Market Street San Francisco, CA 94105-2482 | => Phone: (415) 268-7000 Fax: (415) 268-7522 Target Bank*; Target Corp.*; Target National Bank* |
| McGrath, Robin L. Alston & Bird, LLP 1201 West Peachtree Street One Atlantic Center Atlanta, GA 30309-3424 | => Phone: (404) 881-7000 Fax: (404) 881-7777 Safeco Corp.*#; Safeco Insurance Co. of America* |
| McKool, Jr., Mike McKool & Smith, P.C. 300 Crescent Court Suite 1500 Dallas, TX 75201 | => Phone: (214) 978-4000 American Airlines, Inc.*; American Beacon Advisors, Inc.* |

*(Panel Attorney Service List for MDL 1,816 Continued)*

| ATTORNEY – FIRM | REPRESENTED PARTY(S) |
|---|---|
| Miller, Camille M.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 | => **Phone: (215) 665-7273  Fax: (215) 701-2273**<br>Wilmington Brokerage Services Co.*; Wilmington Trust Co.* |
| Moore, Matthew J.<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2402 | => **Phone: (202) 783-0800  Fax: (202) 383-6610**<br>Cullen/Frost Bankers, Inc.*; Ford Motor Co.*#; Ford Motor Credit Co.*#; General Electric Capital Services, Inc.*#; General Electric Consumer Finance, Inc.*#; General Motors Acceptance Corp.*#; General Motors Corp.*#; GMAC Residential Capital Corp.*#; Hilton H Honors Worldwide, L.L.C.*; Hilton Hotels Corp.*; Hilton Reservations Worldwide, L.L.C.*; Marriott International, Inc.*; Marriott Worldwide Reservation Services, L.L.C.*; PNC Financial Services Group, Inc.*#; Randall's Food & Drug, L.P.*; Randall's Food Market, Inc.*; Safeway, Inc.*; Whirlpool Corp.* |
| Moyer, Jeffrey L.<br>Richards, Layton & Finger<br>P.O. Box 551<br>Wilmington, DE 19899 | => **Phone: (302) 651-7525  Fax: (302) 651-7701**<br>Qwest Broadband Services, Inc.*; Qwest Communications Corp.*; Qwest Communications International, Inc.*; Qwest Interprise America, Inc.*; Qwest LD Corp.*; Qwest Wireless, LLC* |
| Najim, Samuel J.<br>Jones Day<br>1420 Peachtree Street<br>Suite 800<br>Atlanta, GA 30309-3053 | => **Phone: (404) 521-3939  Fax: (404) 581-8330**<br>Centerpoint Energy Houston Electric, LLC*; Centerpoint Energy Resources Corp*; Centerpoint Energy, Inc.*; Chevron Corp.*; Chevron Credit Bank, N.A.*; Chevron Products Co.*; Experian Information Solutions, Inc.*; National City Bank*; National City Bank of Indiana*; National City Corp.*; Regions Bank, NA*#; Regions Financial Corp.*# |
| National Railroad Passeng.<br>60 Massachusetts Avenue, N.E.<br>Washington, DC 20002 | =><br>National Railroad Passenger Corp. dba Amtrak |
| Norrod, Gregory S.<br>Foley & Lardner, LLP<br>321 North Clark Street<br>Suite 2800<br>Chicago, IL 60610-4714 | => **Phone: (312) 832-4500  Fax: (312) 832-4700**<br>Sam's East, Inc.*; Sam's West, Inc.*; Wal-Mart Store, Inc.*; Wal-Mart Stores East, LP*; Wal-Mart Stores Texas, LP*; Wal-Mart.com, Inc.* |
| PNC Bank, NA,<br>One PNC Plaza<br>249 Fifth Avenue<br>Pittsburg, PA 15222 | =><br>PNC Bank, N.A. |
| Petersen, Steven P.<br>Leydig, Voit & Mayer, Ltd.<br>Two Prudential Plaza<br>Suite 4900<br>Chicago, IL 60601 | => **Phone: (312) 616-5600  Fax: (312) 616-5700**<br>Aetna, Inc.*; TDS Metrocom, LLC*; TDS Telecommunications Corp.*; United States Cellular Corp.* |
| Roodman, David A.<br>Bryan Cave, LLP<br>One Metropolitan Square<br>211 N. Broadway<br>Suite 3600<br>St. Louis, MO 63102-2750 | => **Phone: (314) 259-2000  Fax: (314) 259-2020**<br>Dillard Investment Co., Inc.*; Dillard's, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Rooklidge, William C.<br>Howrey LLP<br>2020 Main Street<br>Suite 1000<br>Irvine, CA 92614-8200 | => Phone: (949) 721-6900<br>   Discover Bank*; Discover Financial Services, Inc.* |
| Scary, III, Marshall M.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>865 South Figueroa Street<br>10th Floor<br>Los Angeles, CA 90017 | => Phone: (213) 443-3000  Fax: (213) 443-3100<br>   DirecTV Enterprise, LLC*#; DirecTV Group, Inc.*#; DirecTV Holdings, LLC*#; DirecTV, Inc.*# |
| Selsberg, Steven R.<br>Mayer, Brown, Rowe & Maw, LLP<br>700 Louisiana<br>Suite 3400<br>Houston, TX 77002 | => Phone: (713) 238-2664  Fax: (713) 238-4888<br>   Tracfone Wireless, Inc.*# |
| Spivey, Jonathan R.<br>Foley & Lardner, LLP<br>321 North Clark Street<br>Suite 2800<br>Chicago, IL 60610-4714 | => Phone: (312) 832-4500  Fax: (312) 832-4700<br>   Caremark Inc. dba Caremark Prescription Services*; Caremark RX Inc.* |
| Standley, Jeffrey S.<br>Standley Law Group, LLP<br>495 Metro Place South<br>Suite 210<br>Dubin, OH 43017-5319 | => Phone: (614) 792-5555  Fax: (614) 792-5536<br>   Delmarva Power & Light Co.*; Humana, Inc.*#; Pepco Holdings, Inc.*; PHI Service Co.* |
| Stroup, Richard L.<br>Finnegan, Henderson, Farabow, Garrett, et al.<br>901 New York Avenue, N.W.<br>Washington, DC 20001-4413 | => Phone: (202) 408-4000  Fax: (202) 408-4400<br>   Federal Express Corp.*; FedEx Corp.*; FedEx Corporate Services, Inc.*; FedEx Customer Information<br>   Services, Inc.* |
| Wade, William J.<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | => Phone: (302) 658-6541<br>   TD Banknorth, Inc. |
| Worthington, Stayton L.<br>Coghlan Crowson, LLP<br>1127 Judson Road, Suite 211<br>Longview, TX 75606 | => Phone: (903) 758-5543  Fax: (903) 753-6989<br>   American Electric Express Power Co., Inc.; American Electric Power Co., Inc.*; American Electric<br>   Power Service Corp.; American Electric Power WR; Southwestern Electric Power Co.* |