IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | C.A. No. 06-544-GMS |
| TD BANKNORTH INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; COMERICA SECURITIES, INC.; CERIDIAN CORPORATION; COMDATA CORPORATION; DILLARD'S, INC.' DILLARD INVESTMENT CO., INC.; LASALLE BANK CORPORATION; LASALLE BANK NATIONAL ASSOCIATION; LASALLE FINANCIAL SERVICES, INC.; ABN AMRO MORTGAGE GROUP, INC., ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) ) ) | |

**NOTICE OF FILING**

PLEASE TAKE NOTICE that Defendant TD Banknorth, Inc. filed the documents attached as Exhibit 1 before the Judicial Panel on Multidistrict Litigation on November 6, 2006.: The attached documents are relevant to the following civil actions pending in the District of Delaware before the Honorable Gregory M. Sleet: 06-543-GMS, 06-544-GMS, 06-545-GMS, 06-546-GMS, and 06-547-GMS.

OF COUNSEL:

Martin J. Black
Andrew J. Mottes
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Dated: November 8, 2006

William J. Wade (#704)
Anne Shea Gaza (#4093)
wade@rlf.com
gaza@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
 *Attorneys for Defendant*
 *TD Banknorth, Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Mary B. Graham
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

Paul J. Lockwood
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

William J. Wade
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

RLF1-3072209-1

I hereby certify that on November 8, 2006, I caused to be sent by Federal Express the foregoing document to the following non-registered participant:

Andrew C. Byrnes
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA 94025-3506

Daniel A. DeVito
Guy Perry
Marti Johnson
Elizabeth Weiskopf
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

Samuel J. Najim
Olivia E. Marbutt
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053

Kenneth R. Adamo
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Michael Bednarek
June E. Cohan
Paul Hastings Janofsky & Walker LLP
87,515 th Street, N.W.
Washington, D.C 0.20005

Michael K. Plimack
Dale A. Rice
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878

David Roodman
Lisa Martin
Ameer Gado
Bryan Cave LLP
One Metropolitan Sq.
211 N. Broadway, Suite 3600
St. Louis, MO 63102

Kevin G. McBride
Jones Day
555 South Flower St.
Fiftieth Floor
Los Angeles, CA 90071

Thomas Dunham
Howrey LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

EXHIBIT 1

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

————————————————————————
                                                        :
IN RE KATZ INTERACTIVE CALL                             :        MDL Docket No. 1816
PROCESSING PATENT LITIGATION                            :
————————————————————————:

**RESPONSE OF TD BANKNORTH, INC. IN OPPOSITION TO THE
MOTION FOR TRANSFER AND CONSOLIDATION OF
KATZ TECHNOLOGY LICENSING PATENT LITIGATION
PURSUANT TO 28 U.S.C. § 1407**

TD Banknorth, Inc. ("TD Banknorth"), a defendant in <u>Ronald A. Katz</u>

<u>Technology Licensing, L.P. v. TD Banknorth, Inc., et al.</u>, No. 1:06-CV-544 (D. Del.), responds

to Target Corporation, Target Bank and Target National Bank's (collectively "Target") Motion

for Transfer and Consolidation of Katz Technology Licensing Patent Litigation Pursuant to 28

U.S.C. § 1407 (the "Motion") as follows:

      1.     Admitted.

      2.     Denied. Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Plaintiff"

or "RAKTL") so alleges in its Complaints (<u>see, e.g.</u>, Target's Exhibits in Support of Motion for

Transfer and Consolidation of Katz Licensing Patent Litigation ("Target Exhibits"), Ex. 1, ¶¶ 1,

18), but TD Banknorth lacks sufficient information to form a belief as to the truth of those

allegations, and therefore denies them.

3.      Admitted in part and denied in part. It is admitted that each of the actions listed on "Schedule A" to the Motion ("the Actions") involves related patents that list Ronald A. Katz ("Katz") as the sole named inventor, and which Katz refers to as the "interactive call processing patents." TD Banknorth denies that these patents may be properly characterized as comprising a "single family." TD Banknorth further admits that Katz alleges that more than fifty (50) United States patents have issued to Katz for his purported inventions in the interactive call processing field (see, e.g., Target Exhibits, Ex. 1, ¶ 22), including the patents asserted in the Actions.

4.      Admitted.

5.      Admitted in part; denied in part. TD Banknorth admits that several of the Katz interactive call processing patents were previously asserted against AT&T Corporation and other companies in the United States District Court for the Eastern District of Pennsylvania ("Eastern District of Pennsylvania") in an action filed by RAKTL in September 1997. A Markman hearing was held in that case in May 1999, and Judge Lowell A. Reed issued a claim construction order in August 1999. The litigation continued after the Markman ruling until settling in November 2000.

Further responding, TD Banknorth denies that only "two courts" have previously had significant experience with Katz's interactive call processing patents. In fact, three courts have had prior experience with the Katz patents. Target ignores a second action filed by RAKTL in the Eastern District of Pennsylvania in November 2001 against Verizon Communications, Inc., Verizon Wireless Inc. and related entities alleging infringement of a number of the Katz interactive call processing patents (the "Verizon PA action"). The Verizon PA action was

2

originally assigned to Judge Reed, but was transferred to Judge Clarence C. Newcomer in July

2002. The scheduling order in that case set February 4, 2003 as the discovery cutoff date, with

trial to commence on April 1, 2003. The parties in the Verizon PA action came close to

completing the Markman claim construction process in December 2002, submitting their joint

claim chart to the court as well as their claim construction briefs.[1] The claim construction

hearing was never held, however. The case, along with all of the dates in the scheduling order,

was stayed for 30 days on January 3, 2003, one month before the close of discovery and three

months before the scheduled trial date. The parties settled the Verizon PA action on February

13, 2003.

      6.    Admitted in part; denied in part. TD Banknorth admits the allegations of

this paragraph, except that it denies that the Verizon California case is "closely related" to any of

the Actions. The common element among all of these actions is that they allege infringement of

one or more of the same patents from the group of Katz interactive call processing patents. The

only common factual issues in the cases, therefore, are the validity and enforceability of one or

more of the claims of those Katz patents as well as the related legal issue of claim interpretation.

The vast majority of the factual issues in the cases, relating to infringement and damages, are

unique as to each <u>defendant</u> within each case since each defendant has a unique set of accused

products, services, hardware, software, etc.

      7.    Admitted.

---

[1] On December 18, 2002, Judge Newcomer also issued an order granting Verizon
Communications, Inc.'s Motion for Summary Judgment of Non-Infringement, on the grounds
that Verizon Communications, Inc. was a holding company that did not provide any of the
allegedly infringing services. See <u>RAKTL v. Verizon Communications, Inc.</u>, 66 U.S.P.Q.2d
1045 (E.D. Pa. 2002)

8.    Admitted.

9.    Admitted.

10.    Admitted. There are currently twenty actions pending in the United States

District Court for the Eastern District of Texas ("Eastern District of Texas") in which

infringement of some of the Katz interactive call processing patents has been asserted by

RAKTL. Fifteen of these cases[2] are in the Lufkin Division of the Eastern District of Texas and

are currently assigned to Judge Ron Clark. Three of the cases[3] are in the Texarkana Division of

the Eastern District of Texas and are assigned to Judge David Folsom. The final two cases[4] are

in the Marshall Division of the Eastern District of Texas. One has been currently assigned to

Judge T. John Ward, and the other is assigned to Judge Folsom.

11.    Admitted. There are currently five actions pending in the United States

District Court for the District of Delaware in which infringement of some of the Katz interactive

call processing patents has been asserted by RAKTL. All of these cases (1:06cv543, 1:06cv544,

1:06cv545, 1:06cv546 and 1:06cv547) are in the Wilmington Division and have been assigned to

Judge Gregory M. Sleet.

12.    Admitted.

---

[2] 9:06cv177, 9:06cv178, 9:06cv191, 9:06cv192, 9:06cv193, 9:06cv194, 9:06cv195, 9:06cv196, 9:06cv197, 9:06cv198, 9:06cv199, 9:06cv200, 9:06cv201, 9:06cv202 and 9:06cv203.

[3] 5:05cv142, 5:06cv182 and 5:06cv188.

[4] 2:06cv334 and 2:06cv335.

4

13.     Admitted in part; denied in part. It is admitted that a number of the same patents from the group of Katz interactive call processing patents have been asserted in many of the Actions. TD Banknorth denies that <u>all</u> of the pending RAKTL actions share a common Katz patent. As shown in Exhibits B and C to the Motion, there is not a single Katz patent that has been asserted in every one of the pending RAKTL actions. If the <u>Discover Financial Services, Inc.</u> case (5:05cv182) is ignored, however, a few of the same Katz patents have been asserted in the remaining actions listed on Schedule A to the Motion.

14.     Admitted. It is admitted that a common factual issue among all of the cases listed on Schedule A to the Motion will be the validity and/or enforceability of one or more of the claims in the asserted Katz interactive call processing patents.

15.     Admitted in part; denied in part. TD Banknorth admits the averments of this paragraph except denies that no answers have been filed in the twenty-one (21) most recently filed actions. Answers were filed in some of the Eastern District of Texas cases on October 16, 2006. The remaining answers in the Eastern District of Texas cases were filed on October 27, 2006 and November 3, 2006. The answers in the District of Delaware cases were all filed on October 26, 2006.

16.     Admitted. TD Banknorth admits that an Amended Docket Control Order was issued by Judge Folsom in the <u>Citibank</u> case (5:05cv142) on May 8, 2006. A copy of this Order is attached as Exhibit A to TD Banknorth, Inc.'s Exhibits filed together with TD Banknorth's Response. Paragraph 38 of the Order sets February 2, 2007 as the deadline by which all dispositive motions, including motions on invalidity and unenforceability, are to be

filed. Paragraph 45 sets May 7, 2007 as the date for the final pretrial conference, with jury
selection scheduled to start on May 8, 2007, as set forth in paragraph 46 of the Order.

There are other dates on the Order that are relevant to the instant Motion. Claim
construction discovery in the <u>Citibank</u> case was completed on May 29, 2006. (Order, ¶ 17.)
Judge Folsom's claim construction order was supposed to issue 15 days after the claim
construction hearing. (<u>Id</u>. ¶¶ 24, 25.) The claim construction hearing was held on September 20,
2006, so a ruling was due under this schedule on October 5, 2006. No claim construction order
has issued to date, but due to the expedited schedule set in Judge Folsom's Amended Docket
Control Order, TD Banknorth expects that a ruling will issue shortly. Preliminary
unenforceability contentions with accompanying production of documents are due 40 days after
the claim construction ruling. (<u>Id</u>. ¶¶ 27, 28.) Final invalidity contentions are due 50 days after
the claim construction ruling. (<u>Id</u>. ¶ 29.) Final unenforceability contentions are due 80 days
after the claim construction ruling (<u>id</u>. ¶ 31), which is also the deadline by which all fact
discovery must be completed (<u>id</u>. ¶ 32).

17. Admitted. TD Banknorth admits the averments of this paragraph although
it expects Judge Folsom's claim construction ruling to issue imminently. Thus, a substantive
order should issue shortly in the <u>Citibank</u> case.

18. Admitted.

19. Admitted in part; denied in part. It is admitted that Judge Klausner is
experienced with respect to Katz's interactive call processing patents. Indeed, he is the only
judge to have issued written opinions with respect to claim construction, validity and
infringement of some of the Katz's patents. Judge Reed wrote a claim construction opinion and

Judge Folsom is currently in the process of writing a claim construction opinion. TD Banknorth

lacks sufficient information to form a belief as to the truth of the allegation that Judge Klausner

is the "most experienced" with respect to Katz's interactive call center patents, and therefore

denies it.

        20.     Admitted in part; denied in part. It is admitted that the Actions that

involve one or more of the same Katz patents can be expected to share factual and legal

questions concerning the technology underlying the patents, the scope and content of the prior

art, claim construction as well as the validity and enforceability, or lack thereof, of the asserted

Katz patents. TD Banknorth denies that infringement is a common factual question in any of the

Actions. In fact, the issue of infringement will be unique as to each <u>defendant</u> within each

action, since each defendant has a unique set of accused products, services, hardware, software,

etc.[5]

        21.     Denied. TD Banknorth denies that damages issues will present common

issues of fact across actions. As with infringement, the issue of dames will be unique as to each

<u>defendant</u> within each action. Primarily at issue will be the revenue allegedly generated by the

accused products and services, which will involve discovery relating to each individual

defendant and its particular accused products and services.

        22.     Denied. For the reasons set forth in detail in TD Banknorth's

accompanying Memorandum of Law, which is incorporated herein by reference, TD Banknorth

denies that consolidation of the Actions is necessary or warranted.

---

[5] There is no logical connection between the groupings of defendants in most of the actions listed in Schedule A to the Motion. For example, TD Banknorth is completely unrelated to all of the other defendants in its action.

23.     Admitted in part; denied in part. TD Banknorth admits that: (1) Judge Klausner is already educated with respect to the technology underlying the Katz interactive call processing patents; (2) the United States District Court for the Central District of California ("Central District of California") is easily accessible; (3) the Central District of California has the resources and judicial expertise to conduct this case; and (4) based on RAKTL's allegations in its complaints, the Central District of California is Katz's home forum. TD Banknorth lacks sufficient information to form a belief as to the truth of the allegation regarding the present location of the attorneys or agents who prosecuted the Katz interactive call processing patents, and therefore denies them. TD Banknorth further denies that transfer to the Central District of California will minimize costs and inconvenience in the Actions or will promote the just and efficient conduct of the Actions. Indeed, as set forth in detail in TD Banknorth's accompanying Memorandum of Law, which is incorporated herein by reference, TD Banknorth believes that transfer to the Central District of California will *not* serve the convenience of the parties and witnesses and will *not* promote the just and efficient conduct of the Actions.

WHEREFORE, for the foregoing reasons and those set forth in the accompanying

Memorandum of law, which is incorporated herein by reference, TD Banknorth respectfully

request that the MDL Panel issue an order denying the transfer of the Actions to the Central

District of California for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

Dated: November 6, 2006                    By: _____

                                           Martin J. Black
                                           Andrew J. Mottes
                                           DECHERT LLP
                                           Cira Centre
                                           2929 Arch Street
                                           Philadelphia, PA  19104
                                           Telephone:  (215) 994-4000
                                           Facsimile:  (215) 994-2222

                                           Attorneys for TD Banknorth, Inc.

9

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | : : : : | MDL Docket No. 1816 |

## MEMORANDUM OF LAW OF TD BANKNORTH, INC. IN OPPOSITION TO THE MOTION FOR TRANSFER AND CONSOLIDATION OF KATZ TECHNOLOGY LICENSING PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

TD Banknorth, Inc. ("TD Banknorth"), a defendant in <u>Ronald A. Katz</u>

<u>Technology Licensing, L.P. v. TD Banknorth, Inc., et al.</u>, No. 1:06-CV-544 (D. Del.), submits

this memorandum in opposition to Target Corporation, Target Bank and Target National Bank's

(collectively "Target") Motion for Transfer and Consolidation of Katz Technology Licensing

Patent Litigation Pursuant to 28 U.S.C. § 1407 (the "Motion").

Consolidation of the patent infringement litigations filed by Ronald A. Katz

Technology Licensing, L.P. ("Plaintiff" or "RAKTL") in the United States District Court for the

Eastern District of Texas and the United States District Court for the District of Delaware would

not serve either of the dual statutory purposes required for transfer: (1) convenience of the

parties and witnesses and (2) promotion of the just and efficient conduct of the actions. 28

U.S.C. § 1407(a).

TD Banknorth is a bank holding company with its headquarters in Portland, Maine and operates predominantly in the northeastern region of the United States. Like many of the defendants, TD Banknorth is a Delaware corporation. Delaware is a much more convenient forum for TD Banknorth than California. Mr. Katz, the principal of RATKL, who apparently lives in California, selected Delaware and Texas for the litigation and obviously finds litigation there to be convenient as well. Target's motion is a rather transparent attempt to move the situs of its litigation with RATKL from Texas to California. Whatever the merits of that proposition, Banknorth strongly opposes the transfer of the Delaware actions, as the convenience of the parties and witnesses is best served by allowing the Delaware cases to proceed in Delaware.

First, the predominant reason offered for consolidating pretrial proceedings in patent cases is that validity and enforceability present common issues for all defendants. The MDL Panel has repeatedly denied consolidation of a group of patent infringement cases when trial was imminent in one of the cases. Here, one of the cases in Texas that Target seeks to consolidate is scheduled for jury selection on May 8, 2007. It would hardly be efficient to move that case to California now, when an unfavorable judgment for Katz in the Texas litigation on validity or enforceability would end all of these cases.

Second, the focus of the discovery here will be on defendant-specific issues. RAKTL has sued banks, cable companies, retailers and all manner of other defendants. RAKTL has asserted different combinations of patent claims against different defendants, and there is nothing to be gained from consolidating all of the actions. Moreover, much of the validity discovery is behind us. While validity will be disputed, the parties have years of prior validity

2

discovery to rely on, reaching back to 1990. The pretrial proceedings here will be dominated by the individual issues raised by each defendant's particular circumstances.

Third, there is no reason to believe that transferring all of the cases to California would promote judicial efficiency. The Delaware cases are effectively consolidated already in front of Judge Sleet, a judge who has significant experience with patent infringement cases as well as multidistrict litigation. There would be no advantage with respect to judicial administration to move those cases to California.

## FACTUAL BACKGROUND

### I.    TD Banknorth

TD Banknorth is one of thirteen defendants in one of the five recent actions filed by RAKTL in the United States District Court for the District of Delaware ("District of Delaware"). Ronald A. Katz Technology Licensing, L.P. v. TD Banknorth, Inc., et al., No. 1:06-CV-544 (D. Del.). None of the other defendants in the action against TD Banknorth are related in any way to TD Banknorth, which is a Delaware corporation with its principal place of business in Portland, Maine. TD Banknorth is a majority-owned subsidiary of The Toronto Dominion Bank, a Canadian corporation with its principal place of business in Toronto, Canada. The banking operations of certain of TD Banknorth's subsidiaries that are at issue in the litigation are all located in the Northeast of the United States – i.e., Maine, New Hampshire, New York, Vermont, Massachusetts, New Jersey, Pennsylvania and Connecticut. (RAKTL Complaint, attached as Exhibit B to TD Banknorth, Inc.'s Exhibits ("TD Banknorth Exhibits") filed together with TD Banknorth's Memorandum, ¶ 55.)

3

None of TD Banknorth's relevant activities took place in California. None of the documents, or witnesses with relevant knowledge, from TD Banknorth's subsidiaries are located in California (or indeed outside of the Northeast).

## II.    There Has Been a Vast Amount of Prior Litigation Over the Katz Patents

This is not the first or even the third time that the validity of the Katz patents has been litigated. Accordingly, the vast majority of validity discovery is behind, not ahead of the parties.

### A.    RAKTL v. AT&T Corp. et al.

In July 1997, RAKTL filed suit against AT&T Corporation and several other entities in the United States District Court for the Eastern District of Pennsylvania ("Eastern District of Pennsylvania") alleging infringement of several patents in the field of interactive call processing technology. RAKTL claims to own more than fifty (50) patents for purported inventions in this field. See, e.g., Target Exhibits, Ex. 1, ¶ 22. The patents at issue in the AT&T action are the same or related to the patents that have been asserted by RAKTL in the actions listed in "Schedule A" to Target's Motion ("the Actions") that Target now asks the MDL Panel to consolidate. The AT&T case was dismissed by stipulation of the parties in November 2000, more than three years after it was filed.

### B.    RAKTL v. Verizon Communications, Inc.. et al.

Subsequently, in November 2001, RAKTL filed suit in the Eastern District of Pennsylvania against Verizon Communications, Inc., Verizon Wireless Inc. and related entities, again alleging infringement of some of the Katz interactive call processing patents. As with the AT&T case, the patents at issue in the Verizon Communications case are the same or related to

4

the patents that have been asserted by RAKTL in the actions Target seeks to consolidate in its Motion.

The scheduling order in the Verizon Communications action set February 4, 2003 as the discovery cutoff date, with trial to commence on April 1, 2003. Verizon Communications Docket, TD Banknorth Exhibits, Ex. C, Entry No. 79. The parties came close to completing the Markman claim construction process in December 2002, submitting their joint claim chart to the court as well as their claim construction briefs. The claim construction hearing was never held, however. The parties settled the Verizon PA action on February 13, 2003, only one month prior to the scheduled close of discovery.

### C.    Verizon California, Inc. v. RAKTL

In November 2001, nine days after the filing of the Verizon Communications litigation by RAKTL, Verizon California, Inc. ("Verizon CA") filed a declaratory judgment action in the Central District of CA asserting the invalidity of a number of the Katz patents. RAKTL counterclaimed asserting infringement of the patents by Verizon CA. The patents at issue in the Verizon CA case are the same or related to the patents that have been asserted by RAKTL in the actions Target seeks to consolidate in its Motion.

The original scheduling order for the case set April 18, 2003 as the discovery cutoff date. Target Exhibits, Ex. 3, Entry Nos. 86, 88, 150. The end of fact discovery was later moved to May 30, 2003 (id., Entry No. 233). The parties also exchanged validity contentions, expert reports and completed expert discovery by May 10, 2004. Id., Entry Nos. 760, 761. The litigation settled on July 12, 2004 (id., Entry No. 960), slightly more than one month before the scheduled August 31, 2004 trial date. Id., Entry No. 635.

**D.     RAKTL v. Citibank, N.A. et al.**

In July 2005, a year after settling the Verizon CA litigation, RAKTL again asserted some of the Katz interactive call processing patents again by filed suit against Citibank, N.A. and a group of other entities in the United States District Court for the Eastern District of Texas ("Eastern District of Texas") alleging infringement of those patents. The patents at issue in the Citibank case are the same or related to the patents that have been asserted by RAKTL in the actions Target seeks to consolidate in its Motion. Indeed, Target seeks to consolidate the Citibank case along with all of the new cases filed by RAKTL in the last several months.

The Citibank action is assigned to Judge David Folsom. His Amended Docket Control Order, issued on May 8, 2006, sets February 2, 2007 as the deadline by which all dispositive motions, including motions on invalidity and unenforceability, are to be filed. (TD Banknorth Exhibits, Ex. A, ¶ 38.) The Order also sets May 7, 2007 as the date for the final pretrial conference, with jury selection scheduled to start on May 8, 2007. (Id. ¶¶ 45, 46.)

Claim construction discovery in the Citibank case was completed on May 29, 2006. (Id., ¶ 17.) The deadlines for any remaining discovery are tied to the issuance of Judge Folsom's claim construction ruling, which is expected imminently[1]. For example, preliminary unenforceability contentions with accompanying production of documents are due 40 days after the claim construction ruling. (Id. ¶¶ 27, 28.) Final invalidity contentions are due 50 days after the claim construction ruling. (Id. ¶ 29.) Final unenforceability contentions are due 80 days

---

[1] Judge Folsom's claim construction order was supposed to issue 15 days after the claim construction hearing, which was held on September 20 (id. ¶¶ 24, 25.) – i.e., on October 5, 2006. No claim construction order has issued to date, but due to the expedited schedule set in Judge Folsom's Amended Docket Control Order, TD Banknorth expects that a ruling will issue shortly.

after the claim construction ruling (id. ¶ 31), which is also the deadline by which all fact discovery must be completed (id. ¶ 32)

### E.    Other Prior Actions Involving the Katz Patents

In addition to the actions described above, the Katz patents were also asserted in several older actions. Although TD Banknorth has not yet seen dockets or any of the discovery materials produced in those actions, it is likely that some discovery with respect to the validity and/or enforceability of the Katz patents also took place in these actions. For example:

• On October 9, 1990 First Data brought a suit against 900 Million, Inc. and others in the Central District of CA alleging infringement of three of the Katz patents. The defendants in that case filed a counterclaim alleging invalidity and unenforceability of those patents.

• On October 24, 1990, West Interactive Corp. ("West") brought a declaratory judgment action against First Data Resources, Inc. ("First Data"), apparently a prior owner of some of the Katz patents, claiming that three of the Katz patents were invalid on several theories including prior use and prior art. In a related action, First Data filed an infringement action against West and Fantasy Sports Concepts, Inc. in the Central District of CA on August 20, 1991 asserting infringement of the same three Katz patents. The defendants in that action filed a counterclaim alleging the invalidity of the Katz patents.[2]

• Finally, RAKTL filed an action on February 9, 1999 in the United States District Court for the Northern District of California against Micro Voice Applications, Inc. and others

---

[2] Approximately 130,000 pages of the discovery produced in this litigation was later produced by Katz in the Verizon CA case. See Verizon CA Docket Entry No. 710 (TD Banknorth Exhibits, Ex. D).

asserting infringement of eight of the Katz patents. The defendants in this action also claimed that the Katz patents were invalid and/or unenforceable.

## ARGUMENT

### I. Pretrial Consolidation Is Warranted Only When The Statutory Purposes of 28 U.S.C. § 1407(a) Are Served

Section 1407(a) authorizes the MDL Panel to consolidate cases for pretrial proceedings only when the panel determines "that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). When the MDL Panel determines that these statutory purposes would not be served by pretrial consolidation, motions for transfer will be denied. See, e.g., In re Cable Tie Patent Litigation, 487 F. Supp. 1351, 1353 (J.P.M.L. 1980) (denying motion to transfer where consolidation "would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation"). Target's Motion should be denied since pretrial consolidation of the patent infringement actions filed by RAKTL would not serve either of the dual statutory purposes of (1) convenience of the parties and witnesses and (2) promotion of the just and efficient conduct of the actions.

### II. Pretrial Consolidation Of The RAKTL Actions Would Not Promote The Just And Efficient Conduct Of The Actions

Target, a Minnesota corporation based in Minneapolis and a defendant in one of the recent patent infringement actions filed by RAKTL in the Eastern District of Texas, seeks to consolidate patent infringement actions against 169 defendants pending in twenty (20) cases in the Eastern District of Texas and five cases in the District of Delaware. Eighty-eight (88) of those defendants are in the Delaware actions and the remaining eighty-one (81) are in the Texas

8

actions.[3]  Target did not consult with TD Banknorth prior to filing its Motion.  Undoubtedly,

Target would like to use the MDL process to obtain what it believes is a more favorable

jurisdiction than the one selected by RATKL.  That is not a reason for uprooting all of these

actions and transferring them to California.

### A.    Trial In The Citibank Action Is Imminent

Trial in <u>RAKTL v. Citibank et al.</u>, No. 5:50cv142 (E.D. TX) is scheduled to begin

on May 8, 2007.  Moreover, all dispositive motions, including motions on invalidity and

unenforceability, must be filed in the Citibank case by February 2, 2007.  It makes no sense to

transfer the Texas cases to California for pretrial consolidation.  Indeed, pretrial proceedings in

the Citibank case are virtually complete.  The MDL Panel has "consistently denied transfer of

actions in patent litigation where one of the actions was proceeding expeditiously toward trial on

the common issue of validity."  <u>In Re Bourns Patent Litigation</u>, 385 F. Supp. at 1261; <u>see also</u> <u>In</u>

<u>re Cable Tie Patent Litigation</u>, 487 F. Supp. at 1354 (denying transfer where actions were

nearing trial); <u>In Re Lehman Equipment Company Patent Infringement Litigation</u>, 360 F. Supp.

at 1403 (denying transfer were motion for summary judgment on validity issue was "ripe for

decision"); <u>In Re Disposable Diaper Patent Validity Litigation</u>, 362 F. Supp. 567, 568 (J.P.M.L.

1973) (denying transfer because of the imminence of trial in one pending action); <u>In re</u>

<u>Molinaro/Catanzaro Patent Litigation</u>, 402 F. Supp. at 1407 (denying transfer where trial on the

common patent validity issue in one or more of the actions is imminent).  A finding that one or

---

[3] A chart listing all of the defendants as well as their state of incorporation and principal place of business is attached for the convenience of the Panel as TD Banknorth Exhibits, Ex. E. The above numbers do not include the six Citibank entities that have settled out of the <u>RAKTL v. Citibank, NA et al.</u>, No. 5:05cv142 (E.D. TX) action.

more of the Katz interactive call processing patents is invalid could end all of the actions in view of the likely applicability of the collateral estoppel doctrine. See In re Molinaro/Catanzaro Patent Litigation, 402 F. Supp. at 1407. Given the imminence of the Citibank trial, none of the RAKTL patent infringement actions should be consolidated.

### B.    Further Consolidation of the Actions Will Not Promote Efficiency

The five RAKTL cases pending in Delaware, involving eighty-eight (88) (or 52.1%) of the 169 total defendants, are all assigned to Judge Gregory M. Sleet. Judge Sleet has significant experience with patent infringement litigation, as do many of the judges in the District of Delaware. Judge Sleet also has experience with multidistrict litigation, having been assigned cases by the MDL Panel in the past. For all effective purposes, the RAKTL cases pending in the District of Delaware are already consolidated for pretrial purposes. Moving all of the cases to California would provide no advantage to these cases as far as judicial administration. To the contrary, it will only confuse matters given the multiplicity of claims, patents and issues RAKTL is asserting against the diverse defense group.

The most common reason for consolidation in patent cases is the desire to coordinate discovery on the common issue of patent validity. As this Panel has recognized, "[t]he issue of patent validity generally is the most significant common aspect of discovery in multidistrict patent litigation." In Re Western Electric Co., Inc. Semiconductor Patent Litigation, 436 F. Supp. 404, 406 (J.P.M.L. 1977). Accordingly, when discovery on the common issue of validity (and the related issue of enforceability) has significantly advanced or has been completed in one of the patent infringement actions at issue, the Panel has consistently denied consolidation of the actions. See, e.g., Id.; In Re Lehman Equipment Company Patent

10

Infringement Litigation, 360 F. Supp. 1402 (J.P.M.L. 1973); In Re Bourns Patent Litigation, 385 F. Supp. 1260 (J.P.M.L. 1974). Indeed, when discovery is completed with respect to the common validity/enforceability issue, the Panel will remand previously consolidated cases to their jurisdictions of origin since there are no more common issues that would benefit from pretrial consolidation. See In re Molinaro/Catanzaro Patent Litigation, 402 F. Supp. 1404, 1405 (J.P.M.L. 1975) ("since pretrial proceedings on the common validity issue have been concluded in the transferee court, we find that remand of all remaining transferred actions to their respective transferor courts is appropriate").

Here, as described in detail above, significant discovery has already taken place in prior litigations with respect to the invalidity and unenforceability of the Katz interactive call processing patents. Fact discovery was completed in the Verizon California litigation and will be completed in the Citibank litigation within the next several months. The parties in the more recent Texas and Delaware cases will have a tremendous amount of validity discovery to rely upon, and accordingly, the burden on the court to manage discovery relating to validity will be minimal here.

In contrast, managing the infringement and damages issues, which differ from company to company is a mammoth task. TD BankNorth has been lumped in one complaint with a number of other companies that have very different businesses and are likely to use vastly divergent technology to handle the provision of automated call processing. Other defendants in the Delaware cases include cable companies, credit reporting agencies, mortgage brokers, electric energy providers, supermarkets, fashion apparel and home furnishings retailers, and many others. Furthermore, issues relating to the operation of each of the defendants' call

11

centers, as well as issues such as notice, willfulness and damages are all individualized. It is for this reason that the MDL Panel has remanded cases to the transferee courts once validity and enforceability discovery has been concluded. See In re Molinaro/Catanzaro Patent Litigation, 402 F. Supp. 1404, 1405 (J.P.M.L. 1975).

Target makes broad arguments that consolidation will promote judicial efficiency, but that is simply not the case. Given the advanced state of discovery on the common issues of validity/enforceability, and the unique fact that this dispute involving the Katz patents have seen 16 years of validity litigation already, an MDL consolidation simply comes too late in the game. There is no need to consolidate the RAKTL actions for pretrial purposes.[4]

## III.    Consolidation Will Not Serve The Convenience Of The Parties Or Witnesses

Consolidation under section 1407 is only warranted where the "convenience of parties and witnesses" will be served. 28 U.S.C. § 1407(a). Target has made no showing that the convenience of parties and witnesses calls for a transfer to California.

The inventor apparently resides in Los Angeles, but that is a thin reed on which to rest a request to transfer the cases of 169 defendants. The inventor is required, in any case, to travel to Delaware or Texas because he authorized the filing of suit in those jurisdictions. Target is a Minnesota corporation, with its principal place of business in Minneapolis. Nothing recommends California as a jurisdiction that would be especially convenient for the parties or witnesses.

---

[4] If there is any limited, targeted discovery with respect to validity/enforceability that still needs to be taken, the parties to the various actions can coordinate to minimize the possibility of duplicative or unreasonable discovery. See, e.g. In Re Cable Tie Patent Litigation, 487 F. Supp. 1351, 1354 (J.P.M.L. 1980) (discussing alternatives to section 1407 transfer where significant discovery has already taken place in two of the actions sought to be consolidated).

In contrast, all of TD Banknorth's documents and fact witnesses with respect to the issues of infringement and damages are located in the Northeast of the United States. Moreover, TD Banknorth itself is located in Portland, Maine. TD Banknorth and its witnesses would be extremely inconvenienced if the case against TD Banknorth currently pending in the District of Delaware was transferred to California. Indeed, keeping the action in Delaware will best serve the convenience of the parties and witnesses with respect to TD Banknorth.

## IV.    If The Panel Consolidates The RAKTL Cases, Which It Should Not, The Cases Should Be Consolidated In The District Of Delaware

109 of the 169 defendants (or 64.5%) in the pending RAKTL actions in both the District of Delaware and the Eastern District of Texas are Delaware corporations. Delaware companies cannot reasonably oppose consolidation in Delaware. Consolidation in California will not best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions.[5] The District of Delaware, on the other hand, is "neutral ground" in a state in which more than two-thirds of the defendants are incorporated. The court also has significant experience with patent infringement litigation. Accordingly, if the Panel decides to consolidate the RAKTL actions currently pending in the Eastern District of Texas and the District of Delaware, TD Banknorth would only support consolidation in the District of Delaware.

---

[5] Nor would consolidation in the Eastern District of Texas, the plaintiff's chosen forum of choice. TD Banknorth believes that it was not sued in the Eastern District of Texas (as well as the other defendants in the Delaware actions) because RAKTL could not successfully assert personal jurisdiction over TD Banknorth in that forum. RAKTL should not be allowed to defeat jurisdictional requirements against the Delaware defendants through consolidation.

## CONCLUSION

For the foregoing reasons, TD Banknorth respectfully requests that the MDL Panel issue an order denying the transfer of this litigation to the United States District Court for the Central District of California for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

Dated:  November 6, 2006

By: _____
Martin J. Black
Andrew J. Mottes
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
Telephone:  (215) 994-4000
Facsimile:  (215) 994-2222

Attorneys for TD Banknorth, Inc.

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| | : | |
| IN RE KATZ INTERACTIVE CALL | : | MDL Docket No. 1816 |
| PROCESSING PATENT LITIGATION | : | |
| | : | |

**EXHIBITS OF TD BANKNORTH, INC. IN OPPOSITION TO THE
MOTION FOR TRANSFER AND CONSOLIDATION OF
KATZ TECHNOLOGY LICENSING PATENT LITIGATION
PURSUANT TO 28 U.S.C. § 1407**

EXHIBIT

| | |
|---|---|
| A | Scheduling Order in <u>Citibank</u> action |
| B | RAKTL Complaint against TD Banknorth et al. |
| C | Docket from Verizon Communications, Inc. action |
| D | Verizon CA Docket Entry No. 710 |
| E | Chart showing all defendants in RAKTL actions, including their state of incorporation and principal place of business |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br>         Plaintiff, <br><br> v. <br><br> CITIBANK, ET. AL., <br><br>         Defendants. | § <br> § <br> § <br> § <br> §   **CIVIL ACTION NO. 5:05-CV-142 (DF)** <br> § <br> § <br> § <br> § <br> § |

## AMENDED DOCKET CONTROL ORDER

| STEP | ACTION | RULE | DATE DUE |
|---|---|---|---|
| 1 | Initial Case Management Conference | Patent L. R. 2-1 FRCP 26(f) | 01/24/06 |
| 2 | Patentee serves Disclosure of Asserted Claims and Preliminary Infringement Contentions of a reasonable number of representative claims | Patent L. R. 3-1 | 02/27/06 |
| 3 | Patentee makes Document Production Accompanying Disclosure | Patent L. R. 3-2 | 02/27/06 |
| 4 | Initial Disclosures | FRCP 26(a)(1) | 02/27/06 |
| 5 | Parties to notify the Court of an agreed upon mediator for early mediation | | 03/06/06 |
| 6 | Accused Infringer serves Preliminary Invalidity Contentions | Patent L. R. 3-3 | 03/27/06 |
| 7 | Accused Infringer makes Document Production Accompanying Preliminary Invalidity Contentions | Patent L. R. 3-4 | 03/27/06 |

| 8 | All parties make Exchange of Proposed Terms and Claim Elements for Construction | Patent L R 4-1(a) | 04/03/06 |
|---|---|---|---|
| 9 | All parties meet and confer to discuss list of Proposed Terms and Claim Elements for Construction | Patent L R 4-1(b) | After 04/03/06 |
| 10 | Deadline for early mediation at the Parties' request | | 04/14/06 |
| 11 | All parties make Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Patent L R 4-2 | 04/24/06 |
| 12 | All parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | Patent L R 4-2(c) | After 04/24/06 |
| **13** | **Patentee shall limit the number of asserted claims to no more than tem (10) and notify the accused infringers and the Court** | | **05/16/06** |
| 14 | All parties jointly file Joint Claim Construction and Prehearing Statement | Patent L R 4-3 | 05/22/06 |
| 15 | Deadline to join other parties without leave of Court, which shall be at least 60 days before the deadline for filing dispositive motions | | 05/22/06 |
| 16 | Deadline to file amended pleadings without leave of Court, which shall be at least 30 days before the deadline for dispositive motions | | 05/29/06 |
| 17 | Completion of Claim Construction Discovery | Patent L R 4-4 | 05/29/06 |

2

| 18 | Patentee files opening claim construction brief | Patent L. R. 4-5(a) | 06/05/06 |
|----|---|---|---|
| 19 | Accused Infringer files responsive claim construction brief | Patent L. R. 4-5(b) | 06/19/06 |
| 20 | Patentee files reply brief on claim construction | Patent L. R. 4-5(c) | 06/26/06 |
| 21 | ONLY WITH LEAVE OF COURT Accused infringer files sur-reply brief on claim construction | | 07/03/06 |
| 22 | Parties file Join Claim Construction Chart | Patent L. R. 4-5(d) | 07/10/06 |
| 23 | Pre-hearing Conference and technical tutorial if necessary | | 07/12/06 |
| 24 | Claim Construction Hearing | Patent L. R. 4-6 | Thursday, 07/20/06 at 9:00 a.m. Each side shall have 2.5 hours to present. |
| 25 | Court's Claim Construction Ruling | | On or about 08/04/06 subject to the Court's scheduling and/or use of a technical advisor |
| 26 | Patentee makes Final Infringement Contentions | Patent L. R. 3-6(a) | 08/28/06 or 30 days after claim construction ruling |
| 27 | Accused Infringer serves Preliminary Unenforceability Contentions | | 09/04/06 or 40 days after claim construction ruling |
| 28 | Accused Infringer makes Document Production Accompanying Preliminary Unenforceability Contentions | | 09/04/06 or 40 days after claim construction ruling |
| 29 | Accused Infringer makes Final Invalidity Contentions | Patent L. R. 3-6(b) | 09/11/06 or 50 days after claim construction ruling |
| 30 | Accused Infringer makes disclosure relating to willfulness | Patent L. R. 3-8 | 09/11/06 or 50 days after claim construction ruling |
| 31 | Accused Infringer makes Final Unenforceability Contentions | | 10/09/06 or 80 days after claim construction ruling |

3

| 32 | Deadline for completion of all fact discovery, which shall be at least 90 days before the final pre-trial conference | | 10/09/06 or 80 days after claim construction ruling |
|----|----|----|----|
| 33 | Deadline for disclosure of expert testimony on issues for which a party bears the burden of proof | FRCP 26(a)(2) L R CV-26(b) | 10/23/06 or 90 days after claim construction ruling |
| 34 | Deadline for disclosure of rebuttal expert testimony | FRCP 26(a)(2) L R CV-26(b) | 11/13/06 or 110 days after claim construction ruling |
| 35 | Deadline for late mediation at the Parties' request | | 11/17/06 |
| 36 | Deadline for completion of expert discovery | | 12/11/06 or 30 days after rebuttal expert testimony |
| 37 | Deadline for objections to other parties' expert witnesses | | 01/08/07 |
| 38 | Deadline for filing dispositive motions, including motions on invalidity and unenforceability, which shall be at 60 days before the initial pretrial conference | | 02/02/07 |
| 39 | Deadline for filing all *Daubert* motions | | 03/02/07 |
| 40 | Deadline for parties to make pretrial disclosures | FRCP 26(a)(3) | 03/02/07 |
| 41 | Patentee to provide to other parties its information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | 03/12/07 |
| 42 | Defendant and Third-parties to Provide to Patentee their information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | 03/19/07 |

4

| 43 | Parties to file Proposed Joint Final Pretrial Order, Proposed Jury Instructions, Joint Verdict Forms and Motions in Limine   Prior to pretrial conference, parties shall confer with each other regarding the other party's Motion in Limine and shall submit to the Court in writing any objections they may have to the other party's Motion in Limine | | 04/02/07 |
| --- | --- | --- | --- |
| 44 | Initial Pretrial Conference and hearing on Motions in Limine if required | | 04/16/07 |
| 45 | Final Pretrial Conference before Judge David Folsom | | 05/07/07 |
| 46 | Jury Selection before Judge David Folsom | | 05/08/07 |

**SIGNED this 8th day of May, 2006.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

5

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> TD BANKNORTH INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; COMERICA INCORPORATED; COMERICA BANK & TRUST, NATIONAL ASSOCIATION; COMERICA SECURITIES, INC.; CERIDIAN CORPORATION; COMDATA CORPORATION; DILLARD'S, INC.; DILLARD INVESTMENT CO., INC.; LASALLE BANK CORPORATION; LASALLE BANK NATIONAL ASSOCIATION; LASALLE FINANCIAL SERVICES, INC.; ABN AMRO MORTGAGE GROUP, INC., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") states as follows for its complaint against TD Banknorth Inc.; Experian Information Solutions, Inc.; Comerica Incorporated; Comerica Bank & Trust, National Association; Comerica Securities, Inc.; Ceridian Corporation; Comdata Corporation; Dillard's, Inc.; Dillard Investment Co., Inc.; LaSalle Bank Corporation; LaSalle Bank National Association; LaSalle Financial Services, Inc.; and ABN AMRO Mortgage Group, Inc.:

## THE PARTIES

1.     Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.    On information and belief, Defendant TD Banknorth Inc. is a Delaware corporation with its principal place of business at Two Portland Square, Portland, Maine 04112.

3.    On information and belief, Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

4.    On information and belief, Defendant Comerica Incorporated is a Delaware corporation with its principal place of business at Comerica Tower at Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226.

5.    On information and belief, Defendant Comerica Bank & Trust, National Association is (a) a national banking association with its principal place of business at Comerica Tower at Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226, and (b) a subsidiary of Comerica Incorporated.

6.    On information and belief, Defendant Comerica Securities, Inc. is (a) a Michigan corporation with its principal place of business at 201 West Fort Street, Detroit, Michigan 48226, and (b) a subsidiary of Comerica Incorporated.

7.    On information and belief, Defendant Ceridian Corporation is a Delaware corporation with its principal place of business at 3311 East Old Shakopee Road, Minneapolis, Minnesota 55425.

8.    On information and belief, Defendant Comdata Corporation is (a) a Delaware corporation with its principal place of business at 5301 Maryland Way, Brentwood, Tennessee 37027, and (b) a subsidiary of Ceridian Corporation

9.    On information and belief, Defendant Dillard's, Inc. is a Delaware corporation with its principal place of business at 1600 Cantrell Road, Little Rock, Arkansas 72201.

10.    On information and belief, Defendant Dillard Investment Co., Inc. is (a) a Delaware corporation with its principal place of business at 1600 Cantrell Road, Little Rock, Arkansas 72201, and (b) a subsidiary of Dillard's, Inc.

- 2 -

11.    On information and belief, Defendant LaSalle Bank Corporation is a Delaware corporation with its principal place of business at 135 LaSalle Street, Chicago, Illinois 60603.

12.    On information and belief, Defendant LaSalle Bank National Association is (a) a national banking association with its principal place of business at 135 LaSalle Street, Chicago, Illinois 60603, and (b) a subsidiary of LaSalle Bank Corporation.

13.    On information and belief, Defendant LaSalle Financial Services, Inc. is (a) a Delaware corporation with its principal place of business at 135 LaSalle Street, Chicago, Illinois 60603, and (b) a subsidiary of LaSalle Bank Corporation.

14.    On information and belief, Defendant ABN AMRO Mortgage Group, Inc. is (a) a Delaware corporation with its principal place of business at 777 East Eisenhower Parkway, Suite 700, Ann Arbor, Michigan 48108, and (b) a subsidiary of LaSalle Bank Corporation.

## JURISDICTION AND VENUE

15.    This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

16.    TD Banknorth Inc. ("TD Banknorth") is subject to this Court's personal jurisdiction because, on information and belief, it is a Delaware corporation and has designated a registered agent in this district.

17.    Experian Information Solutions, Inc. ("Experian") is subject to this Court's personal jurisdiction because, on information and belief, (1) it has designated a registered agent in this district; and (2) it does substantial business in this district.

18.    Comerica Incorporated, Comerica Bank & Trust, National Association, and Comerica Securities, Inc. (collectively, the "Comerica Defendants) are subject to this Court's personal jurisdiction because, on information and belief, (1) Comerica Incorporated is a

Delaware corporation and has designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for banking, financial, and investment services and information that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

19.     Ceridian Corporation and Comdata Corporation (collectively, the "Ceridian Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for banking and investment services that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

20.     Dillard's, Inc. and Dillard Investment Co., Inc. (collectively, the "Dillard's Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are Delaware corporations and have designated a registered agent in this district.

21.     LaSalle Bank Corporation, LaSalle Bank National Association, LaSalle Financial Services, Inc., and ABN AMRO Mortgage Group, Inc. (collectively, the "LaSalle Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for customer service, mortgage services and other financial services that are available to their customers, including customers in this district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

22.     Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants reside, or engage in significant business activities, in this district as set forth in Paragraphs 2-14 and 16-21 above.

- 4 -

## BACKGROUND

23.    Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

24.    In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

25.    Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

26.    Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

27.    The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

28.    In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing

services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

29. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

30. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

31. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

32. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

33. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

- 6 -

34.    Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

35.    On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

36.    On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

37.    On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

38.    On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

39.    On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

40.    On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz

- 7 -

for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

41.    On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

42.    On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

43.    On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

44.    On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

45.    On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

46.    On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

47.    On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz

for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

48.    On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

49.    On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

50.    On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

51.    On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

52.    On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System." The '415 Patent expired on July 10, 2005.

53.    On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY TD BANKNORTH)

54.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

55.    TD Banknorth and its subsidiaries provide banking and financial services to customers in the states of Maine, New Hampshire, New York, Vermont, Massachusetts, New Jersey, Pennsylvania, and Connecticut.

56.    On information and belief, TD Banknorth uses infringing call processing systems to offer automated customer service and telephone banking services to its customers. Using an automated system, in some instances in connection with operators, TD Banknorth allows its customers to access information about their accounts, establish or change their personal identification numbers, transfer funds, make loan payments, activate gift cards, and perform various other functions.

57.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents.

58.    On information and belief, in their automated customer service and telephone banking service operations described in Paragraph 56 (collectively, the "Accused TD Banknorth Services"), TD Banknorth has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 57 of this Complaint by making, using, offering to sell, or selling the Accused TD Banknorth Services.

59.    On information and belief, TD Banknorth continues to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused TD Banknorth Services.

- 10 -

60.    TD Banknorth's infringement of the patents identified in Paragraph 57 of this Complaint has been and is willful.

61.    TD Banknorth's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

### SECOND CLAIM
#### (PATENT INFRINGEMENT BY EXPERIAN)

62.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

63.    Experian is a global supplier of information services relating to customer relationship management, e-commerce, and marketing and it also maintains one of the top credit-reporting agencies in the United States.

64.    On information and belief, Experian uses infringing call processing systems to offer automated credit reporting services to its customers. Using an automated system, in some instances in connection with operators, Experian enables individuals to purchase copies of their credit reports, obtain and manage information in their credit files, obtain information and assistance relating to credit fraud, decode information found on a credit report, and perform various other functions.

65.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '965, '968, and '984 Patents.

66.    On information and belief, in its automated credit reporting service operations described in Paragraph 64 (collectively, the "Accused Experian Services"), Experian has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 65 of this Complaint by making, using, offering to sell, or selling the Accused Experian Services.

- 11 -

67.    On information and belief, Experian continues to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Experian Services.

68.    Experian's infringement of the patents identified in Paragraph 65 of this Complaint has been and is willful.

69.    Experian's infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

### THIRD CLAIM
#### (PATENT INFRINGEMENT BY COMERICA DEFENDANTS)

70.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

71.    Comerica Incorporated provides banking and wealth advisory services, including investment and trust management, through, *inter alia*, its subsidiaries Comerica Bank & Trust, National Association and Comerica Securities, Inc.

72.    On information and belief, the Comerica Defendants use infringing call processing systems to offer automated banking and investment services to their customers. Using an automated system, in some instances in connection with operators, the Comerica Defendants allow their customers to access information about their accounts, transfer funds between accounts, issue stop payments on checks, access current interest rates and stock quotes, place stock orders, pay bills, and perform various other functions.

73.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '120, '134, '150, '223, '252, '285, '551, '734, '762, '863, '968, and '984 Patents.

74.    On information and belief, in their automated account service and financial information functions described in Paragraph 72 (collectively, the "Accused Comerica

Services"), the Comerica Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 73 of this Complaint by making, using, offering to sell, or selling the Accused Comerica Services.

75.     On information and belief, the Comerica Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Comerica Services.

76.     The Comerica Defendants' infringement of the patents identified in Paragraph 73 of this Complaint has been and is willful.

77.     The Comerica Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

### FOURTH CLAIM
#### (PATENT INFRINGEMENT BY CERIDIAN DEFENDANTS)

78.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

79.     The Ceridian Defendants provide information, human resources, and other financial services to businesses, including those in the transportation and retail markets.

80.     On information and belief, the Ceridian Defendants use infringing call processing systems to offer automated banking and investment services to their customers. Using an automated system, in some instances in connection with operators, the Ceridian Defendants allow their customers to access information about and administer their accounts, transfer funds, approve and verify checks, and perform various other functions.

81.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents.

82.    On information and belief, in their automated account service and financial information functions described in Paragraph 80 (collectively, the "Accused Ceridian Services"), the Ceridian Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 81 of this Complaint by making, using, offering to sell, or selling the Accused Ceridian Services.

83.    On information and belief, the Ceridian Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Ceridian Services.

84.    The Ceridian Defendants' infringement of the patents identified in Paragraph 81 of this Complaint has been and is willful.

85.    The Ceridian Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## FIFTH CLAIM
### (PATENT INFRINGEMENT BY DILLARD'S DEFENDANTS)

86.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

87.    Dillard's, Inc. is a fashion and home furnishings retailer with hundreds of stores. On information and belief, Dillard's also participates in offering credit card services through an agreement with GE Capital Consumer Card Co., and previously offered such services

- 14 -

through its subsidiary Dillard National Bank. On information and belief, Dillard National Bank has merged into Dillard Investment Co., Inc.

88.    On information and belief, the Dillard's Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the Dillard's Defendants allow their customers to access information about their credit card accounts, pay their credit card balances, update or change their account information, order cards and statements, locate Dillard's stores, and perform various other functions.

89.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984 Patents.

90.    On information and belief, in their automated customer service operations described in Paragraph 88 (collectively, the "Accused Dillard's Services"), the Dillard's Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 89 of this Complaint by making, using, offering to sell, or selling the Accused Dillard's Services.

91.    On information and belief, the Dillard's Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Dillard's Services.

92.    The Dillard's Defendants' infringement of the patents identified in Paragraph 89 of this Complaint has been and is willful.

93.    The Dillard's Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

- 15 -

## SIXTH CLAIM
### (PATENT INFRINGEMENT BY LASALLE DEFENDANTS)

94.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-53 of this Complaint as if fully set forth herein.

95.    LaSalle Bank Corporation and its subsidiaries, including LaSalle Bank National Association, LaSalle Financial Services, Inc., and ABN AMRO Mortgage Group, Inc., provide banking and lending services, including mortgages, as well as a variety of investment, brokerage, and wealth management services.

96.    On information and belief, the LaSalle Defendants use interactive voice response technology to offer automated customer service and banking capabilities to their customers. Using an automated system, in some instances in connection with operators, the LaSalle Defendants allow their customers to access information about their accounts, transfer funds, order checks, activate bank cards, place stop payments, obtain information about loans, obtain information about wire transfers, and perform various other functions.

97.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '150, '223, '252, '285, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

98.    On information and belief, in their automated customer service operations described in Paragraph 96 (collectively, the "Accused LaSalle Services"), the LaSalle Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 97 of this Complaint by making, using, offering to sell, or selling the Accused LaSalle Services.

99.    On information and belief, the LaSalle Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Dillard's Services.

100.    The LaSalle Defendants' infringement of the patents identified in Paragraph 97 of this Complaint has been and is willful.

101.    The LaSalle Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1.    Adjudge that TD Banknorth has been and is infringing one or more claims of the patents identified in Paragraph 57 of this Complaint by offering the Accused TD Banknorth Services;

2.    Adjudge that TD Banknorth's infringement has been and is willful;

3.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining TD Banknorth, and all persons in active concert or participation with it, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

4.    Order an accounting for damages resulting from TD Banknorth's infringement of the patents identified in Paragraph 57 of this Complaint;

5.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for TD Banknorth's infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.    Enter an order, pursuant to 35 U.S.C. § 284, and based on TD Banknorth's willful infringement, trebling all damages awarded to Katz Technology Licensing and against TD Banknorth;

- 17 -

7.    Adjudge that Experian has been and is infringing one or more claims of the patents identified in Paragraph 65 of this Complaint by offering the Accused Experian Services;

8.    Adjudge that Experian's infringement has been and is willful;

9.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining Experian, and all persons in active concert or participation with it, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

10.    Order an accounting for damages resulting from Experian's infringement of the patents identified in Paragraph 65 of this Complaint;

11.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for Experian's infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

12.    Enter an order, pursuant to 35 U.S.C. § 284, and based on Experian's willful infringement, trebling all damages awarded to Katz Technology Licensing and against Experian;

13.    Adjudge that the Comerica Defendants have been and are infringing one or more claims of the patents identified in Paragraph 73 of this Complaint by offering the Accused Comerica Services;

14.    Adjudge that the Comerica Defendants' infringement has been and is willful;

15.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Comerica Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

16.     Order an accounting for damages resulting from the Comerica Defendants' infringement of the patents identified in Paragraph 73 of this Complaint;

17.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Comerica Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

18.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Comerica Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Comerica Defendants;

19.     Adjudge that the Ceridian Defendants have been and are infringing one or more claims of the patents identified in Paragraph 81 of this Complaint by offering the Accused Ceridian Services;

20.     Adjudge that the Ceridian Defendants' infringement has been and is willful;

21.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Ceridian Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

22.     Order an accounting for damages resulting from the Ceridian Defendants' infringement of the patents identified in Paragraph 81 of this Complaint;

23.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Ceridian Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

24.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Ceridian Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Ceridian Defendants;

- 19 -

25.    Adjudge that the Dillard's Defendants have been and are infringing one or more claims of the patents identified in Paragraph 89 of this Complaint by offering the Accused Dillard's Services;

26.    Adjudge that the Dillard's Defendants' infringement has been and is willful;

27.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Dillard's Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

28.    Order an accounting for damages resulting from the Dillard's Defendants' infringement of the patents identified in Paragraph 89 of this Complaint;

29.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Dillard's Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

30.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Dillard's Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Dillard's Defendants;

31.    Adjudge that the LaSalle Defendants have been and are infringing one or more claims of the patents identified in Paragraph 97 of this Complaint by offering the Accused LaSalle Services;

32.    Adjudge that the LaSalle Defendants' infringement has been and is willful;

33.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the LaSalle Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

- 20 -

34.    Order an accounting for damages resulting from the LaSalle Defendants' infringement of the patents identified in Paragraph 97 of this Complaint;

35.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the LaSalle Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

36.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the LaSalle Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the LaSalle Defendants;

37.    Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

38.    Award such other relief as the Court may deem appropriate and just under the circumstances.

- 21 -

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Dated:  September 1, 2006
535031

# EXHIBIT C

# US District Court Civil Docket

## U.S. District - Pennsylvania Eastern

### (Philadelphia)

## 2:01cv5627

## Ronald A Katz v. Verizon Communicatio, et al

This case was retrieved from the court on Wednesday, November 01, 2006

| | |
|---|---|
| Date Filed: 11/07/2001 | Class Code: CLOSED, APPEAL, SEALDC, SPECIAL |
| Assigned To: Honorable Clarence C Newcomer | Closed: yes |
| Referred To: | Statute: 35:145 |
| Nature of suit: Patent (830) | Jury Demand: Plaintiff |
| Cause: Patent Infringement | Demand Amount: $0 |
| Lead Docket: None | NOS Description: Patent |
| Other Docket: ED/PA, relatedto 97-04453 | |
| Jurisdiction: Federal Question | |

## Litigants

## Attorneys

| Litigants | Attorneys |
|---|---|
| Ronald A Katz Technology Licensing, LP<br>Plaintiff | Bryan J Vogel<br>[COR LD NTC]<br>Fish & Neave<br>1251 Avenue of the Americas<br>New York , NY  10020<br>USA<br>Tel 212-596-9000<br>Fax: Fax 646-728-2953<br><br>Christopher J Harnett<br>[COR LD NTC]<br>Fish & Neave<br>1251 Avenue of the Americas<br>New York , NY  10020<br>USA<br>212-596-9000 |

Gene W Lee
[COR LD NTC]
Fish & Neave
1251 Avenue of the Americas
New York , NY 10020
USA
212-596-9000
Fax: 646-728-2562

Gregory P Miller
[COR LD NTC]
Miller Alfano & Raspanti, PC
1818 Market Street
Suite 3402
Philadelphia , PA 19103
USA
215-972-6400
215-981-0082
Fax: 215-981-0082
Email: Gmiller@mar-Law.com

James E Hopenfeld
[COR LD NTC]
Fish & Neave
1825 I St NW
Ste 400
Washington , DC 20006
USA
Tel 202-857-5234
Fax: Fax 202-857-5237

Jeffrey David Blake
[COR LD NTC]
Fish & Neave
1251 Avenue of the Americas
New York , NY 10020
USA
Tel 212-596-9000

Jesse J Jenner
[COR LD NTC]
Fish & Neave
1251 Avenue of the Americas
New York , NY 10020
USA
Tel 212-596-9000

Jonathan M Kaplan
[COR LD NTC]

Fish & Neave
1251 Avenue of the Americas
New York , NY  10020
USA
Tel 212-596-9000

Kevin G Baer
[COR LD NTC]
Howrey, Simon, Arnold & White
1299 Pennsylvania Avenue
Washington , DC  20004-2402
USA
202-783-0800
Fax: Fax 202-383-6610

Lillian C Henry
[COR LD NTC]
Heller, Ehrman, White & McAuliffe, LLP
333 Bush Street
San Francisco , CA  94104-2878
USA
Tel 415-772-6000

Lynette Noblitt
[COR LD NTC]
Fish & Neave
1251 Avenue of the Americas
New York , NY  10020
USA
Tel 212-596-9000

Mark D Wegener
[COR LD NTC]
Howrey & Simon
1299 Pennsylvania Ave, SW
Washington , DC  20004
USA

Matthew J Moore
[COR LD NTC]
[Term: 01/16/2003]
Shook Hardy & Bacon LLP
100 N Tampa St
Ste 2900
Pobx 898
Tampa , FL  33601-0898
USA
813-202-7100

Email: Mmoore@shb.com

Michael M Markman
[COR LD NTC]
Heller, Ehrman LLP
333 Bush Street
San Francisco , CA  94104
USA
415-772-6926
Email: Michael.markman@hellerehrman.com

Michael A Morse
[COR LD NTC]
Miller Alfano & Raspanti PC
1818 Market St
Ste 3402
Philadelphia , PA  19103
USA
215-972-6400
Fax: 215-981-0082
Email: Mmorse@mar-Law.com

Nitin Subhedar
[COR LD NTC]
Heller, Ehrman, White & McAuliffe
275 Middlefield Road
Menlo Park , CA  94025-3506
USA
Tel 650-324-7000
Fax: Fax 650-324-0638

Rebecca Gibbs
[COR LD NTC]
Fish & Neave
1251 Avenue of the Americas
New York , NY  10020
USA
Tel 212-596-9000
Fax: Fax 646-728-2640

Robert T Haslam
[COR LD NTC]
Heller, Ehrman, White & McAuliffe, LLP
275 Middlefield Road
Menlo Park , CA  94025-3506
USA
Tel 650-324-7000
Fax: Fax 650-324-0638

Roderick R McKelvie
[COR LD NTC]
Fish & Neave
1825 I St., NW
Ste 400
Washington , DC 20006
USA
Tel 202-857-5228
Fax: Fax 202-857-5237

Sarah Elizabeth Mitchell
[COR LD NTC]
Heller, Ehrman, White & McAuliffe, LLP
333 Bush Street
San Francisco , CA 94104-2878
USA
Tel 415-772-6000

Sona De
[COR LD NTC]
Fish & Neave
1251 Avenue of the Americas
New York , NY 10020
USA
Tel 212-596-9000
Fax: Fax 212-596-9090

Stanley Young
[COR LD NTC]
Heller, Ehrman, White & McAuliffe
275 Middlefield Road
Menlo Park , CA 94025-3506
USA
Tel 650-324-7000
Fax: Fax 650-324-0638

William J McCabe
[COR LD NTC]
Fish & Neave
1251 Avenue of the Americas
New York , NY 10020
USA
Tel 212-596-9000

William Z Nakhleh
[COR LD NTC]
Fish & Neave

1825 I St NW
Washington , DC  20006
USA
Tel 202-857-5222

William C Rooklidge
[COR LD NTC]
[Term: 10/24/2002]
Howrey, Simon, Arnold & White
2020 Main Street
Suite 1000
Irvine , CA  92614-8200
USA
949-721-6900
Fax: Fax 949-721-6910

Arlin M Adams
[COR LD NTC]
[Term: 12/18/2002]
Schnader Harrison Segal & Lewis, LLP
1600 Market St
Ste 3600
Philadelphia , PA  19103
USA
215-751-2072
Fax: 215-972-7246

Margaret S Woodruff
[COR LD NTC]
[Term: 12/18/2002]
Schnader Harrison Segal & Lewis LLP
1600 Market St
Ste 3600
Philadelphia , PA  19103-7286
USA
215-751-2168
Fax: 215-751-2205
Email: Mwoodruff@schnader.com

Matthew J Siembieda
[COR LD NTC]
[Term: 12/18/2002]
Blank Rome LLP
One Logan Square
18TH & Cherry Streets
Philadelphia , PA  19103
USA

Verizon Communications Inc
Defendant
[Term: 12/18/2002]

215-569-5609
Fax: 215-569-5555
Email: Siembieda@blankrome.com

Timothy D Katsiff
[COR LD NTC]
[Term: 12/18/2002]
Blank Rome LLP
One Logan Square
18TH & Cherry Streets
Philadelphia , PA 19103-6998
USA
215-569-5500
Fax: 215-569-5555
Email: Katsiff@blankrome.com

William C Rooklidge
[COR LD NTC]
[Term: 12/10/2004]
Howrey, Simon, Arnold & White
2020 Main Street
Suite 1000
Irvine , CA 92614-8200
USA
949-721-6900
Fax: Fax 949-721-6910

Verizon Wireless Inc              Matthew J Siembieda
Defendant                         [COR LD NTC]
[Term: 01/23/2002]                [Term: 01/23/2002]
                                  Blank Rome LLP
                                  One Logan Square
                                  18TH & Cherry Streets
                                  Philadelphia , PA 19103
                                  USA
                                  215-569-5609
                                  Fax: 215-569-5555
                                  Email: Siembieda@blankrome.com

Verizon Pennsylvania Inc          Arlin M Adams
Movant                            [COR LD NTC]
                                  Schnader Harrison Segal & Lewis, LLP
                                  1600 Market St
                                  Ste 3600
                                  Philadelphia , PA 19103
                                  USA
                                  215-751-2072

Fax: 215-972-7246

Cellco Partnership Doing Business as Verizon Wireless
Defendant

Diane Siegel Danoff
[COR LD NTC]
Dechert Price & Rhoads
4000 Bell Atlantic Tower
1717 Arch St
Philadelphia , PA  19103
USA
215-994-4000
Fax: 215-994-2222
Email: Diane.danoff@dechert.com

Marc S Segal
[COR LD NTC]
Synnestvedt & Lechner LLP
2600 Aramark Tower
1101 Market St
Philadelphia , PA  19107
USA
215-923-4466
Email: Msegal@syntech.com

Matthew J Siembieda
[COR LD NTC]
Blank Rome LLP
One Logan Square
18TH & Cherry Streets
Philadelphia , PA  19103
USA
215-569-5609
Fax: 215-569-5555
Email: Siembieda@blankrome.com

Robert C Heim
[COR LD NTC]
Dechert
4000 Bell Atlantic Twr
1717 Arch Street
Philadelphia , PA  19103-7301
USA
215-994-2570
Fax: 215-994-2222
Email: Robert.heim@dechert.com

| Date | # | Proceeding Text |
|------|---|-----------------|

| | | |
|---|---|---|
| 11/07/2001 | 1 | Complaint, filing fee $ 150 receipt # 775516 (ss) (Entered: 11/07/2001) |
| 11/07/2001 | -- | Summons(es) issued, Two originals forwarded to: counsel 11/07/01 (ss) (Entered: 11/07/2001) |
| 11/07/2001 | -- | Demand for jury trial by PLAINTIFF RONALD A. KATZ (ss) (Entered: 11/07/2001) |
| 11/07/2001 | -- | Special Case Management Track. (ss) (Entered: 11/07/2001) |
| 11/07/2001 | 2 | Copy of Form to Commissioner of Patent. (ss) (Entered: 11/08/2001) |
| 11/14/2001 | 3 | SPECIAL MANAGEMENT TRACK CASE MANAGEMENT ORDER THAT THIS CASE WILL BE MANAGED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16 AND CHAPTERS III, VII, VIII AND IX OF THE CIVIL JUSTICE EXPENSE AND DELAY REDUCTION PLAN OF THIS DISTRICT (EFFECTIVE 12/31/91). THE INITIAL PRETRIAL CONFERENCE WILL BE HELD WHEN DEFENSE COUNSEL HAS ENTERED AN APPEARANCE AND USUALLY WITHIN THIRTY AND SIXTY DAYS AFTER THE FILING OF THE COMPLAINT. COMMUNICATIONS WITH THE COURT AND ITS STAFF WILL BE DONE IN ACCORDANCE WITH THE NOTICE TO COUNSEL WHICH HAS BEEN SERVED OR WILL BE SERVED CONCURRENTLY WITH THE SERVICE OF THIS POLICY STATEMENT, ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 11/14/01 ENTERED AND COPIES MAILED AND FAXED. (jll) (Entered: 11/14/2001) |
| 11/29/2001 | 4 | Amended complaint by PLAINTIFF RONALD A. KATZ , amending [1-1] complaint against CELLCO PARTNERSHIP, jury demand. (jll) (Entered: 11/29/2001) |
| 11/29/2001 | -- | 3 Amended Summons(es) issued Forwarded to: GREGORY MILLER 11/29/01 (jll) (Entered: 11/29/2001) |
| 12/11/2001 | 5 | Affidavit of: DENNIS RICHMAN re: served summons and complaint upon DEFENDANT . VERIZON COMMUNICATIO . Served by: PERSONAL SERVICE on 11/29/01 (service accepted by Sandi Solomon). (jll) (Entered: 12/11/2001) |
| 12/11/2001 | 6 | Affidavit of: Thomas Crean, Jr. re: served summons and complaint upon DEFENDANT VERIZON WIRELESS INC. DEFENDANT CELLCO PARTNERSHIP . Served by: Personal Service on 11/30/01 . (jll) (Entered: 12/11/2001) |
| 12/13/2001 | 7 | Affidavit of: DENNIS RICHMAN re: served summons and complaint upon DEFENDANT . VERIZON COMMUNICATIO. Served by: VERIZON WIRELESS INC . Served by: PERSONAL SERVICE on 11/19/01 (service accepted by Nancy Armstrong). (jll) (Entered: 12/13/2001) |
| 12/17/2001 | 8 | STIPULATION AND ORDER THAT DEFTS' TIME TO ANSWER, MOVE OR OTHERWISE PLEAD SHALL BE EXTENDED TO 1/4/02. (Attorney: MATTHEW J. SIEMBIEDA) ( SIGNED BY JUDGE LOWELL A. REED JR. ) 12/17/01 ENTERED AND COPIES FAXED. (gn) Modified on 12/17/2001 (Entered: 12/17/2001) |
| 01/04/2002 | 9 | MOTION by DEFENDANT VERIZON COMMUNICATIO FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT , MEMORANDUM, CERTIFICATE OF SERVICE. (jll) (Entered: 01/04/2002) |
| 01/04/2002 | 10 | MOTION by DEFENDANT VERIZON WIRELESS INC TO DISMISS FOR LACK OF PERSONAL JURISDICTION , MEMORANDUM, CERTIFICATE OF SERVICE. (jll) (Entered: 01/04/2002) |
| 01/04/2002 | 11 | Answer with affirmative defenses and counterclaim by . VERIZON COMMUNICATIO to Plaintiff's amended complaint , Certificate of Service. (jll) (Entered: 01/04/2002) |
| 01/23/2002 | 12 | STIPULATION AND ORDER THAT THE TIME FOR RAKTL TO FILE ITS OPPOSITION TO VCI'S MOTION FOR SUMMARY JUDGMENT ON NON-INFRINGEMENT SHOULD BE EXTENDED TO 3/18/02; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/23/02 ENTERED AND COPIES MAILED . (jll) (Entered: 01/23/2002) |
| 01/23/2002 | 13 | STIPULATION AND ORDER THAT VWI'S MOTION TO DISMISS SHOULD BE GRANTED AND THAT VWI SHOULD BE DISMISSED FROM THIS LAWSUIT AT THIS TIME, WITHOUT PREJUDICE; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/23/02 ENTERED AND COPIES MAILED. (jll) (Entered: 01/23/2002) |
| 01/24/2002 | 14 | Reply with affirmative defenses by RONALD A. KATZ to VERIZON COMMUNICATIONS INC.'S COUNTERCLAIM , Certificate of Service. (jll) (Entered: 01/25/2002) |

| 01/29/2002 | 15 | STIPULATION AND ORDER THAT THE TIME FOR CELLCO TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED COMPLAINT IS HEREBY EXTENDED UNTIL 2/22/02 ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/29/02 ENTERED AND FAXED. (JI) (Entered: 01/29/2002) |
| 01/29/2002 | 16 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF NITIN SUBHEDAR, ESQUIRE PRO HAC VICE ,CERTIFICATE OF SERVICE. (JI) (Entered: 01/29/2002) |
| 01/29/2002 | 17 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF STANLEY YOUNG, ESQUIRE PRO HAC VICE , CERTIFICATE OF SERVICE. (JI) (Entered: 01/29/2002) |
| 01/29/2002 | 18 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF ROBERT T. HASLAM, ESQUIRE PRO HAC VICE , CERTIFICATE OF SERVICE. (JI) (Entered: 01/29/2002) |
| 01/29/2002 | 19 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF LILLIAN C. HENRY, ESQUIRE PRO HAC VICE , CERTIFICATE OF SERVICE. (JI) (Entered: 01/29/2002) |
| 01/29/2002 | 20 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF SARAH ELIZABETH MITCHELL, ESQUIRE PRO HAC VICE , CERTIFICATE OF SERVICE. (JI) (Entered: 01/29/2002) |
| 01/29/2002 | 21 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF MICHAEL M. MARKMAN, ESQUIRE PRO HAC VICE , CERTIFICATE OF SERVICE. (JI) (Entered: 01/29/2002) |
| 01/29/2002 | 22 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF SARAH ELIZABETH MITCHELL, ESQUIRE PRO HAC VICE IS GRANTED; ETC. (Attorney: SARAH ELIZABETH MITCHELL) ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/31/02 ENTERED AND COPIES MAILED. (JI) (Entered: 01/31/2002) |
| 01/31/2002 | 23 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF LILLIAN C. HENRY, ESQUIRE PRO HAC VICE IS GRANTED; ETC. (Attorney: LILLIAN C. HENRY) ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/31/02 ENTERED AND COPIES MAILED. (JI) (Entered: 01/31/2002) |
| 01/31/2002 | 24 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF ROBERT T. HASLAM, ESQUIRE PRO HAC VICE IS GRANTED; ETC. (Attorney: ROBERT T. HASLAM) ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/31/02 ENTERED AND COPIES MAILED. (JI) (Entered: 01/31/2002) |
| 01/31/2002 | 25 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF NITIN SUBHEDAR, ESQUIRE PRO HAC VICE IS GRANTED, ETC. (Attorney: NITIN SUBHEDAR) ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/31/02 ENTERED AND COPIES MAILED. (JI) (Entered: 01/31/2002) |
| 01/31/2002 | 26 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF STANLEY YOUNG, ESQUIRE PRO HAC VICE IS GRANTED; ETC. (Attorney: STANLEY YOUNG ) ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/31/02 ENTERED AND COPIES MAILED. (JI) (Entered: 01/31/2002) |
| 01/31/2002 | 27 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF MICHAEL M. MARKMAN, ESQUIRE PRO HAC VICE IS GRANTED; ETC. (Attorney: MICHAEL M. MARKMAN ) ( SIGNED BY JUDGE LOWELL A. REED JR. ) 1/31/02 ENTERED AND COPIES MAILED. (JI) (Entered: 01/31/2002) |
| 02/22/2002 | 28 | Answer with affirmative defenses and counterclaim by CELLCO PARTNERSHIP to Plaintiff's amended complaint , Certificate of Service. (JI) (Entered: 02/25/2002) |
| 03/14/2002 | 29 | MOTION BY PLAINTIFF RONALD A. KATZ TO STRIKE DEFENDANT CELLCO PARTNERSHIP'S FOURTH AFFIRMATIVE DEFENSES , MEMORANDUM, CERTIFICATE OF SERVICE. (fdc) (Entered: 03/15/2002) |
| 03/14/2002 | 30 | Declaration of Gregory P. Miller in Support of PLAINTIFF'S Motion to Strike DEFENDANT CELLCO PARTNERSHIP's Fourth Affirmative Defense (Inequitable Conduct) RONALD A. KATZ, Certificate of Service. (fdc) (Entered: 03/15/2002) |
| 03/14/2002 | 31 | PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S Reply to the CounterClaim of CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, Certificate of Service. (fdc) (Entered: 03/15/2002) |
| 03/19/2002 | 32 | STIPULATION AND ORDER THAT RAKTL SHALL HAVE UNTIL AND INCLUDING 5/24/02 TO SERVE AND FILE WITH THE COURT ITS OPPOSITION TO VCI'S MOTION FOR SUMMARY JUDGMENT FOR NON-INFRIGEMENT; ETC. ( SIGNED BY JUDGE LOWELL A. REED |

JR. ) 3/19/02 ENTERED AND COPIES MAILED AND FAXED. (JJ) (Entered: 03/19/2002)

| 03/28/2002 | 33 | MOTION by DEFENDANT CELLCO PARTNERSHIP FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS, MEMORANDUM . (JJ) (Entered: 03/29/2002) |
| 03/28/2002 | 34 | Opposition by DEFENDANT CELLCO PARTNERSHIP to Plaintiff's MOTION TO STRIKE DEFENDANT CELLCO PARTNERSHIP'S FOURTH AFFIRMATIVE DEFENSES OF INEQUATABEL CONDUCT . (JJ) (Entered: 03/29/2002) |
| 04/24/2002 | 35 | ORDER THAT PLAINTIFF RONALD KATZ TECHNOLOGY LICENSING MOTION TO STRIKE THE FOURTH AFFIRMATIVE DEFENSE OF DEFENDANT CELLCO PARTNERSHIP IS DENIED AS MOOT; THE UNOPPOSED MOTION OF CELLCO FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM IS GRANTED; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 4/24/02 ENTERED AND COPIES MAILED. (JJ) (Entered: 04/24/2002) |
| 05/06/2002 | 36 | MOTION by PLAINTIFF RONALD A. KATZ TO COMPEL DISCOVERY FROM DEFENDANT VERIZON COMMUNICATIONS INC. , MEMORANDUM, CERTIFICATE OF COUNSEL, CERTIFICATE OF SERVICE, DECLARATION. (JJ) (Entered: 05/07/2002) |
| 05/08/2002 | 37 | First Amended Answer with affirmative defenses and counterclaim by CELLCO PARTNERSHIP, Certificate of Service. (JJ) (Entered: 05/09/2002) |
| 05/17/2002 | 38 | ORDER THAT THIS CASE IS GOVERNED BY THE STANDING ORDER AND SPECIAL MANAGEMENT TRACK CASE MANAGEMENT POLICY OF JUDGE REED DATED 11/9/01, WITH WHICH ALL PARTIES HAVE BEEN SERVED, ALL PARTIES SHALL APPEAR FOR A CONFERENCE WITH THE UNDERSIGNED ON THE 3RD DAY OF JUNE, 2002 AT 10:00 IN COURTROOM 11-A; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 5/17/02 ENTERED AND COPIES MAILED. (JJ) (Entered: 05/17/2002) |
| 05/20/2002 | 39 | Memorandum by PLAINTIFF RONALD A. KATZ in support of its MOTION TO STRIKE DEFENDANT CELLCO PARTNERSHIP'S FOURTH AFFIRMATIVE DEFENSES , Certificate of Service. (JJ) (Entered: 05/21/2002) |
| 05/20/2002 | 40 | Declaration of Michael Morse, Esquire, in support of Plaintiff Ronald A. Katz Technology Licensing, L.P. motion to strike Defendant Cellco Partnership's Inequitable Conduct Defense, Certificate of Service. (JJ) (Entered: 05/21/2002) |
| 05/21/2002 | 41 | STIPULATION AND ORDER THAT THE TIME FOR VERIZON TO ANSWER AND TO FILE ITS BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL IS HEREBY EXTENDED UNTIL 5/22/02; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 5/21/02 ENTERED AND COPIES MAILED. (JJ) (Entered: 05/21/2002) |
| 05/22/2002 | 42 | Opposition by DEFENDANT . VERIZON COMMUNICATIO to Plaintiff's motion to compel discovery , Certificate of Service. (JJ) (Entered: 05/23/2002) |
| 05/28/2002 | 43 | Appearance of TIMOTHY D. KATSIFF for DEFENDANT . VERIZON COMMUNICATIO , Certificate of service. (JJ) (Entered: 05/28/2002) |
| 05/29/2002 | 44 | Preliminary Report of PLAINTIFF RONALD A. KATZ, certificate of service. (JJ) (Entered: 05/30/2002) |
| 05/30/2002 | 45 | Response by PLAINTIFF RONALD A. KATZ in support of its MOTION TO COMPEL DISCOVERY , Certificate of Service. (JJ) (Entered: 05/31/2002) |
| 06/03/2002 | 46 | Memorandum by DEFENDANT CELLCO PARTNERSHIP in opposition to Plaintiff's motion to strike Cellco Partnership's fourth affirmative defenses of Inequitable Conduct, Certificate of Service. (JJ) (Entered: 06/04/2002) |
| 06/04/2002 | 47 | ORDER THAT THE NEXT PRETRIAL CONFERENCE IS SCHEDULED FOR 7/16/02 AT 10:00 IN COURTROOM 11A; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 6/4/02 ENTERED AND COPIES MAILED . (JJ) (Entered: 06/04/2002) |
| 06/04/2002 | 48 | STIPULATION AND ORDER THAT THE TIME FOR RAKTL TO FILE ITS OPPOSITION TO VCI'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BE EXTENDED TO 7/1/02; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 6/4/02 ENTERED AND COPIES MAILED. (JJ) (Entered: 06/04/2002) |
| 06/06/2002 | 49 | Transcript of 6/3/02 Conference. (JJ) (Entered: 06/06/2002) |
| 06/11/2002 | 50 | Reply by PLAINTIFF RONALD A. KATZ in support of their MOTION TO STRIKE DEFENDANT CELLCO PARTNERSHIP'S FOURTH |

AFFIRMATIVE DEFENSES , Certificate of Service. (jt) (Entered: 06/12/2002)

| | | |
|---|---|---|
| 06/13/2002 | 51 | ORDER THAT THE TIME TO SUBMIT ITEMS 1 THROUGH 3 SET FORTH IN THIS COURT'S 6/3/02 ORDER IS EXTENDED UNTIL 6/20/02 AT 4:00), ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 6/13/02 ENTERED AND COPIES MAILED. (jt) (Entered: 06/13/2002) |
| 07/16/2002 | 52 | STIPULATED PROTECTIVE ORDER WITH COURT APPROVAL RE: CERTAIN FACTS, ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 7/16/02 ENTERED AND COPIES MAILED. (jt) (Entered: 07/16/2002) |
| 07/16/2002 | -- | Certain documents governed by Protective Order. (jt) (Entered: 07/16/2002) |
| 07/16/2002 | 53 | Minute entry: ESR, 7/16/02 Pretrial Conference. Judge addresses counsel. Judge and Counsel conduct pretrial conference. (jt) (Entered: 07/16/2002) |
| 07/16/2002 | 54 | ORDER THAT PLAINTIFF RONALD KATZ TECHNOLOGY MOTION TO STRIKE THE FOURTH AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT ASSERTED BY DEFENDANT CELLCO PARTNERSHIP DBA VERIZON WIRELESS IS GRANTED IN PART AND DENIED IN PART, ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 7/16/02 ENTERED AND COPIES MAILED. (jt) (Entered: 07/16/2002) |
| 07/17/2002 | 55 | STIPULATION AND ORDER THAT THE ORDER DATED 6/4/02 IS HEREBY VACATED. THE TIME FOR WHICH PLAINTIFF RAKFL SHALL RESPOND TO THE MOTION OF DEFENDANT VCI FOR SUMMARY JUDGMENT WILL BE DETERMINED BY THE TRANSFEREE JUDGE. NO LATER THAN 7/17/02 AT 12:00 PLAINTIFF RAKFL AND DEFENDANT VC SHALL SUBMIT TO THIS COURT IN CHAMBERS A LIST OF REMAINING INDIVIDUALS WHO VCI WILL PRODUCE FOR DEPOSITIONS TO BE TAKEN IN NEW YORK CITY TO 8/31/02, ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 7/17/02 ENTERED AND COPIES MAILED. (jt) (Entered: 07/17/2002) |
| 07/18/2002 | 56 | ORDER THAT THE FOLLOWING INDIVIDUALS WILL BE SO DEPOSED: THOMAS TAULKE, ALBIN MOSCHNER AND WILLIAM BALL. IT IS FURTHER ORDERED THAT NO LATER THAN 8/13/02 AT 12:00 COUNSEL SHALL NOTIFY THIS COURT IN CHAMBERS AS TO WHETHER OR NOT THE CONFLICT ISSUES CONCERNING THE SPECIAL MASTER HAVE BEEN RESOLVED; ETC. ( SIGNED BY JUDGE LOWELL A. REED JR. ) 7/18/02 ENTERED AND COPIES MAILED. (jt) (Entered: 07/18/2002) |
| 07/19/2002 | 57 | Transcript ESR, 7/16/02, Case management conference (jt) (Entered: 07/19/2002) |
| 07/23/2002 | 58 | ORDER THAT THIS CASE IS REASSIGNED FROM THE CALENDAR OF JUDGE LOWELL A. REED JR. TO THE CALENDAR OF JUDGE BRUCE W. KAUFMAN . ( SIGNED BY CLERK OF COURT MICHAEL E. KUNZ ) 7/23/02 ENTERED AND COPIES MAILED . (jt) (Entered: 07/23/2002) |
| 07/26/2002 | 59 | Entry of Appearance of ARLIN M. ADAMS for DEFENDANT VERIZON COMMUNICATIONS, INC. (np) (Entered: 07/29/2002) |
| 07/26/2002 | 60 | Memorandum by PLAINTIFF RONALD A. KATZ in Support of PLAINTIFF'S Proposed Scheduling Order, Declaration, Certificate of Service. (np) (Entered: 07/29/2002) |
| 07/26/2002 | 61 | Exhibits by PLAINTIFF RONALD A. KATZ to Declaration of Michael A. Morse, Esquire in Support of PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING L.P.'S Proposed Scheduling Order. (Filed Under Seal) (np) (Entered: 07/29/2002) |
| 07/29/2002 | 62 | ORDER THAT THIS CASE IS REASSIGNED FROM THE CALENDAR OF JUDGE BRUCE W. KAUFMAN TO THE CALENDAR OF JUDGE CLARENCE C. NEWCOMER ( SIGNED BY CLERK OF COURT MICHAEL E. KUNZ ) 7/30/02 ENTERED AND COPIES MAILED. (jt) (Entered: 07/30/2002) |
| 07/31/2002 | 63 | ORDER THAT A STATUS CONFERENCE IN THE ABOVE CASE IS SCHEDULED FOR 9/3/02 AT 3:30:, ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 8/1/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jt) (Entered: 08/01/2002) |
| 08/09/2002 | 64 | Memorandum by DEFENDANT VERIZON COMMUNICATION in support of its Proposed Scheduling Order and in Opposition to Plaintiff's Proposed Scheduling Order, Declaration, Certificate of Service. (rv) (Entered: 08/12/2002) |
| 08/09/2002 | -- | Memorandum by DEFENDANT , VERIZON COMMUNICATIO in opposition to PLAINTIFF'S proposed scheduling order, Declaration , Certificate of Service. (See Paper No. 64) , (rv) (Entered: 08/12/2002) |
| 08/09/2002 | 65 | Memorandum by DEFENDANT CELLCO PARTNERSHIP in support of CELLCO'S proposed scheduling order and in opposition to PLFF'S |

proposed scheduling order, declaration, Certificate of Service, (fb) (Entered: 08/12/2002)

| Date | No. | Entry |
|---|---|---|
| 08/19/2002 | 66 | UNOPPOSED MOTION BY PLAINTIFF RONALD A. KATZ TO EXTEND CERTAIN DEADLINES , CERTIFICATE OF SERVICE, (dt) (Entered: 08/20/2002) |
| 09/03/2002 | 67 | MOTION by PLAINTIFF RONALD A. KATZ TO RESCHEDULE THE RULE 16 CONFERENCE , MEMORANDUM, CERTIFICATE OF SERVICE. (jl) (Entered: 09/04/2002) |
| 09/04/2002 | 68 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF RODERICK R. McKELVIE, ESQUIRE PRO HAC VICE , CERTIFICATE OF SERVICE. (jl) (Entered: 09/05/2002) |
| 09/04/2002 | 69 | Appearance of RODERICK R. McKELVIE for PLAINTIFF RONALD A. KATZ , Certificate of Service. (withdrawal of appearance of ROBERT HASLAM). (jl) (Entered: 09/05/2002) |
| 09/05/2002 | 70 | Response by DEFENDANT . VERIZON COMMUNICATIO to PLAINTIFF RONALD KATZ MOTION TO RESCHEDULE THE RULE 16 CONFERENCE , Certificate of Service. (jl) (Entered: 09/05/2002) |
| 09/06/2002 | 71 | DEFENDANT CELLCO PARTNERSHIP opposition to Plaintiff's motion to reschedule Rule 16 Conference, Certificate of Service. (jl) (Entered: 09/06/2002) |
| 09/10/2002 | 72 | ORDER THAT THE STATUS CONFERENCE IN THE ABOVE CASE IS RESCHEDULED TO 9/24/02 AT 11:15; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 9/10/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jl) (Entered: 09/10/2002) |
| 09/11/2002 | 73 | ORDER THAT TO AID THE COURT IN DETERMINING ANY POSSIBLE CONFLICTS EACH PARTY TO THIS CASE SUBMITS A DISCLOSURE STATEMENT INCLUDING THE FOLLOWING: ALL OF THE PARENT CORPORATIONS OF THE PARTY; ALL PUBLICLY HELD CORPORATIONS THAT OWN TEN PERCENT OR MORE OF THE STOCK OF THE PARTY; ALL WHOLLY OWNED SUBSIDIARIES OF THE PARTY; ALL PUBLICLY HELD CORPORATIONS IN WHICH THE PARTY OWNS TEN PERCENT OR MORE OF THE STOCK; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 9/11/02 ENTERED AND COPIES MAILED AND FAXED BY THE CHAMBERS . (jl) (Entered: 09/11/2002) |
| 09/11/2002 | 74 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF RODERICK R. McKELVIE, ESQUIRE PRO HAC VICE IS GRANTED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 9/11/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jl) (Entered: 09/11/2002) |
| 09/17/2002 | 75 | Disclosure Statement by PLAINTIFF RONALD A. KATZ, Certificate of Service. (dt) (Entered: 09/17/2002) |
| 09/18/2002 | 76 | Disclosure Statement by DEFENDANT CELLCO PARTNERSHIP , Certificate of Service. (jl) (Entered: 09/18/2002) |
| 09/20/2002 | 77 | ORDER THAT THE PARTIES SUBMIT TO THIS COURT A PROPOSED AGENDA FOR THE STATUS CONFERENCE SCHEDULED FOR 9/24/02 AT 11:15; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 9/20/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jl) (Entered: 09/20/2002) |
| 09/24/2002 | 78 | MOTION BY PLAINTIFF RONALD A. KATZ FOR CHRISTOPHER J. HARNETT, ESQUIRE TO APPEAR PRO HAC VICE , CERTIFICATE OF SERVICE. (dt) (Entered: 09/25/2002) |
| 09/25/2002 | 79 | ORDER THAT DISCOVERY SHALL CONCLUDE ON 2/4/03; ALL DISPOSITIVE MOTIONS ARE DUE NO LATER THAN 2/11/03; A FINAL PRETRIAL CONFERENCE WILL BE HELD ON 3/3/03 AT 3:15; TRIAL OF THIS MATTER SHALL COMMENCE ON 4/1/03 AT 9:15; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 9/25/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jl) (Entered: 09/25/2002) |
| 10/01/2002 | 80 | ORDER THAT PLAINTIFF'S MOTION FOR CHRISTOPHER J. HARNETT, ESQUIRE TO APPEAR PRO HAC VICE IS GRANTED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 10/1/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jl) (Entered: 10/01/2002) |
| 10/08/2002 | 81 | Second Amended Answer with affirmative defenses and counterclaim by CELLCO PARTNERSHIP to amended complaint , Certificate of Service. (jl) (Entered: 10/08/2002) |

| 10/09/2002 | 82 | Appearance of ROBERT HASLAM for PLAINTIFF RONALD A. KATZ . (Jl) (Entered: 10/09/2002) |
| 10/11/2002 | 83 | Transcript SUZANNE WHITE, 9/24/02, In chambers Conference. (Jl) (Entered: 10/11/2002) |
| 10/11/2002 | 84 | MOTION by DEFENDANT . VERIZON COMMUNICATIO FOR ENTRY OF A PROTECTIVE ORDER RE RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S RENEWED NOTICE OF DEPOSITION OF LAWRENCE T. BABBIO , MEMORANDUM, CERTIFICATE OF SERVICE,EXHIBITS. (Jl) (Entered: 10/15/2002) |
| 10/15/2002 | 85 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF GENE LEE, ESQUIRE, PRO HAC VICE , CERTIFICATE OF SERVICE. (Jl) (Entered: 10/15/2002) |
| 10/15/2002 | 86 | Praecipe by DEFENDANT VERIZON COMMUNICATIO to Substitute Signature page in motion of Defendant VERIZON COMMUNICATIONS, INC. for entry of a protective order re Ronald Katz Technology Licensing, L.P. renewed notice of deposition of LAWRENCE T. BABBIO, CERTIFICATE OF SERVICE. (Jl) (Entered: 10/16/2002) |
| 10/16/2002 | 87 | ORDER THAT THE FINAL PRETRIAL CONFERENCE IS RESCHEDULED FROM 3/3/03 TO 3/25/03 AT 3:15 P.M., ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 10/16/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (Jl) (Entered: 10/16/2002) |
| 10/16/2002 | 88 | STIPULATION AND ORDER THAT PLAINTIFF RAKTL AND DEFENDANT VCI AND CELLCO AGREE THAT: CELLCO MAY FILE THE ATTACHED SECOND AMENDED ANSWER AND COUNTERCLAIMS AND NO LATER THAN TEN DAYS AFTER CELLCO FILES ITS SECOND AMENDED ANSWER RAKTL MAY FILE A RESPONSE AS PERMITTED BY RULES 7 AND 15 (a) OF THE FEDERAL RULES OF CIVIL PROCEDURE, ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 10/16/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (Jl) (Entered: 10/16/2002) |
| 10/16/2002 | 89 | MEMORANDUM AND ORDER THAT PLAINTIFF'S MOTION TO COMPEL DISCOVERY IS GRANTED IN PART AND DENIED IN PART, PLAINTIFF'S RESPONSE BRIEF TO VCI'S SUMMARY JUDGMENT MOTION SHALL BE DUE NO LATER THAN 11/4/02, ORAL ARGUMENT ON SAID MOTION SHALL BE HELD ON 11/19/02 AT 9:30 IN COURTROOM 13A, ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 10/16/02 ENTERED AND COPIES MAILED BY CHAMBERS. (Jl) (Entered: 10/16/2002) |
| 10/16/2002 | 90 | MOTION by MOVANT VERIZON PENNSYLVANIA, INC. TO INTERVENE , MEMORANDUM, EXHIBITS, CERTIFICATE OF SERVICE. (Complaint attached) (mbh) Modified on 10/17/2002 (Entered: 10/17/2002) |
| 10/17/2002 | 91 | ORDER THAT PLAINTIFF:S MOTION FOR ADMISSION OF GENE LEE, ESQUIRE, PRO HAC VICE IS GRANTED, ETC. (Attorney: GENE W. LEE) ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 10/17/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (Jl) (Entered: 10/17/2002) |
| 10/18/2002 | 92 | Second Amended answer with affirmative defenses and counterclaim by CELLCO PARTNERSHIP to Plaintiff's amended complaint, Certificate of Service. (Jl) (Entered: 10/18/2002) |
| 10/23/2002 | 93 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF JESSE J. JENNER; WILLIAM McCABE; SONE DE; REBECCA GIBBS; LYNEET NOLITT; JEFFREY KAPLAN; JEFFREY DAVID BLAKE; BRYAN VOGEL PRO HAC VICE , AFFIDAVIT, CERTIFICATE OF SERVICE. (Jl) (Entered: 10/23/2002) |
| 10/23/2002 | 94 | MOTION by PLAINTIFF RONALD A. KATZ FOR LEAVE TO FILE SECOND AMENDED COMPLAINT , MEMORANDUM, CERTIFICATE OF SERVICE. (second amended complaint attached). (Jl) (Entered: 10/24/2002) |
| 10/24/2002 | 95 | Status Report of PLAINTIFF RONALD A. KATZ Concerning Preliminary Identification of Representative Claims, Certificate of Service. (Jl) (Entered: 10/25/2002) |
| 10/29/2002 | 96 | MOTION by DEFENDANT CELLCO PARTNERSHIP FOR A PROTECTIVE ORDER PREVENTING PLAINTIFF KATZ TECHNOLOGY FROM DEPOSING DENNIS STRIGL (CELLCO'S PRESIDENT AND CEO) , MEMORANDUM, CERTIFICATE OF SERVICE. (Jl) (Entered: 10/30/2002) |
| 10/30/2002 | 97 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF SHAWN E. McDONALD, ESQUIRE, PRO HAC VICE ,CERTIFICATE OF SERVICE. (Jl) (Entered: 10/30/2002) |
| 10/30/2002 | 98 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF JESSE J. JENNER; WILLIAM McCABE; SONE DE; REBECCA GIBBS; LYNEET |

| 10/30/2002 | 99 | MOTION by PLAINTIFF RONALD A. KATZ TO SEAL EXHIBIT A TO MOTION FOR A PROTECTIVE ORDER PREVENTING PLAINTIFF KATZ TECHNOLOGY FROM DEPOSING DENNIS STRIGL (CELLCO'S PRESIDENT AND CEO) CERTIFICATE OF SERVICE. (JJ) (Entered: 10/31/2002) |
|---|---|---|
| 10/30/2002 | 100 | Memorandum by PLAINTIFF RONALD A. KATZ in opposition to VERIZON PENNSYLVANIA MOTION TO INTERVENE, Certificate of Service. (JJ) (Entered: 10/31/2002) |
| 11/01/2002 | 101 | ORDER THAT DEFENDANT CELLCO PARTNERSHIP'S MOTION TO SEAL EXHIBIT A TO MOTION FOR A PROTECTIVE ORDER PREVENTING PLAINTIFF KATZ TECHNOLOGY FROM DEPOSING DENNIS STRIGL (CELLCO'S PRESIDENT AND CEO) IS GRANTED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 11/1/02 ENTERED AND COPIES MAILED . (JJ) (Entered: 10/30/2002) A attached and placed under seal). (JJ) (Entered: 11/01/2002) |
| 11/01/2002 | 102 | ORDER THAT PLAINTIFF'S MOTION TO EXTEND CERTAIN DEADLINES IS DISMISSED AS MOOT, ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 11/1/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (Exhibit |
| 11/01/2002 | 103 | Plaintiff RONALD KATZ TECHNOLOGY LICENSING, L.P. reply with affirmative Defenses to second amended counterclaim of CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, Certificate of Service. (JJ) (Entered: 11/04/2002) |
| 11/01/2002 | 104 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF JAMES E. HOPENFELD, ESQUIRE PRO HAC VICE , CERTIFICATE OF SERVICE. (JJ) (Entered: 11/04/2002) |
| 11/04/2002 | 105 | MOTION by PLAINTIFF RONALD A. KATZ TO SEVER AND STAY CERTAIN OF ITS CLAIMS AGAINST VERIZON COMMUNICATIONS INC. ,OR ALTERNATIVELY TO DISMISS CLAIMS AGAINST VERIZON COMMUNICATIONS, INC. WITHOUT PREJUDICE , MEMORANDUM, CERTIFICATE OF SERVICE. (JJ) (Entered: 11/05/2002) |
| 11/04/2002 | 106 | Memorandum by PLAINTIFF RONALD A. KATZ in opposition to VERIZON COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT, Certificate of Service. (filed under seal). (JJ) (Entered: 11/05/2002) |
| 11/04/2002 | -- | Certain documents governed by Protective Order filed in yellow envelope. (JJ) (Entered: 11/05/2002) |
| 11/04/2002 | 107 | Declaration by PLAINTIFF RONALD A. KATZ attorney GREGORY MILLER AND EXHIBITS A-V, Certificate of Service. (filed under seal). (JJ) (Entered: 11/05/2002) |
| 11/05/2002 | 108 | MOTION by DEFENDANT , VERIZON COMMUNICATION FOR ADMISSION PRO HAC VICE OF MARK WEGENER, WILLIAM ROOKLIDGE, KEVIN BAER AND MATTHEW MOORE CERTIFICATE OF SERVICE. (JJ) (Entered: 11/05/2002) |
| 11/06/2002 | 109 | Memorandum by DEFENDANT RONALD A. KATZ in opposition to PLAINTIFF KATZ TECHNOLOGY'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT , Certificate of Service. (JJ) (Entered: 11/07/2002) |
| 11/06/2002 | 110 | Memorandum by DEFENDANT CELLCO PARTNERSHIP in opposition to PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT , Certificate of Service. (JJ) (Entered: 11/07/2002) |
| 11/07/2002 | 111 | ORDER THAT THE MOTION TO SEAL EXHIBIT C TO THE REPLY MEMORANDUM IN SUPPORT OF VERIZON PENNSYLVANIA INC.'S MOTION TO INTERVENE IS GRANTED. IT IS HEREBY ORDERED THAT EXHIBIT C IS SEALED AND SHALL BE TREATED AS SUCH BY ALL COUNSEL AND/OR PARTIES; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 11/8/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (JJ) (Entered: 11/08/2002) |
| 11/08/2002 | 112 | EXHIBIT C TO REPLY MEMORANDUM IN SUPPORT OF MOTION OF VERIZON PENNSYLVANIA, INC. TO INTERVENE. (filed under seal). (JJ) (Entered: 11/08/2002) |
| 11/08/2002 | 113 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF JAMES E. HOPENFELD, ESQUIRE PRO HAC VICE IS GRANTED; ETC. (Attorney: JAMES E. HOPENFELD) ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 11/8/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (JJ) (Entered: 11/08/2002) |

| 11/08/2002 | 114 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION PRO HAC VICE OF MARK WEGENER, WILLIAM ROOKLIDGE, KEVIN BAER AND MATTHEW MOORE IS GRANTED; ETC. (Attorney: MARK D. WEGENER, WILLIAM C. ROOKLIDGE, KEVIN G. BAER, MATTHEW J. MOORE) ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 11/8/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS, (jll) (Entered: 11/08/2002) |
| 11/12/2002 | 115 | MOTION by DEFENDANT . VERIZON COMMUNICATIO TO COMPEL ANSWERS TO INTERROGATORIES WITH REQUEST FOR EXPEDITED TREATMENT , MEMORANDUM, CERTIFICATE OF COUNSEL, CERTIFICATE OF SERVICE. (jll) (Entered: 11/13/2002) |
| 11/12/2002 | 116 | Reply by DEFENDANT . VERIZON COMMUNICATIO to Plaintiff's opposition to SUMMARY JUDGMENT OF NON-INFRINGEMENT, Certificate of Service. (jll) (Entered: 11/13/2002) |
| 11/12/2002 | 117 | Memorandum by PLAINTIFF RONALD A. KATZ in opposition to CELLCO'S MOTION FOR A PROTECTIVE ORDER PREVENTING PLAINTIFF KATZ TECHNOLOGY FROM DEPOSING DENNIS STRIGL (CELLCO'S PRESIDENT AND CEO), Certificate of Service. (jll) (Entered: 11/13/2002) |
| 11/18/2002 | 118 | Reply by DEFENDANT CELLCO PARTNERSHIP in support of its MOTION FOR A PROTECTIVE ORDER PREVENTING PLAINTIFF KATZ TECHNOLOGY FROM DEPOSING DENNIS STRIGL (CELLCO'S PRESIDENT AND CEO), Certificate of Service. (jll) (Entered: 11/19/2002) |
| 11/18/2002 | 119 | DEFENDANT VERIZON COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER AND STAY OR DISMISS WITHOUT PREJUDICE, CERTIFICATE OF SERVICE. (jll) (Entered: 11/19/2002) |
| 11/22/2002 | 120 | Transcript SIDNEY ROTHSCHILD, 11/19/02 Hearing. (jll) (Entered: 11/22/2002) |
| 11/25/2002 | 121 | ORDER THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT IS GRANTED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 11/25/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jll) (Entered: 11/25/2002) |
| 11/25/2002 | 122 | Second Amended complaint by PLAINTIFF RONALD A. KATZ, jury demand. (jll) (Entered: 11/25/2002) |
| 11/25/2002 | 123 | MOTION by PLAINTIFF RONALD A. KATZ FOR ADMISSION OF WILLIAM Z. NAKHLEH, ESQUIRE PRO HAC VICE ,CERTIFICATE OF SERVICE. (jll) (Entered: 11/26/2002) |
| 11/26/2002 | 124 | Status Report of PLAINTIFF RONALD A. KATZ Concerning Preliminary Identification Preliminary Identification of 23 Representative claims, Certificate of Service. (jll) (Entered: 11/27/2002) |
| 11/26/2002 | 125 | Memorandum by PLAINTIFF RONALD A. KATZ in opposition to Verizon's MOTION TO COMPEL ANSWERS TO INTERROGATORIES NOS. 1 AND 6, Certificate of Service. (jll) (Entered: 11/27/2002) |
| 11/26/2002 | 126 | Declaration of JAMES E. HOPENFELD, Certificate of Service. (jll) (Entered: 11/27/2002) |
| 12/02/2002 | 127 | MOTION by DEFENDANT . VERIZON COMMUNICATIO FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES , MEMORANDUM, CERTIFICATE OF SERVICE. (reply brief attached). (jll) (Entered: 12/03/2002) |
| 12/02/2002 | 128 | MOTION by PLAINTIFF RONALD A. KATZ TO COMPEL DISCOVERY FROM DEFENDANT CELLCO PARTNERSHIP , MEMORANDUM, CERTIFICATE OF COUNSEL, CERTIFICATE OF SERVICE, DECLARATION. (jll) (Entered: 12/03/2002) |
| 12/02/2002 | 129 | Third Amended answer with affirmative defenses and counterclaim of CELLCO PARTNERSHIP TO PLAINTIFF'S SECOND AMENDED COMPLAINT, Certificate of Service. (jll) (Entered: 12/03/2002) |
| 12/02/2002 | 130 | ORDER THAT DEFENDANT VERIZON COMMUNICATIONS, INC. MOTION FOR A PROTECTIVE ORDER RE: RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S RENEWED NOTICE OF DEPOSITION OF LAWRENCE T. BABBIO, IS GRANTED, IT IS FURTHER ORDERED THAT LAWRENCE T. BABBIO SHALL NOT BE REQUIRED TO GIVE ANY DEPOSITION IN THIS MATTER WITHOUT A FURTHER ORDER OF THIS COURT, ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/3/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS ON 12/2/02. (jpd) (Entered: 12/03/2002) |
| 12/03/2002 | 131 | ORDER THAT DEFENDANT VERIZON COMMUNICATIONS MOTION TO COMPEL ANSWERS TO INTERROGATORIES NUMBERS 1 AND 6 IS GRANTED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/3/02 ENTERED AND COPIES MAILED AND FAXED BY |

|  |  |  |
|---|---|---|
| | | CHAMBERS. (jl) (Entered: 12/03/2002) |
| 12/03/2002 | 132 | Answer with affirmative defenses and counterclaim of VERIZON COMMUNICATIONS, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT, Certificate of Service. (jl) (Entered: 12/04/2002) |
| 12/06/2002 | 133 | ORDER THAT GREGORY MILLER'S MOTION FOR ADMISSION OF WILLIAM Z. NAKHLEH, ESQUIRE PRO HAC VICE IS GRANTED., ETC. (Attorney: WILLIAM Z. NAKHLEH) ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/6/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jl) (Entered: 12/06/2002) |
| 12/06/2002 | 134 | Joint Claim Statement by PLAINTIFF RONALD A. KATZ, DEFENDANT , VERIZON COMMUNICATIO, DEFENDANT CELLCO PARTNERSHIP (jl) (Entered: 12/06/2002) |
| 12/09/2002 | 135 | DEFENDANT CELLCO PARTNERSHIP DISCLOSURE AND AGREEMENT OF MR. RAYMOND SIMS under 13 (D) and 14 of the Protective Order, Certificate of Service. (jl) (Entered: 12/10/2002) |
| 12/09/2002 | 136 | DEFENDANT CELLCO PARTNERSHIP DISCLOSURE AND AGREEMENT OF MR. RICHARD DONALDSON under 13 (D) AND 14 OF THE PROTECTIVE ORDER, Certificate of Service. (jl) (Entered: 12/10/2002) |
| 12/11/2002 | 137 | MOTION by DEFENDANT . VERIZON COMMUNICATIO TO EXCLUDE FROM CLAIM CONSTRUCTION PROCESS CLAIMS FROM PLAINTIFF DID NOT IDENTIFY IN ITS 10/24/02 SUBMISSION TO THE COURT , MEMORANDUM, CERTIFICATE OF SERVICE. (jl) (Entered: 12/12/2002) |
| 12/13/2002 | 138 | Corrected Claim Construction Outline by PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P., Certificate of Service. (mbh) (Entered: 12/16/2002) |
| 12/16/2002 | 139 | Plaintiff RONALD KATZ TECHNOLOGY Reply to third amended counterclaim of CELLCO PARTNERSHIP, CERTIFICATE OF SERVICE. (jl) (Entered: 12/17/2002) |
| 12/16/2002 | 140 | RONALD A. KATZ to answer and counterclaim of VERIZON COMMUNICATIONS, INC. to Plaintiff's second amended complaint for patent infringement, Certificate of Service. (jl) (Entered: 12/17/2002) |
| 12/17/2002 | 141 | MOTION by PLAINTIFF RONALD A. KATZ FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS PURSUANT TO FED.R.CIV.30 (a)(2)(A) , MEMORANDUM, CERTIFICATE OF SERVICE. (jl) (Entered: 12/17/2002) |
| 12/17/2002 | 142 | MOTION by PLAINTIFF RONALD A. KATZ TO SUPPLEMENT THE COURT'S 9/24/02 SCHEDULING ORDER TO SET FORTH DATES FOR EXCHANGE OF EXPERT REPORTS AND DEPOSITIONS , MEMORANDUM, CERTIFICATE OF SERVICE. (jl) (Entered: 12/18/2002) |
| 12/18/2002 | 143 | ORDER THAT DEFENDANT VERIZON COMMUNICATIONS INCORPORATED MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT IS GRANTED. JUDGMENT IS ENTERED IN FAVOR OR DEFENDANT VCI AND AGAINST THE PLAINTIFF., ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/18/02 ENTERED AND COPIES MAILED . (jl) (Entered: 12/18/2002) |
| 12/18/2002 | 144 | ORDER THAT PLAINTIFF'S MOTION TO SEVER AND STAY CERTAIN OF ITS CLAIMS AGAINST VERIZON COMMUNICATIONS INC. OR TO DISMISS CLAIMS AGAINST VERIZON COMMUNICATIONS, INC. WITHOUT PREJUDICE IS DENIED AS MOOT. SUMMARY JUDGMENT HAS BEEN GRANTED IN FAVOR OF VERIZON COMMUNICATIONS INCORPORATED, THUS, ALL OF THE CLAIMS WHICH THIS MOTION ADDRESSES ARE NO LONGER PART OF THIS LITIGATION, ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/18/02 ENTERED AND FAXED BY CHAMBERS. (jl) (Entered: 12/18/2002) |
| 12/18/2002 | 145 | ORDER THAT VERIZON OF PENNSYLVANIA MOTION TO INTERVENE IS DENIED , ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/18/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jl) (Entered: 12/18/2002) |
| 12/18/2002 | 146 | Joinder by DEFENDANT CELLCO PARTNERSHIP in motion to exclude claims, Certificate of service. (jl) (Entered: 12/19/2002) |
| 12/20/2002 | 147 | Petition of PLAINTIFF RONALD A. KATZ to Voluntarily withdraw its motion to supplement the court's 9/24/02 Scheduling Order to set forth dates for exchange of expert reports and depositions , Certificate of Service. (jl) (Entered: 12/20/2002) Modified on 12/23/2002 (Entered: |
| 12/20/2002 | 148 | Brief by DEFENDANT CELLCO PARTNERSHIP, Certificate of Service, Exhibits, Declarations. (jl) (Entered: 12/23/2002) |

| 12/20/2002 | 149 | BINDER OF KATZ PATENTS THAT CONTAIN SELECTED REPRESENTATIVE CLAIMS. (jll) (Entered: 12/23/2002) |
| 12/20/2002 | 150 | PLAINTIFF RONALD A. KATZ CLAIM CONSTRUCTION BRIEF, Certificate of Service. (jll) (Entered: 12/23/2002) |
| 12/20/2002 | 151 | Memorandum by PLAINTIFF RONALD A. KATZ in opposition to CELLCO'S MOTION TO EXCLUDE CLAIMS, Certificate of Service. (jll) (Entered: 12/23/2002) |
| 12/23/2002 | 152 | ORDER THAT DEFENDANT CELLCO PARTERHIP'S MOTION FOR A PROTECTIVE ORDER PREVENTING PLAINTIFF KATZ TECHNOLOGY FROM DEPOSING DENNIS STRIGL (CELLCO'S PRESIDENT AND CEO) IS GRANTED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/23/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jll) (Entered: 12/23/2002) |
| 12/23/2002 | 153 | STIPULATION AND ORDER THAT BY 1/27/03 THE PARTIES EXCHANGE BY FAX AND OVERNIGHT COURIER OPENING EXPERT REPORTS ON ISSUES FOR WHICH A PARTY BEARS THE BURDEN OF PROOF, BY 2/17/03 THE PARTIES EXCHANGE BY FAX AND OVERNIGHT COURIER RESPONSIVE EXPERT REPORTS, BY 2/28/03 COMPLETION OF EXPERT DEPOSITIONS, ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/23/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jll) (Entered: 12/23/2002) |
| 12/23/2002 | 154 | ORDER THAT PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT CELLCO PARTNERSHIP IS DENIED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/23/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jll) (Entered: 12/23/2002) |
| 12/23/2002 | 155 | Reply Memorandum by DEFENDANT CELLCO PARTNERSHIP in support of motion to exclude claims , Certificate of Service. (jll) (Entered: 12/24/2002) |
| 12/24/2002 | 156 | ORDER THAT DEFENDANT VERIZON COMMUNICATIONS MOTION TO EXCLUDE FROM THE CLAIM CONSTRUCTION PROCESS CLAIMS FROM PLAINTIFF DID NOT IDENTIFY IN ITS 10/24/02 SUBMISSION TO THE COURT IS GRANTED; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 12/24/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jll) (Entered: 12/24/2002) |
| 12/27/2002 | 157 | MOTION UNDER FED.R.CIV.P. 37 (b) by PLAINTIFF RONALD A. KATZ TO STRIKE DEFENDANT CELLCO PARTNERSHIP'S PROPOSED CLAIM CONSTRUCTIONS FOR VIOLATION OF THE COURT'S 9/24/02 ORDER , MEMORANDUM, CERTIFICATE OF SERVICE. (jll) (Entered: 12/27/2002) |
| 01/03/2003 | 158 | STIPULATION AND ORDER THAT THIS ACTION IS STAYED FOR A PERIOD OF 30 DAYS FROM THE EXECUTION OF THIS STIPULATION BY KATZ AND CELLCO, AND THAT ALL DATES IN THIS ACTION ARE DEFERRED BY 30 DAYS, INCLUDING THE DATE FOR THE COMMENCEMENT OF TRIAL AND THE OTHER DATES SET FORTH IN THE COURT'S SCHEDULING ORDERS OF 9/24 AND 10/15/ AND 12/23/02; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 1/3/03 ENTERED AND COPIES MAILED AND FAXED. (jll) (Entered: 01/03/2003) |
| 02/13/2003 | 159 | STIPULATION AND ORDER THAT ALL CLAIMS AND COUNTERCLAIMS ASSERTED BY AND BETWEEN THE PARTIES ARE DISMISSED WITH PREJUDICE; AND EACH OF THE PARTIES SHALL BEAR ITS OWN COSTS AND ATTORNEY FEES; ETC. ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 2/13/03 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jll) (Entered: 02/13/2003) |
| 02/13/2003 | -- | Case closed (kv) (Entered: 02/21/2003) |
| 03/07/2003 | 160 | Notice of appeal by PLAINTIFF RONALD A. KATZ , Fee Status: 105.00 . Copies to: JUDGE CLARENCE C. NEWCOMER , Clerk USCA, Appeals Clerk, and ARLIN M. ADAMS, DIANE SIEGEL DANOFF, ROBERT C. HEIM, MARC S. SEGAL, MATTHEW J. SIEMBIEDA, WILLIAM C. ROOKLIDGE, MARGARET S. WOODRUFF, TIMOTHY D. KATSIFF, WILLIAM J. NAKHLEH, MATTHEW J. MOORE, KEVIN G. BAER, MARK D. WEGENER, JAMES E. HOPENFELD, BRYAN J. VOGEL, JEFFREY DAVID BLAKE, JONATHAN M. KAPLAN, LYNETTE NOBLITT, REBECCA GIBBS, SONA DE, WILLIAM J. MCCABE, JESSE J. JENNER, GENE W. LEE, CHRISTOPHER J. HARNETT, RODERICK R. MCKELVIE, MICHAEL A. MORSE, MICHAEL M. MARKMAN, STANLEY YOUNG, NITIN SUBHEDAR, ROBERT T. HASLAM, LILLIAN C. HENRY, SARAH ELIZABETH MITCHELL, GREGORY P. MILLER, Certificate of Service. (jll) (Entered: 03/10/2003) |
| 03/07/2003 | 161 | Copy of Clerk's notice to the Federal Circuit : [160-1] appeal to the Federal Circuit. (jll) (Entered: 03/10/2003) |
| 03/18/2003 | 162 | Copy of TPO form ref: [160-1] appeal . (jll) (Entered: 03/18/2003) |
| 03/24/2003 | -- | Notice of Docketing ROA from USCA Re: [160-1] appeal US FEDERAL CIRCUIT, NUMBER: 03-1301 . 3/20/03 (jll) (Entered: |

| | | |
|---|---|---|
| 03/24/2003 | | |
| 04/18/2003 | 163 | MOTION by PLAINTIFF RONALD A. KATZ FOR RELIEF FROM JUDGMENT , CERTIFICATE OF SERVICE, BRIEF , DECLARATION, (filed under seal). (jll ) (Entered: 04/21/2003) |
| 04/24/2003 | 164 | Declaration of MICHAEL MORSE, Certificate of Service. (jll) Additional attachment(s) added on 7/7/2003 (cd,). (Entered: 04/24/2003) |
| 05/02/2003 | 165 | MOTION by DEFENDANT , VERIZON COMMUNICATIO TO FILE UNDER SEAL VERIZON COMMUNICATIONS INC.'S OPPOSITION TO RAKTL'S MOTION FOR RELIEF FROM JUDGMENT AND DECLARATION OF KEVIN G. BAER IN SUPPORT THEREOF , CERTIFICATE OF SERVICE. (opposition to RAKTL'S MOTION atached). (jll ) (Entered: 05/05/2003) |
| 05/07/2003 | 166 | ORDER THAT THE MOTION TO FILE UNDER SEAL VERIZON COMMUNICATIONS INC.'S OPPOSITION TO RAKTL'S MOTION FOR RELIEF FROM JUDGMENT AND DECLARATION OF KEVIN G. BAER IN SUPPORT THEREOF IS GRANTED; ( SIGNED BY JUDGE CLARENCE C. NEWCOMER ) 5/7/03 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (jll ) (Entered: 05/07/2003) |
| 05/07/2003 | 167 | VERIZON COMMUNICATIONS OPPOSITION TO RAKTL'S MOTION FOR RELIEF FROM JUDGMENT , Certificate of Service, Declarations . (filed under seal). (jll) (Entered: 05/07/2003) |
| 05/16/2003 | 168 | MOTION by PLAINTIFF RONALD A. KATZ TO FILE UNDER SEAL REPLY BRIEF OF PLAINTIFF RONALD KATZ TECHNOLOGY LICENSING IN SUPPORT OF ITS MOTION FOR RELIEF FROM JUDGMENT AND SUPPORTING DECLARATION RODERICK MCKELVIE CERTIFICATE OF SERVICE, DECLARATIONS. (reply brief attached). (filed under seal). (jll) (Entered: 05/19/2003) |
| 06/24/2003 | 169 | RONALD A. KATZ TECHNOLOGY LICENSING, L.P. MOTION TO REQUEST ORAL ARGUMENT ON PENDING RULE 60 (B) MOTION, DECLARATION, CERTIFICATE OF SERVICE..(jll ) Additional attachment(s) added on 7/29/2003 (jll , ). (Entered: 06/25/2003) |
| 06/26/2003 | 170 | VERIZON COMMUNICATIONS INC. RESPONSE TO KATZ LICENSING'S MOTION TO REQUEST ORAL ARGUMENT ON PENDING RULE 60 (B)MOTION, CERTIFICATE OF SERVICE. (jll , ) (Entered: 06/27/2003) |
| 08/19/2003 | 171 | ORDER THAT PLAINTIFF'S MOTION TO FILE UNDER SEAL REPLY BRIEF IS GRANTED AND THE CLERK IS DIRECTED TO FILE THESE DOCUMENTS UNDER SEAL.SIGNED BY JUDGE CLARENCE C. NEWCOMER ON 8/18/03,8/20/03 ENTERED AND COPIES MAILED AND COPIES FAXED BY CHAMBERS ON 8/19/03. (cd4, ) (Entered: 08/20/2003) |
| 07/15/2004 | 172 | STIPULATION AND ORDER THAT ALL CLAIMS AND COUNTERCLAIMS ASSERTED BY AND BETWEEN THE PARTIES INCLUDING PLAINTIFF'S PENDING MOTION FOR RELIEF FROM JUDGMENT ARE DISMISSED WITH PREJUDICE AND EACH PARTY SHALL BEAR ITS OWN COSTS AND ATTORNEY FEES, ETC.. SIGNED BY JUDGE CLARENCE C. NEWCOMER ON 7/15/04. 7/15/04 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS.(jll ) (Entered: 07/15/2004) |

Copyright © 2006 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

# EXHIBIT D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          **P-SEND**
CIVIL MINUTES - GENERAL

CASE NO: **CV 01-9871-RGK (RCx)**          **DATE:  February 4, 2004**

TITLE:     *VERIZON CALIFORNIA, INC. v. RONALD A. KATZ TECHNOLOGY LICENSING LP*

---

PRESENT:   **THE HONORABLE R. GARY KLAUSNER, U.S. DISTRICT JUDGE**

Sharon L. Williams                        Not Reported
Courtroom Clerk                           Court Reporter

ATTORNEY FOR PLAINTIFF:          ATTORNEY FOR DEFENDANT:

Not Present                               Not Present

---

PROCEEDINGS:     (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO
                 MODIFY THE SCHEDULING ORDER FOR LIMITED
                 DISCOVERY AND TO SUPPLEMENT EXPERT REPORTS (Docket
                 Entry 624)

     Plaintiff Verizon California, Inc. ("Verizon") moves to modify the September 25, 2002
Scheduling Order for additional, limited discovery and for supplementation of expert reports, and
for sanctions against Ronald A. Katz Technology Licensing, L.P. ("Katz").  The Court has read
the moving and responding papers.[1]  For the reasons set forth below, the Court grants Verizon's
motion.

I.     **BACKGROUND**

     In September 2003, long after the close of fact discovery, Verizon received more than
130,000 pages of documents (the "First Data documents") from Katz.  The First Data documents
appear to have been produced in 1998 by First Data Resources, Inc.[2] ("First Data") in response to
a third-party subpoena in another litigation, Ronald A. Katz, Tech. Licensing, L.P., and MCI
Telecomms. Corp. v. AT&T Corp., et al., Civil Action No. 97-4453 (E.D. Pa.) ("the AT&T
litigation").  See Hopenfeld Decl. Ex. A.  The First Data documents appear to be copies of

---

[1] The court grants Verizon's Motion to Strike Katz's Response to Verizon California's Reply In Support of
Motion to Modify Scheduling Order For Limited Discovery And to Supplement Expert Reports And For Sanctions
("Response").  As such, Katz's response will not be considered.

[2] First Data Resources, Inc. is the sole limited partner of defendant Ronald A. Katz Technology Licensing,
L.P.  See Baer Decl. Ex. 15.

1



documents produced by First Data as plaintiff in a prior litigation, First Data Corp. v. West
Interactive Corp., CV 91-4471 TJH (Tx) (C.D. Cal. 1994) ("the West Interactive litigation"). In
the AT&T Litigation, First Data designated a portion of the First Data documents as confidential
information pursuant to a protective order. See Baer Decl. Ex. 29. According to Katz, the First
Data documents were in the possession of the law firm Heller, Ehrman, White & McAuliffe
("Heller, Ehrman"), the firm that represented Katz in the AT&T litigation. Markman Decl. ¶ 5.
In addition, pursuant to the protective order in the AT&T litigation, Heller, Ehrman, according to
Katz, was not permitted to disclose any documents subject to the protective order in the AT&T
litigation without First Data's permission. See generally Hopenfeld Decl. Ex. C.

   Verizon now moves, in light of Katz's allegedly belated document production, 1) to
modify the September 25, 2002 Scheduling Order to allow it to take limited discovery and to
supplement its expert reports and initial disclosure, 2) to compel production of additional
documents, and 3) to sanction Katz by seeking an order preventing Katz from relying on any of
the First Data documents at trial.

   The circumstances surrounding the eventual production of the First Data documents
appear to be consistent with the long line of discovery disputes between the parties in this
litigation. Verizon served document requests, which appear to cover the First Data documents, on
Katz in June 2002 and November 2002. Baer Decl. Exs. 20, 21. Katz does not appear to dispute
that the documents at issue in this motion are responsive to at least Verizon's document requests
served on November 15, 2002. Indeed, one document suggests that Katz knew that it would
eventually have to produce the First Data documents, as Heller, Ehrman appears to have
retrieved the First Data documents from storage in October 2002. See Baer Decl. Ex. 4. On
December 11, 2002, Katz responded that it would produce documents covered by Verizon's
Request for Documents No. 50. See Hopenfeld Decl. Ex. S. Subsequently, on March 3, 2003,
Magistrate Judge Chapman granted-in-part Verizon's motion to compel production under
Verizon's document requests, including Document Request No. 50 (all previous litigation
documents). At the February 26, 2003 hearing on Verizon's motion to compel, Katz indicated
that it was making responsive documents available for production at Heller, Ehrman. Baer Decl.
Ex. 2 at 47. The First Data documents, however, were not made available for inspection when
Verizon sent its attorneys to Northern California in March 2003. See Baer Decl. Ex. 3 at 21.
Rather, the First Data documents were separated from the production pending permission to
disclose from First Data. Garten Decl. ¶ 3. According to Katz, Verizon's attorney was made
aware of the fact that certain documents were being withheld pending permission from an
unspecified third party. Id. ¶ 4.

   During the February 26, 2003 hearing on Verizon's motion to compel, Magistrate Judge
Chapman ordered Katz to provide a verification under Fed. R. Civ. Proc. 26(g) that its production
responsive to a certain set of document requests and interrogatories, including Request for
Documents No. 50, was complete. Despite the remaining issues surrounding the First Data
documents, Katz filed its verification on March 7, 2003. Hopenfeld Decl. Ex. V. Not until early
April 2003 did Katz ask First Data for permission to release the First Data documents to Verizon.
Baer Decl. Ex. 3 at 31-32. First Data eventually responded in June 2003. After receiving First

Data's authorization, Katz offered the documents for inspection in early July 2003. Baer Decl. ¶ 3. On July 10, 2003, Verizon requested that copies be made and sent to it. Baer Decl. Ex. 22. Katz finally produced copies of the First Data documents on September 3, 2003. Baer Decl. Ex. 5. Thereafter, Katz and Verizon met and corresponded to negotiate the consequences, if any, of Katz's belated production of the First Data documents. See, e.g., Baer Decl. Exs. 3 at 25-26; see also id. Exs. 5, 27, 28, 32, 33; see also Hopenfeld Decl. Ex. G. Verizon filed this motion after the parties failed to reach an agreement.

Verizon's motion is disingenuous, contends Katz, because Verizon's trial counsel, Howrey, Simon, Arnold & White LLP ("Howrey"), knew or should have known about the existence of the First Data documents since at least 1998, because Howrey was an attorney of record in the AT&T litigation, and even received copies of the First Data documents in connection its representation of American Transtech in the AT&T ligitation. Katz contends that although Verizon knew of the First Data documents, Verizon failed to specifically move to compel production of those documents, or take any other action to obtain discovery related to the First Data documents. Katz further argues that Verizon should have obtained the documents or the requisite permissions to use the documents directly from First Data. In response, Verizon contends that Howrey should not be charged with notice of the contents of the American Transtech files, as American Transtech is not a party to this litigation and the Howrey attorneys that would have reviewed the First Data documents had all left the firm before the present litigation was filed. See Moore Decl. ¶¶ 3, 4. Moreover, Verizon points out that significant amounts of the First Data documents in the American Transtech files are missing, as many of the documents had been returned. See Levine ¶¶ 5, 6. Verizon also argues that because it received certain documents with a First Data ("FD") bates stamp during the course of discovery, Levine Decl. ¶ 2, and in light of Katz's verification under Rule 26(g), Verizon was mislead into believing that Katz was not withholding any documents.

## II.    ANALYSIS

In general, a pretrial scheduling order can only be modified "upon a showing of good cause." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. at 609. If the party seeking the modification "was not diligent," the motion to modify should not be granted. Id.

The record demonstrates that Verizon has been diligent in pursuing discovery of the First Data documents, and that good cause exists for modifying the scheduling order to permit limited discovery relating to the First Data documents. While the record appears to indicate that Howrey knew of the West Interactive litigation, and possessed the means to determine at least the existence of the First Data documents in its own files, the evidence presented adequately suggest that Verizon's attorneys had actual knowledge of, or sufficient access to, the First Data documents themselves. The record also suggests that Verizon was not in a position to know that Katz failed

to produce the bulk of the First Data documents. In addition, Verizon's efforts to obtain other third-party documents from the AT&T litigation suggests that, had it actually known of the First Data documents, Verizon would have sought to specifically obtain their production.

Furthermore, Katz cannot use the fact that Verizon's attorneys had copies of the First Data documents in its own files due to their representation of a third party in the AT&T litigation to foist its discovery obligations on Verizon. As Katz admitted at the "meet and confer" phone conference of October 16, 2003, it knew of the First Data documents, had the means to gain the requisite permissions to obtain or produce them, but essentially did nothing until after the close of fact discovery. See Baer Decl. Ex. 3 at 74. Specifically, it appears that Heller, Ehrman held the First Data documents on Katz's behalf, albeit subject to the protective order in the AT&T litigation. Katz does not dispute that the First Data documents are directly responsive to Verizon's requests for documents and fall within Magistrate Judge Chapman's order to compel of March 3, 2003. Furthermore, it appears that the protective order in the AT&T litigation merely required Katz to provide First Data ten days notice before producing the First Data documents to Verizon.[3] See Hopenfeld Decl. Ex. C (September 29, 1997 Protective Order ¶ 13). Yet, despite the March 3, 2003 Order and its Rule 26(g) verification to the contrary, Katz did not attempt to obtain the at issue documents from First Data until April 2003.

In addition, the information in the First Data documents themselves appears to establish good cause to modify the scheduling order to permit the limited discovery and supplementation Verizon seeks. Specifically, Verizon has made a sufficient showing that good cause exists to modify the scheduling order to permit the depositions of Mssrs. Katz, Nilsson, Stewart[4], and Carbullido to take further discovery relating to the First Data documents. Good cause also exists to allow Verizon to obtain discovery into missing, redacted, or withheld documents from the First Data document production of September 2003. In light of the foregoing, good cause also exists for permitting Verizon to supplement its expert reports on the subjects of invalidity, inequitable conduct and damages to the extent necessitated by information in the First Data documents or obtained from the depositions and further discovery allowed by this Order. Still further, good causes exists for requiring Katz to produce documents identified in its privilege log that fall within the scope of Katz's waiver of the attorney-client privilege. Verizon's showing on this motion is inadequate, however, to resolve the scope of Katz's waiver, which appears to extend beyond the First Data documents produced to date. Accordingly, the parties should resolve the scope of Katz's waiver according to the ordinary rules of discovery practice, as discussed in more detail below.

---

[3] Neither party offers legal precedent or cogent explanation that elucidates how or why the Protective Order issued in the AT&T litigation affects this case. Nevertheless, the parties appear to believe that the AT&T Protective Order prevents the immediate production of First Data documents by Katz.

[4] While it appears to be quite a stretch for the document authored by Mr. Stewart, by itself, to demonstrate or suggest that Katz was not the actual inventor of the claims at issue in this litigation, the document portends at least the possibility of implementation problems with the Katz system, which Verizon should fairly be allowed to probe

Furthermore, the record submitted by the parties in connection with this motion reveals, at the very least, a disturbingly casual attitude by Katz as to its discovery obligations, court orders, and the significance of its verification under Rule 26(g). As discussed above, Katz knew the First Data documents were directly responsive to Verizon's discovery requests and an order by the Magistrate Judge compelling production under Verizon's discovery requests. Notwithstanding its contentions as to how Verizon should have ultimately obtained access to the First Data documents, Katz's filing of its Rule 26(g) verification, essentially stating that all responsive documents have been produced, in the face of the circumstances described above greatly disturbs the Court. Accordingly, as a sanction to Katz, the Court also orders that Katz may not rely on the First Data documents, or any other documents produced by Katz pursuant to this Order, in any further proceedings in this case.[5]

Verizon's motion also seeks permission to add analysis of two prior art references (the "VCT references") to its expert report on the subject of invalidity. Despite having been made aware of these references in April 2003 (albeit after the deadline for its expert report), Verizon waited until this motion to seek leave to add the VCT references to its expert report. While the documents themselves appear to establish good cause for allowing the requested supplementation, Verizon has not demonstrated the requisite diligence. Specifically, Verizon's requested supplementation comes almost eight months after the VCT references were first brought to Verizon's attention. Furthermore, the delay in requesting supplementation is unconnected to Katz's belated production of the First Data documents. While the Court is certainly sensitive to the demands placed on both parties' counsel by this litigation, Verizon has not presented an adequate reason as to why it did not move to supplement its expert report on the subject of invalidity with the VCT references until December 2003.

The Court, however, is inclined to grant Verizon's request as a further sanction to Katz for its Rule 26(g) verification and subsequent production of the clearly responsive First Data documents. Further, Verizon's requested supplementation advances the judicial policy of adjudicating a dispute on its merits, rather than on procedural matters. This consideration has especial force in a patent litigation where a prior art reference that may potentially invalidate a patent claim, which affects more than just the rights of the parties to the litigation, may be withheld from consideration merely because it was discovered after a court-imposed deadline. In addition, in light of the new trial date set forth in the Court's scheduling order of December 22, 2003, Katz will not be prejudiced by Verizon's requested supplementation. Accordingly, the Court shall permit Verizon to supplement its expert report on the subject of invalidity to include the VCT references, and to add Mr. Bill Hutchinson to its initial disclosure.

---

[5] This Order shall also serve as an indication to both parties that this Court shall not blithely tolerate the belated production of responsive documents during the discovery periods set forth in the December 22, 2003 Order, and further expects nothing less than proactive cooperation and performance by both parties in the satisfaction of their respective discovery obligations.

## III.    CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** Verizon's Motion to Modify the Scheduling Order for Limited Discovery and to Supplement Expert Reports. The Court modifies the scheduling order as set forth below:

a) Within 7 days of this Order, Katz shall produce all missing, redacted or withheld documents from the First Data documents produced in September 2003 that are in Katz's possession, custody or control.

b) Within 7 days of this Order, Katz shall produce all documents on its privilege log that fall within the scope of Katz's waiver resulting from the production of the First Data documents. If there is any dispute concerning the scope of Katz's waiver, the parties shall also meet and confer regarding this dispute within 7 days of this Order. Any remaining dispute concerning the scope of Katz's waiver of the Attorney-Client Privilege or Attorney Work Product protections is to handled by normal discovery motion practice before Magistrate Judge Chapman. Furthermore, this Order hereby instructs the Magistrate Judge not to hesitate in the use of appropriate sanctions (monetary or otherwise) if, in the Magistrate Judge's Opinion, Katz has unreasonably withheld responsive documents that clearly fall within the scope of its waiver.

c) Verizon may depose Mssrs. Katz, Nilsson, Stewart, and Carbullido on topics relating to the First Data documents, as well as any documents obtained pursuant to this Order. Katz shall make each witness available for deposition within 14 days of Katz's completed document production as required by this Order, any order of the Magistrate Judge, or pursuant to any resolution of all discovery disputes by the parties concerning the scope of Katz's waiver.

In addition, Verizon may supplement its initial disclosure to add Mr. Bill Hutchinson. Verizon may also supplement its expert reports on the subjects of invalidity, inequitable conduct and damages based on the First Data documents, the documents and testimony resulting from the limited discovery permitted by this Order, and the two VCT references. Verizon shall file its supplemental expert reports, if any, within 21 days of the later of 1) the conclusion of the depositions ordered above, or 2) Katz's completed document production pursuant to this Order.

The Court hereby orders that, except in connection with resolving the scope of Katz's waiver of the attorney-client or attorney work product privilege, Katz may not rely on any of the First Data documents, or any other document produced pursuant to this Order, in any further proceeding in this case.

**IT IS SO ORDERED.**

MINUTES                                                    Initials of Deputy Clerk: sfw
CIV - GEN

6

# EXHIBIT E

| Defendants in Actions filed by RAKTL | | | | |
|---|---|---|---|---|
| Civil Action No. | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 05-142 | U S D C Eastern District of Texas (Texarkana) | Citibank, N.A. | NA | 399 Park Ave New York, NY 10111 |
| 05-142 | U S D C Eastern District of Texas (Texarkana) | Citibank, F S B | NA | 11800 Spectum Center Reston, Virginia 20190 |
| 05-142 | U S D C Eastern District of Texas (Texarkana) | Citibank (West), F.S.B. | NA | 1 Sansome Street San Francisco, California 94104 |
| 05-142 | U S D C Eastern District of Texas (Texarkana) | Citibank (South Dakota), N.A. | Delaware | 701 East 60th Street North Sioux Falls, South Dakota 57117 |
| 05-142 | U S D C Eastern District of Texas (Texarkana) | Citibank USA, N.A. | NA | 701 East 60th Street North Sioux Falls, South Dakota 57117 |
| 05-142 | U S D C Eastern District of Texas (Texarkana) | Citicorp Investment Services | Delaware | One Court Square 24th Floor Long Island City, New York 11120 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Discover Financial Services, Inc. | Delaware | 2500 Lake Cook Road Riverwoods, Illinois 60015 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Discover Bank | Delaware | 502 E Market Street Greenwood, Delaware 19950 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | T-Mobile USA, Inc | Delaware | 12920 S E 38th St Bellevue, Washington 98006 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Wal-Mart Stores, Inc. | Delaware | 702 S W Eighth Street Bentonville, Arkansas 72716 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Wal-Mart Stores East, L P | Delaware | 702 S W Eighth Street Bentonville, Arkansas 72716 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Wal-Mart Stores Texas, L.P. | Texas | 702 S W Eighth Street Bentonville, Arkansas 72716 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Sam's East, Inc. | Arkansas | 702 S W Eighth Street Bentonville, Arkansas 72716 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Sam's West, Inc | Arkansas | 702 S W Eighth Street Bentonville, Arkansas 72716 |
| 06-182 | U S D C Eastern District of Texas (Texarkana) | Wal-Mart.Com, Inc | California | 702 S W Eighth Street Bentonville, Arkansas 72716 |
| 06-188 | U S D C Eastern District of Texas (Texarkana) | American Electric Power Company, Inc | New York | 1 Riverside Plaza Columbus, Ohio 43215 |
| 06-188 | U S D C Eastern District of Texas (Texarkana) | Southwestern Electric Power Company | Delaware | Shreveport, Louisiana |

| Defendants in Actions filed by RAKTL | | | | |
|---|---|---|---|---|
| Civil Action No. | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | CenterPoint Energy Inc. | Texas | 1111 Louisiana Houston, TX 77002 |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | CenterPoint Energy Houston Electric LLC | Texas | 1111 Louisiana Houston, TX 77002 |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | Centerpoint Energy Resources Corp. | Texas | 1111 Louisiana Houston, TX 77002 |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | Target Corp. | Minnesota | 1000 Nicollet Mall Minneapolis, Minnesota 55403 |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | Target Bank | Utah | 299 S  Main Street Suite 2050 Salt Lake City, Utah 84111 |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | Target National Bank | South Dakota | 3901 W  53rd Street Sioux Falls, South Dakota 57106 |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | Whirlpool Corporation | Delaware | Whirlpool Center 2000 M-63 Benton Harbor Michigan 49002 |
| 06-188 | U S D C  Eastern District of Texas (Texarkana) | American Electric Power WR | Not listed in Complaint   It is listed on Exhibit A, Schedule of Actions | |
| 06-177 | U S D C  Eastern District of Texas (Lufkin) | Alltel Corporation | Delaware | One Allied Drive Little Rock, Arkansas 72202 |
| 06-177 | U S D C  Eastern District of Texas (Lufkin) | Alltel Communications Wireless, Inc. | Louisiana | One Allied Drive Little Rock, Arkansas 72202 |
| 06-177 | U S D C  Eastern District of Texas (Lufkin) | Alltel Communications of Texarkana, Inc. | Louisiana | One Allied Drive Little Rock, Arkansas 72202 |
| 06-191 | U S D C  Eastern District of Texas (Lufkin) | Cox Communications, Inc. | Delaware | 1400 Lake Hearn Drive Atlanta, GA 30319 |
| 06-191 | U S D C  Eastern District of Texas (Lufkin) | Coxcom, Inc. | Delaware | 1550 West Deer Valley Road Phoenix, Az 85027 |
| 06-192 | U S D C  Eastern District of Texas (Lufkin) | The DirecTV Group, Inc | Delaware | 2230 East Imperial Highway El Segundo, CA 90245 |
| 06-192 | U S D C  Eastern District of Texas (Lufkin) | DirecTV, Inc. | California | 2230 East Imperial Highway El Segundo, CA 90245 |
| 06-192 | U S D C  Eastern District of Texas (Lufkin) | DirecTV Holdings, LLC | Delaware | 2230 East Imperial Highway El Segundo, CA 90245 |

| | | Defendants in Actions filed by RAKTL | | |
|---|---|---|---|---|
| Civil Action No. | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-192 | U S D C Eastern District of Texas (Lufkin) | DirectTV Enterprises, LLC | Delaware | 2230 East Imperial Highway El Segundo, CA 90245 |
| 06-193 | U S D C Eastern District of Texas (Lufkin) | Earthlink, Inc | Delaware | 1375 Peachtree St Atlanta, Georgia 30309 |
| 06-194 | U S D C Eastern District of Texas (Lufkin) | Tracfone Wireless, Inc. | Florida | 8390 NW 25th Street Miami, FL 33122 |
| 06-178 | U S D C Eastern District of Texas (Lufkin) | Chevron Corporation | Delaware | 6001 Bollinger Canyon Road San Ramon, California 94583 |
| 06-178 | U S D C Eastern District of Texas (Lufkin) | Chevron U S A , Inc. | Pennsylvania | 6001 Bollinger Canyon Road San Ramon, California 94583 |
| 06-178 | U S D C Eastern District of Texas (Lufkin) | Chevron Products Company | Pennsylvania | 6001 Bollinger Canyon Road San Ramon, California 94583 |
| 06-178 | U S D C Eastern District of Texas (Lufkin) | Chevron Credit Bank, N.A. | NA | Concord, California |
| 06-195 | U S D C Eastern District of Texas (Lufkin) | Ford Motor Company | Delaware | One American Road Dearborn, Michigan 48126 |
| 06-195 | U S D C Eastern District of Texas (Lufkin) | Ford Motor Credit Company | Delaware | One American Road Dearborn, Michigan 48126 |
| 06-196 | U S D C Eastern District of Texas (Lufkin) | Cullen/Frost Bankers, Inc | Texas | 100 West Houston St San Antonio, Texas 78205 |
| 06-196 | U S D C Eastern District of Texas (Lufkin) | The Frost National Bank, N A | NA | 100 West Houston St San Antonio, Texas 78205 |
| 06-197 | U S D C Eastern District of Texas (Lufkin) | General Electric Capital Corporation | Delaware | 260 Long Ridge Road Stamford, Connecticut 06927 |
| 06-197 | U S D C Eastern District of Texas (Lufkin) | General Electric Capital Services, Inc. | Delaware | 260 Long Ridge Road Stamford, Connecticut 06927 |
| 06-197 | U S D C Eastern District of Texas (Lufkin) | General Electric Consumer Finance, Inc. | Delaware | 1600 Summer Street Stanford, Connecticut 06927 |
| 06-198 | U S D C Eastern District of Texas (Lufkin) | General Motors Corporation | Delaware | 300 Renaissance Center Detroit, Michigan 48265 |
| 06-198 | U S D C Eastern District of Texas (Lufkin) | General Motors Acceptance Corporation | Michigan | 200 Renaissance Center Detroit, Michigan 48265 |
| 06-198 | U S D C Eastern District of Texas (Lufkin) | GMAC Residential Capital Corporation | Delaware | 8400 Normandale Lake Boulevard Minneapolis, Minnesota 55437 |

3

| Defendants in Actions filed by RAKTL | | | | |
|---|---|---|---|---|
| Civil Action No. | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-198 | U S D C  Eastern District of Texas (Lufkin) | GMAC Mortgage Corporation | Pennsylvania | 100 Witmer Road Horsham, PA 19044 |
| 06-199 | U S D C  Eastern District of Texas (Lufkin) | Humana, Inc. | Delaware | 500 West Main Street Louisville, Kentucky 40202 |
| 06-200 | U S D C  Eastern District of Texas (Lufkin) | PNC Financial Services Group, Inc. | Pennsylvania | One PNC Plaza 249 Fifth Avenue Pittsburgh, Pennsylvania 15222 |
| 06-200 | U S D C  Eastern District of Texas (Lufkin) | PNC Bank, N A | NA | One PNC Plaza 249 Fifth Avenue Pittsburgh, Pennsylvania 15222 |
| 06-201 | U S D C  Eastern District of Texas (Lufkin) | Regions Financial Corporation | Delaware | 417 North 20th Street Birmingham, Alabama 35203 |
| 06-201 | U S D C  Eastern District of Texas (Lufkin) | Regions Bank, N.A. | Alabama | 417 North 20th Street Birmingham, Alabama 35203 |
| 06-202 | U S D C  Eastern District of Texas (Lufkin) | Safeco Corporation | Washington | 4333 Brooklyn Ave  NE Safeco Plaza Seattle, Washington 98185 |
| 06-202 | U S D C  Eastern District of Texas (Lufkin) | Safeco Insurance Co. of America | Washington | 4333 Brooklyn Ave  NE Safeco Plaza Seattle, Washington 98185 |
| 06-203 | U S D C  Eastern District of Texas (Lufkin) | U.S. Bankcorp | Delaware | 800 Nicollett Mall Minneapolis, Minnesota 55402 |
| 06-203 | U S D C  Eastern District of Texas (Lufkin) | U.S. Bank, NA | Delaware | 800 Nicollett Mall Minneapolis, Minnesota 55402 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | American Airlines, Inc. | Delaware | 4333 Amon Carter Blvd Fort Worth, Texas 76155 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | American Beacon Advisors, Inc. | Delaware | 4151 Amon Carter Blvd MD 2450 Fort Worth, Texas 76155 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Fedex Corporation | Delaware | 942 South Shady Grove Road Memphis, Tennessee 38120 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Federal Express Corporation | Delaware | 942 South Shady Grove Road Memphis, Tennessee 38120 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | FedEx Corporate Services, Inc | Delaware | 3610 Hacks Cross Road Memphis, Tennessee 38125 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Fedex Customer Information Services, Inc. | Delaware | 3610 Hacks Cross Road Memphis, Tennessee 38125 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Hilton Hotels Corporations | Delaware | 9336 Civic Center Drive Beverly Hills, California 90210 |

## Defendants in Actions filed by RAKTL

| Civil Action No | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
|---|---|---|---|---|
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Hilton Reservations Worldwide, LLC | Delaware | 2050 Chennault Drive Carrollton, Texas 75006 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Hilton HHonors Worldwide, LLC | Delaware | 9336 Civic Center Drive Beverly Hills, California 90210 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Marriott International, Inc. | Delaware | 10400 Fernwood Road Bethesada, Maryland 20817 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | Marriott Worldwide Reservation Services, LLC | Delaware | Two Executive Drive Somerset Executive Square Somerset, New Jersey 08873 |
| 06-334 | U S D C  Eastern District of Texas (Lufkin) | National Railroad Passenger Corporation, dba Amtrak | District of Columbia | 60 Massachusetts Ave  NE Washington, DC 20002 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Aetna, Inc. | Pennsylvania | 151 Farmington Ave Hartford, CT 06156 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Aetna RX Home Delivery, LLC | Delaware | 151 Farmington Ave Hartford, CT 06156 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Wellpoint, Inc. | Indiana | 120 Monument Circle Indianapolis, IN 46204 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Professional Claim Services, Inc , dba Wellpoint Pharmacy Management, Inc. | New York | 120 Monument Circle Indianapolis, IN 46204 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Anthem Prescription Management, LLC | Ohio | 8890 Duke Blvd Mason, OH 45040 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Precision RX, Inc. | Delaware | 120 Monument Circle Indianapolis, IN 46204 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Caremark RX, Inc. | Delaware | 211 Commerce Street Suite 800 Nashville, TN 37201 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Caremark, Inc , dba Caremark Prescription Services | California | 211 Commerce Street Suite 800 Nashville, TN 37201 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | The Kroger Co. | Ohio | 1014 Vine Street Cincinnati, OH 45202 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Kroger Texas L.P. | Ohio | 1014 Vine Street Cincinnati, OH 45202 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Healthy Options, Inc , dba Postal Prescription Services | Delaware | 3800 SE 22nd Avenue Portland, OR 97202 |
| 06-335 | U S D C  Eastern District of Texas (Marshall) | Petmed Express, Inc , dba 1-800-Petmeds | Florida | 1441 SW 29th Avenue Pompano Beach, FL 33069 |

| | | Defendants in Actions filed by RAKTL | | |
|---|---|---|---|---|
| Civil Action No | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-335 | U S D C Eastern District of Texas (Marshall) | Safeway, Inc. | Delaware | 5918 Stoneridge Mall Road Pleasanton, CA 94588 |
| 06-335 | U S D C Eastern District of Texas (Marshall) | Randall's Food Markets, Inc. | Delaware | 3663 Briarpark Houston, TX 77042 |
| 06-335 | U S D C Eastern District of Texas (Marshall) | Randall's Food & Drugs, LP | Delaware | 3663 Briarpark Houston, TX 77042 |
| 06-543 | U S D C District of Delaware (Wilmington) | Reliant Energy, Inc. | Delaware | 1000 Main Street Houston, Texas 77002 |
| 06-543 | U S D C District of Delaware (Wilmington) | Reliant Energy Retail Services, LLC | Delaware | 1000 Main Street Houston, Texas 77002 |
| 06-543 | U S D C District of Delaware (Wilmington) | Pepco Holdings, Inc. | Delaware | 701 Ninth Street NW Washington, DC 20068 |
| 06-543 | U S D C District of Delaware (Wilmington) | PHI Service Company | Delaware | 701 Ninth Street NW Washington, DC 20068 |
| 06-543 | U S D C District of Delaware (Wilmington) | Delmarva Power & Light Company | Delaware | 800 King Street Wilmington, Delaware 19899 |
| 06-543 | U S D C District of Delaware (Wilmington) | Duke Energy Corporation | Delaware | 526 South Church Street Charlotte, North Carolina 28202 |
| 06-543 | U S D C District of Delaware (Wilmington) | Cinergy Corp. | Delaware | 139 East Fourth Street Cincinnati, Ohio 45202 |
| 06-544 | U S D C District of Delaware (Wilmington) | TD Banknorth, Inc | Delaware | Two Portland Square Portland, Maine 04112 |
| 06-544 | U S D C District of Delaware (Wilmington) | Experian Information Solutions, Inc. | Ohio | 475 Anton Boulevard Costa Mesa, California 92626 |
| 06-544 | U S D C District of Delaware (Wilmington) | Comerica Incorporated | Delaware | Comerica Tower 500 Woodward Ave Detroit, Michigan 48226 |
| 06-544 | U S D C District of Delaware (Wilmington) | Comerica Bank & Trust, N A | NA | Comerica Tower 500 Woodward Ave Detroit, Michigan 48226 |
| 06-544 | U S D C District of Delaware (Wilmington) | Comerica Securities, Inc. | Michigan | 201 West Fort Street Detroit, Michigan 48226 |
| 06-544 | U S D C District of Delaware (Wilmington) | Ceridan Corporation | Delaware | 3311 East Old Shakopee Road Minneapolis, Minnesota 55425 |
| 06-544 | U S D C District of Delaware (Wilmington) | Comdata Corporation | Delaware | 5301 Maryland Way Brentwood, Tennessee 37027 |

| Defendants in Actions filed by RAKTL | | | | |
|---|---|---|---|---|
| Civil Action No | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-544 | U S D C District of Delaware (Wilmington) | Dillard's Inc. | Delaware | 1600 Cantrell Road Little Rock, Arkansas 72201 |
| 06-544 | U S D C District of Delaware (Wilmington) | Dillard Investment Co. Inc. | Delaware | 1600 Cantrell Road Little Rock, Arkansas 72201 |
| 06-544 | U S D C District of Delaware (Wilmington) | LaSalle Bank Corporation | Delaware | 135 LaSalle Street Chicago, Illinois 60603 |
| 06-544 | U S D C District of Delaware (Wilmington) | LaSalle Bank National Association | NA | 135 LaSalle Street Chicago, Illinois 60603 |
| 06-544 | U S D C District of Delaware (Wilmington) | LaSalle Financial Services, Inc. | Delaware | 135 LaSalle Street Chicago, Illinois 60603 |
| 06-544 | U S D C District of Delaware (Wilmington) | ABN AMRO Mortgage Group, Inc | Delaware | 777 East Eisenhower Parkway, Suite 700 Ann Arbor Michigan 48108 |
| 06-545 | U S D C District of Delaware (Wilmington) | Ahold U S A , Inc. | Maryland | 1385 Hancock Street Quincy Center Plaza Quincy, Massachusetts 02169 |
| 06-545 | U S D C District of Delaware (Wilmington) | The Stop & Shop Supermarket Company, LLC | Delaware | 1385 Hancock Street Quincy Center Plaza Quincy, Massachusetts 02169 |
| 06-545 | U S D C District of Delaware (Wilmington) | Giant Food Stores, LLC | Delaware | 1149 Harrisburg Pike Carlisle, Pennsylvania 17013 |
| 06-545 | U S D C District of Delaware (Wilmington) | Giant Food LLC | Maryland | 6400 Sheriff Road Landover, Maryland 20785 |
| 06-545 | U S D C District of Delaware (Wilmington) | Giant Food, Inc. | Delaware | 6400 Sheriff Road Landover, Maryland 20785 |
| 06-545 | U S D C District of Delaware (Wilmington) | Express Scripts, Inc. | Delaware | 13900 Riverport Drive Maryland Heights, Missouri 63043 |
| 06-546 | U S D C District of Delaware (Wilmington) | Time Warner Cable Inc. | Delaware | 290 Harbor Drive Stamford, Connecticut 06902 |
| 06-546 | U S D C District of Delaware (Wilmington) | Time Warner NY Cable LLC | Delaware | 290 Harbor Drive Stamford, Connecticut 06902 |
| 06-546 | U S D C District of Delaware (Wilmington) | Time Warner Entertainment Company, LP | Delaware | 75 Rockefeller Plaza New York City, NY 10019 |
| 06-546 | U S D C District of Delaware (Wilmington) | AOL, LLC | Delaware | 22000 AOL Way Dulles, Virginia 20166 |
| 06-546 | U S D C District of Delaware (Wilmington) | CompuServe Interactive Services, Inc. | Delaware | 5000 Arlington Centre Boulevard Columbus, Ohio 43220 |

## Defendants in Actions filed by RAKTL

| Civil Action No | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
|---|---|---|---|---|
| 06-546 | U S D C. District of Delaware (Wilmington) | Netscape Communications Corporation | Delaware | 501 East Middelfield Road Mountain View, California 94043 |
| 06-546 | U S D C. District of Delaware (Wilmington) | United States Cellular Corporation | Delaware | 8410 West Bryn Mawr Chicago, Illinois 60631 |
| 06-546 | U S D C. District of Delaware (Wilmington) | TDS Telecommunications Corporation | Delaware | 525 Junction Road Madison, Wisconsin 53717 |
| 06-546 | U S D C. District of Delaware (Wilmington) | TDS Metrocom, LLC | Delaware | 525 Junction Road Madison, Wisconsin 53717 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision Systems Corporation | Delaware | 1111 Stewart Avenue Bethpage, New York 11714 |
| 06-546 | U S D C. District of Delaware (Wilmington) | CSC Holdings, Inc. | Delaware | 1111 Stewart Avenue Bethpage, New York 11714 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision Systems New York City Corporation | Delaware | 1111 Stewart Avenue Bethpage, New York 11714 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of Brookhaven, Inc | Delaware | 1111 Stewart Avenue Bethpage, New York 11714 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of Connecticut Corporation | Delaware | 28 Cross Street Norwalk, Connecticut 06851 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of Hudson County, Inc. | Delaware | 360 First Street Hoboken, New Jersey 07030 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of Litchfield, Inc. | Delaware | 622 Torrington Road Litchfield, Connecticut 06759 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of Monmouth, Inc. | Delaware | 1501 Eighteenth Avenue Belmar, New Jersey 07719 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of New Jersey, Inc. | Delaware | 5 Legion Drive Cresskill, New Jersey 07626 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of Oakland, LLC | Delaware | 80 State Street Albany, New York 12207 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Cablevision of Rockland/Ramapo, LLC | Delaware | 80 State Street Albany, New York 12207 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Charter Communications, Inc. | Delaware | 12405 Powerscourt Drive St. Louis, Missouri 63131 |
| 06-546 | U S D C. District of Delaware (Wilmington) | Charter Communications Holding Company, LLC | Delaware | 12405 Powerscourt Drive St. Louis, Missouri 63131 |

| | | Defendants in Actions filed by RAKTL | | |
|---|---|---|---|---|
| Civil Action No | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-546 | U S D C  District of Delaware (Wilmington) | Charter Communications Operating, LLC | Delaware | 12405 Powerscourt Drive St. Louis, Missouri 63131 |
| 06-546 | U S D C  District of Delaware (Wilmington) | Charter Communications Entertainment I LLC. | Delaware | 12405 Powerscourt Drive St. Louis, Missouri 63131 |
| 06-546 | U S D C  District of Delaware (Wilmington) | Qwest Communications International, Inc. | Delaware | 1801 California Street Denver, Colorado 80202 |
| 06-546 | U S D C  District of Delaware (Wilmington) | Qwest Wireless, LLC | Delaware | 1801 California Street Denver, Colorado 80202 |
| 06-546 | U S D C  District of Delaware (Wilmington) | Qwest Communications Corporation | Delaware | 1801 California Street Denver, Colorado 80202 |
| 06-546 | U S D C  District of Delaware (Wilmington) | Qwest LD Corp. | Delaware | 1801 California Street Denver, Colorado 80202 |
| 06-546 | U S D C  District of Delaware (Wilmington) | Qwest Broadband Services, Inc. | Delaware | 1801 California Street Denver, Colorado 80202 |
| 06-546 | U S D C  District of Delaware (Wilmington) | Qwest Interprise America, Inc. | Colorado | 1801 California Street Denver, Colorado 80202 |
| 06-547 | U S D C  District of Delaware (Wilmington) | American International Group, Inc. | Delaware | 70 Pine Street New York, New York 10270 |
| 06-547 | U S D C  District of Delaware (Wilmington) | AIG Reitrement Services, Inc. | Delaware | One SunAmerica Center Los Angeles, CA 90067 |
| 06-547 | U S D C  District of Delaware (Wilmington) | 21st Century Insurance Group | Delaware | 6301 Owensmouth Avenue Woodland Hills, CA 91367 |
| 06-547 | U S D C  District of Delaware (Wilmington) | 21st Century Insurance Company | California | 6301 Owensmouth Avenue Woodland Hills, CA 91367 |
| 06-547 | U S D C  District of Delaware (Wilmington) | 21st Century Casualty Company | California | One SunAmerica Center Los Angeles, CA 90067 |
| 06-547 | U S D C  District of Delaware (Wilmington) | AIG Marketing Inc | Delaware | One AIG Center Wilmington, DE 19803 |
| 06-547 | U S D C  District of Delaware (Wilmington) | AIG SunAmerica Asset Management Corp. | Delaware | 733 Third Avenue New York, NY 10017 |
| 06-547 | U S D C  District of Delaware (Wilmington) | AIG Annuity Insurance Company | Texas | 2929 Allen Parkway Houston, TX 77019 |
| 06-547 | U S D C  District of Delaware (Wilmington) | AIG Federal Savings Bank | NA | 704 King Street Wilmington, DE 19801 |

| Defendants in Actions filed by RAKTL | | | | |
|---|---|---|---|---|
| Civil Action No. | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-547 | U S D C  District of Delaware (Wilmington) | The United States Life Insurance Company in The City of New York | New York | 830 Third Avenue New York, NY 10022 |
| 06-547 | U S D C  District of Delaware (Wilmington) | AIG Life Insurance Company | Delaware | One ALICO Plaza Wilmington, DE 19899 |
| 06-547 | U S D C  District of Delaware (Wilmington) | American General Assurance Company | Illinois | 100 Woodfield Road Schaumburg, Illinois 60173 |
| 06-547 | U S D C  District of Delaware (Wilmington) | American General Indemnity Company | Illinois | 100 Woodfield Road Schaumburg, Illinois 60173 |
| 06-547 | U S D C  District of Delaware (Wilmington) | American General Life and Accident Insurance Company | Tennessee | American General Center -- MC 338N Nashville, TN 37250 |
| 06-547 | U S D C  District of Delaware (Wilmington) | American General Life Insurance Company | Texas | 2727-A Allen Parkway Houston, TX 77019 |
| 06-547 | U S D C  District of Delaware (Wilmington) | The Variable Annuity Life Insurance Company | Texas | 2929 Allen Parkway Houston, TX 77019 |
| 06-547 | U S D C  District of Delaware (Wilmington) | VALIC Financial Advisors, Inc. | Texas | 2929 Allen Parkway Houston, TX 77019 |
| 06-547 | U S D C  District of Delaware (Wilmington) | VALIC Retirement Services Company | Texas | 2929 Allen Parkway Houston, TX 77019 |
| 06-547 | U S D C  District of Delaware (Wilmington) | National City Corporation | Delaware | 1900 East Ninth Street Cleavland, OH 44114 |
| 06-547 | U S D C  District of Delaware (Wilmington) | National City Bank | NA | 1900 East Ninth Street Cleavland, OH 44114 |
| 06-547 | U S D C  District of Delaware (Wilmington) | National City Bank of Indiana | NA | One Merchants Plaza Indianapolis, IN 46204 |
| 06-547 | U S D C  District of Delaware (Wilmington) | Wilmington Trust Company | Delaware | 1100 North Market Street Wilmington, DE 19890 |
| 06-547 | U S D C  District of Delaware (Wilmington) | Wilmington Brokerage Services Company | Delaware | 1100 North Market Street Wilmington, DE 19890 |
| 06-547 | U S D C  District of Delaware (Wilmington) | Aquilla Inc. | Delaware | 20 West Ninth Street Kansas City, MO 64105 |
| 06-547 | U S D C  District of Delaware (Wilmington) | DHL Holdings (USA) Inc | Delaware | 1200 South Pine Island Road Plantation, FL 33324 |
| 06-547 | U S D C  District of Delaware (Wilmington) | DHL Express (USA) Inc. | Delaware | 1200 South Pine Island Road Plantation, FL 33324 |

| Defendants in Actions filed by RAKTL | | | | |
|---|---|---|---|---|
| Civil Action No. | District Court | Defendant | Defendant's State of Incorporation | Defendant's Principal Place of Business |
| 06-547 | U S D C  District of Delaware (Wilmington) | Sky Courier, Inc. | Delaware | 21240 Ridgetop Circle Sterling, VI 20166 |
| 06-547 | U S D C  District of Delaware (Wilmington) | CIGNA Corporation | Delaware | Two Liberty Place Philadelphia, PA 19192 |
| 06-547 | U S D C  District of Delaware (Wilmington) | CIGNA Health Corporation | Delaware | 900 Cottage Grove Road Bloomfielf, CN 06002 |
| 06-547 | U S D C  District of Delaware (Wilmington) | CIGNA Healthcare of Delaware, Inc | Delaware | 590 Naamans Road Claymont, DE 19703 |
| 06-547 | U S D C  District of Delaware (Wilmington) | Tel-Drug, Inc. | South Dakota | 4901 North Fourth Avenue Sioux Falls, SD 57104 |
| 06-547 | U S D C  District of Delaware (Wilmington) | Tel-Drug of Pennsylvania, LLC | Pennsylvania | 206 Welsh Road Horsham, PA 19044 |

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

———————————————————— :
                                                     :
IN RE KATZ INTERACTIVE CALL          :          MDL Docket No. 1816
PROCESSING PATENT LITIGATION      :
———————————————————— :

## CERTIFICATE OF SERVICE

Pursuant to Rule 5.2(a) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, I hereby certify that on this date I caused a copy of the Response Of TD

Banknorth, Inc. In Opposition To The Motion For Transfer And Consolidation Of Katz

Technology Licensing Patent Litigation Pursuant To 28 U.S.C. § 1407, together with the

accompanying memorandum of law, exhibits, and certificate of service, to be served by Federal

Express on the persons and entities listed on the attached Panel Attorney Service List.

Andrew J. Mottes

Dated:  November 6, 2006

# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
## for
# MDL 1816 - In re Katz Interactive Call Processing Patent Litigation

### *** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
   * Signifies that an appearance was made on behalf of the party by the representing attorney.
   # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
   Docket: 1816 - Katz Interactive Call Processing
   For Open Cases

## Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 1816 - In re Katz Interactive Call Processing Patent Litigation

Status: Pending on / /

Transferee District:    Judge:

Printed on 10/30/2006

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Abn Amro Mortgage Group,<br>777 East Eisenhower Parkway<br>Suite 700<br>Ann Arbor, MI 48108 | => <br>ABN AMRO Mortgage Group, Inc. |
| Alltel Communication Wire,<br>One Allied Drive<br>Little Rock, AR 72202 | => <br>Alltel Communications Wireless, Inc. |
| Alltel Communications.<br>One Allied Drive<br>Little Rock, AR 72202 | => <br>Alltel Communications of Texarkana, Inc. |
| Alltel, Corp.,<br>One Allied Drive<br>Little Rock, AR 72202 | => <br>ALLTEL Corp. |
| Arroyo, Blas P.<br>Alston & Bird, LLP<br>Bank of America Plaza<br>101 South Tryon Street<br>Suite 4000<br>Charlotte, NC 28280-4000 | => Phone: (704) 444-1012  Fax: (704) 444-1111<br>Time Warner Cable, Inc *; Time Warner Entertainment Co., L.P.*; Time Warner NY Cable, LLC* |
| Barner, Sharon R.<br>Foley & Lardner, LLP<br>321 North Clark Street<br>Suite 2800<br>Chicago, IL 60610-4714 | => Phone: (312) 832-4500  Fax: (312) 832-4700<br>U.S. Bancorp.*#; U.S. Bank, N.A.* |
| Barquist, Charles S.<br>Morrison & Foerster, LLP<br>555 W. Fifth Street<br>Suite 3500<br>Los Angeles, CA 90013 | => Phone: (213) 892-5200  Fax: (213) 892-5454<br>Express Scripts, Inc * |
| Beane, Jerry L.<br>Andrews & Kurth<br>BankOne Center<br>1717 Main Street<br>Suite 3700<br>Dallas, TX 75201 | => Phone: (214) 659-4400  Fax: (214) 659-4401<br>Aetna RX Home Delivery, LLC* |
| Boice, William H.<br>Kilpatrick & Stockton<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, GA 30309 | => Phone: (404) 815-6464<br>Cox Communications, Inc *#; Coxcom, Inc.*#; Earthlink, Inc *# |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,816 Continued)*                                                    Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Cablevision Systems Corp.,
1111 Stewart Avenue
Bethpage, NY 11714

=> 
Cablevison Systems Corp.

---

Capshaw, III. S. Calvin
Brown, McCarroll, LLP
P.O. Box 3999
Longview, TX 75606-3999

=> Phone: (903) 236-9800  Fax: (903) 236-8787
Anthem Prescription Management, LLC*; Precision RX. Inc.*; Professional Claim Services, Inc. dba
Wellpoint Pharmacy Management, Inc.*; Wellpoint, Inc.*

---

Ceridian Corporation,
3311 East Old Shakopee Road
Minneapolis, MN 55425

=> 
Ceridian Corp.

---

Comdata Corporation,
5301 Maryland Way
Brentwood, TN 37027

=> 
Comdata Corp.

---

Cox, Juliet A.
Sonnenschein, Nath & Rosenthal, LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111

=> Phone: (816) 460-2400  Fax: (816) 531-7545
Aquila, Inc.*

---

Cullum, Janet L.
Cooley, Godward, Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

=> Phone: (650) 843-5000  Fax: (650) 857-0663
Ronald A. Katz Technology Licensing, LP*

---

Devito, Daniel A.
Skadden, Arps. Slate, Meagher & Flom, LLP
4 Times Square
New York, NY 10036

=> Phone: (212) 735-3000  Fax: (212) 735-2000
Comerica Bank & Trust, NA*; Comerica Securites, Inc.*; Comerica, Inc.*

---

Elsevier, MD, J. Patrick
Alston & Bird, LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424

=> Phone: (404) 881-7000  Fax: (404) 881-7777
T-Mobile USA, Inc.*

---

Ferguson, Brian E.
McDermott, Will & Emery, LLP
600 13th Street, N.W.
Washington, DC 20005

=> Phone: (202) 756-8371  Fax: (202) 756-8087
21st Century Casualty Co.*; 21st Century Insurance Co.*; 21st Century Insurance Group*; AIG Annuity
Insurance Co.*; AIG Federal Savings Bank*; AIG Life Insurance Co.*; AIG Markting, Inc.*; AIG
Retirement Services, Inc.*; AIG SunAmerica Asset Management Corp.*; American General Assurance
Co.*; American General Indemnity Co.*; American General Life & Accident Insurance Co.*; American
General Life Insurance Co.*; American International Group, Inc.*; Cigna Corp.*; Cigna Health Corp.*;
Cigna Healthcare of Delaware, Inc.*; Tel-Drug of Pennsylvania, LLC*; Tel-Drug, Inc.*; United States
Life Insurance Co. in the City of New York*; VALIC Financial Advisors, Inc.*; VALIC Retirement
Services Co.*; Variable Annuity Life Insurance Co.*

---

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,816 Continued)*                                                  Page 3

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Friedland, David K.<br>Lotts & Friedland, PA<br>355 Alhambra Circle<br>Suite 1100<br>Coral Gables, FL 33134 | => **Phone: (305) 448-7089  Fax: (305) 446-6191**<br>Petmed Express, Inc. dba 1-800-Petmeds* |
| Frost National Bank, N.A.,<br>100 West Houston Street<br>San Antonio, TX 78205 | =><br>Frost National Bank, NA |
| GMAC Mortage Corp ,<br>100 Witmer Road<br>Horsham, PA 19044 | =><br>GMAC Mortgage Corp |
| General Electric Capital,<br>280 Long Ridge Road<br>Stamford, CT 06927 | =><br>General Electric Capital Corp |
| Giant Food, Inc.,<br>6400 Sheriff Road<br>Landover, MD 20785 | =><br>Giant Food, Inc |
| Harrel, Alan David<br>Atchley, Russell, Waldrop & Hlavinka<br>1710 Moores Lane<br>P O Box 5517<br>Texarkana, TX 75505-5517 | => **Phone: (903) 792-8246  Fax: (903) 792-5801**<br>Wal-Mart Stores, Inc. |
| Hawkins, III, Holmes J<br>King & Spalding<br>1180 Peachtree Street<br>Atlanta, GA 30309-3521 | => **Phone: (404) 572-4600  Fax: (404) 572-5134**<br>Healthy Options, Inc. dba Postal Prescription Services*; Kroger Co. (The)*; Kroger Texas, LP* |
| Horwitz, Richard L.<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | => **Phone: (302) 984-6000**<br>DHL Express (USA), Inc.; DHL Holdings (USA), Inc.; Sky Courier, Inc. |
| James, Angela Payne<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => **Phone: (404) 881-7000**<br>Charter Communications Entertainment I, LLC*; Charter Communications Holding Co . LLC*; Charter Communications Operating, LLC*; Charter Communications, Inc.* |
| Krevitt, Josh A.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166 | => **Phone: (212) 351-4000**<br>Cablevision of Brookhaven, Inc.*; Cablevision of Connecticut Corp.*; Cablevision of Hudson County, Inc.*; Cablevision of Litchfield. Inc *; Cablevision of Monmouth. Inc.*; Cablevision of New Jersey, Inc.*; Cablevision of Oakland, LLC*; Cablevision of Rockland/Ramapo, LLC*; Cablevision System |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,816 Continued)*    Page 4

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| | New York City Corp.*; CSC Holdings, Inc.* |
| LaSalle Bank Corporation,<br>135 LaSalle Street<br>Chicago, IL 60603 | => <br>LaSalle Bank Corp ; LaSalle Bank National Association |
| LaSalle Financial Service,<br>135 LaSalle Street<br>Chicago, IL 60603 | => <br>LaSalle Financial Services, Inc |
| Lee, Robert L.<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => Phone: (404) 881-7000  Fax: (404) 881-7777<br>Ahold USA, Inc *; Giant Food Stores, LLC*; Giant Food, LLC*; Stop & Shop Supermarket Co , LLC* |
| Lukin, Mitchell D.<br>Baker Botts, L.L.P.<br>One Shell Plaza<br>910 Louisiana<br>Houston, TX 77002-4995 | => Phone: (713) 229-1733  Fax: (713) 229-7733<br>Reliant Energy Retail Services, LLC*; Reliant Energy, Inc.* |
| Maxwell, David M.<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => Phone: (404) 881-7000  Fax: (404) 881-7777<br>AOL, LLC*; CompuServe Interactive Services, Inc.*; Netscape Communications Corp.* |
| McDermott, Richard M.<br>Alston & Bird, LLP<br>Bank of America Plaza<br>101 South Tryon Street<br>Suite 4000<br>Charlotte, NC 28280-4000 | => Phone: (704) 444-1000  Fax: (704) 444-1111<br>Cinergy Corp *; Duke Energy Corp.* |
| McElhinny, Herold J.<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | => Phone: (415) 268-7000  Fax: (415) 268-7522<br>Target Bank*; Target Corp.*; Target National Bank* |
| McGrath, Robin L.<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => Phone: (404) 881-7000  Fax: (404) 881-7777<br>Safeco Corp.*#; Safeco Insurance Co. of America* |
| McKool, Jr., Mike<br>McKool & Smith, P.C.<br>300 Crescent Court<br>Suite 1500<br>Dallas, TX 75201 | => Phone: (214) 978-4000<br>American Airlines, Inc.*; American Beacon Advisors, Inc * |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1.816 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Miller, Camille M.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 | ⇒ Phone: (215) 665-7273  Fax: (215) 701-2273<br>Wilmington Brokerage Services Co *; Wilmington Trust Co.* |
| Moore, Matthew J.<br>Howrey LLP<br>1299 Pennsylvania Avenue, N W.<br>Washington, DC 20004-2402 | ⇒ Phone: (202) 783-0800  Fax: (202) 383-6610<br>Cullen/Frost Bankers, Inc.*; Ford Motor Co *#; Ford Motor Credit Co.*#; General Electric Capital Services, Inc.*#; General Electric Consumer Finance, Inc.*#; General Motors Acceptance Corp.*#; General Motors Corp.*#; GMAC Residential Capital Corp *#; Hilton H Honors Worldwide, L.L.C.*; Hilton Hotels Corp.*; Hilton Reservations Worldwide, L.L.C.*; Marriott International, Inc.*; Marriott Worldwide Reservation Services, L.L.C.*; PNC Financial Services Group, Inc.*#; Randall's Food & Drug, L.P.*; Randall's Food Market, Inc.*; Safeway, Inc.*; Whirlpool Corp.* |
| Moyer, Jeffrey L.<br>Richards, Layton & Finger<br>P.O. Box 551<br>Wilmington, DE 19899 | ⇒ Phone: (302) 651-7525  Fax: (302) 651-7701<br>Qwest Broadband Services, Inc *; Qwest Communications Corp.*; Qwest Communications International. Inc.*; Qwest Interprise America, Inc.*; Qwest LD Corp.*; Qwest Wireless, LLC* |
| Najim, Samuel J.<br>Jones Day<br>1420 Peachtree Street<br>Suite 800<br>Atlanta, GA 30309-3053 | ⇒ Phone: (404) 521-3939  Fax: (404) 581-8330<br>Centerpoint Energy Houston Electric. LLC*; Centerpoint Energy Resources Corp*; Centerpoint Energy, Inc.*; Chevron Corp.*; Chevron Credit Bank. N.A.*; Chevron Products Co.*; Experian Information Solutions. Inc.*; National City Bank*; National City Bank of Indiana*; National City Corp *; Regions Bank, NA*#; Regions Financial Corp.*# |
| National Railroad Passeng,<br>60 Massachusetts Avenue, N.E.<br>Washington, DC 20002 | ⇒<br>National Railroad Passenger Corp. dba Amtrak |
| Norrod. Gregory S.<br>Foley & Lardner, LLP<br>321 North Clark Street<br>Suite 2800<br>Chicago, IL 60610-4714 | ⇒ Phone: (312) 832-4500  Fax: (312) 832-4700<br>Sam's East, Inc *; Sam's West, Inc *; Wal-Mart Store, Inc.*; Wal-Mart Stores East, LP*; Wal-Mart Stores Texas, LP*; Wal-Mart.com, Inc.* |
| PNC Bank, NA,<br>One PNC Plaza<br>249 Fifth Avenue<br>Pittsburg. PA 15222 | ⇒<br>PNC Bank, N.A. |
| Petersen, Steven P<br>Leydig, Voit & Mayer, Ltd.<br>Two Prudential Plaza<br>Suite 4900<br>Chicago, IL 60601 | ⇒ Phone: (312) 616-5600  Fax: (312) 616-5700<br>Aetna, Inc.*; TDS Metrocom, LLC*; TDS Telecommunications Corp.*; United States Cellular Corp.* |
| Roodman, David A.<br>Bryan Cave, LLP<br>One Metropolitan Square<br>211 N Broadway<br>Suite 3600<br>St. Louis, MO 63102-2750 | ⇒ Phone: (314) 259-2000  Fax: (314) 259-2020<br>Dillard Investment Co , Inc.*; Dillard's, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Rooklidge, William C.**
Howrey LLP
2020 Main Street
Suite 1000
Irvine, CA 92614-8200

=> **Phone: (949) 721-6900**
Discover Bank*; Discover Financial Services, Inc.*

**Scary, III, Marshall M.**
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

=> **Phone: (213) 443-3000  Fax: (213) 443-3100**
DirecTV Enterprise, LLC*#; DirecTV Group, Inc.*#; DirecTV Holdings, LLC*#; DirecTV, Inc.*#

**Selsberg, Steven R.**
Mayer, Brown, Rowe & Maw, LLP
700 Louisiana
Suite 3400
Houston, TX 77002

=> **Phone: (713) 238-2664  Fax: (713) 238-4888**
Tracfone Wireless, Inc *#

**Spivey, Jonathan R.**
Foley & Lardner, LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610-4714

=> **Phone: (312) 832-4500  Fax: (312) 832-4700**
Caremark Inc. dba Caremark Prescription Services*; Caremark RX Inc.*

**Standley, Jeffrey S**
Standley Law Group, LLP
495 Metro Place South
Suite 210
Dublin, OH 43017-5319

=> **Phone: (614) 792-5555  Fax: (614) 792-5536**
Delmarva Power & Light Co *; Humana, Inc.*#; Pepco Holdings, Inc *; PHI Service Co *

**Stroup, Richard L.**
Finnegan, Henderson, Farabow, Garrett, et al.
901 New York Avenue, N W.
Washington. DC 20001-4413

=> **Phone: (202) 408-4000  Fax: (202) 408-4400**
Federal Express Corp.*; FedEx Corp.*; FedEx Corporate Services, Inc.*; FedEx Customer Information Services, Inc *

**Wade, William J.**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington. DE 19899

=> **Phone: (302) 658-6541**
TD Banknorth, Inc

**Worthington, Stayton L.**
Coghlan Crowson, LLP
1127 Judson Road. Suite 211
Longview, TX 75606

=> **Phone: (903) 758-5543  Fax: (903) 753-6989**
American Electric Express Power Co , Inc.; American Electric Power Co , Inc *; American Electric Power Service Corp.; American Electric Power WR; Southwestern Electric Power Co.*

---

Note: Please refer to the report title page for complete report scope and key.