IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 06-544 (GMS) ) |
| TD BANKNORTH INC., *et al.*, | ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) ) |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S REPLY TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaims of Defendant and Counterclaim-Plaintiff Experian Information Solutions, Inc. ("Experian") as follows:

**GENERAL ALLEGATIONS AND PARTIES**

1. On information and belief, Katz Technology Licensing admits that Experian is an Ohio corporation having its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

2. Katz Technology Licensing admits that it is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069, as alleged in Paragraph 112 of Experian's Counterclaims.

3. Katz Technology Licensing: (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a); (b) admits that Experian purports to bring its counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as alleged in Paragraph 113 of its Counterclaims; and (c) denies the viability of that

request for a declaratory judgment. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 113.

   4. Katz Technology Licensing admits that it is subject to personal jurisdiction in this judicial district, as alleged in Paragraph 114 of Experian's Counterclaims.

   5. Katz Technology Licensing admits that venue is proper in this judicial district, as alleged in Paragraph 115 of Experian's Counterclaims.

   6. Katz Technology Licensing admits that it is the sole holder of the entire right, title and interest in United States Patent Nos. 6,148,065 ("the '065 patent"); 5,974,120 ("the '120 patent"); 4,930,150 ("the '150 patent"); 6,434,223 ("the '223 patent"); 5,251,252 ("the '252 patent"); 5,351,285 ("the '285 patent"); 6,678,360 ("the '360 patent"); 6,512,415 ("the '415 patent"); 5,815,551 ("the '551 patent"); 5,828,734 ("the '734 patent"); 5,898,762 ("the '762 patent"); 5,684,863 ("the '863 patent"); 6,335,965 ("the '965 patent"); and 4,792,968 ("the '968 patent"); and 5,128,984 ("the '984 patent"), as alleged in Paragraph 116 of Experian's Counterclaims.

   7. Katz Technology Licensing admits that it has alleged Experian has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the '065, '120, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '965, '968, and '984 patents, referred to as the "Asserted Patents" in Paragraph 117 of Experian's Counterclaims.

## COUNT I
**(Declaratory Judgment of Non-Infringement)**

   8. In response to Paragraph 118 of Experian's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 7 of this Reply as if fully set forth herein.

9. Katz Technology Licensing denies the allegations set forth in Paragraph 119 of Experian's Counterclaims.

10. Katz Technology Licensing denies the allegations set forth in Paragraph 120 of Experian's Counterclaims.

## COUNT II
### (Declaratory Judgment of Invalidity)

11. In response to Paragraph 121 of Experian's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 10 of this Reply as if fully set forth herein.

12. Katz Technology Licensing denies the allegations set forth in Paragraph 122 of Experian's Counterclaims.

13. Katz Technology Licensing denies the allegations set forth in Paragraph 123 of Experian's Counterclaims.

## COUNT III
### (Declaratory Judgment of Unenforceability)

14. In response to Paragraph 124 of Experian's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 13 of this Reply as if fully set forth herein.

15. Katz Technology Licensing denies the allegations set forth in Paragraph 125 of Experian's Counterclaims.

16. Katz Technology Licensing denies the allegations set forth in Paragraph 126 of Experian's Counterclaims.

## COUNT IV
### (Attorney Fees)

17. In response to Paragraph 127 of Experian's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 16 of this Reply as if fully set forth herein.

18. Katz Technology Licensing denies the allegations set forth in Paragraph 128 of Experian's Counterclaims.

19. Katz Technology Licensing denies the allegations set forth in Paragraph 129 of Experian's Counterclaims.

### PRAYER FOR RELIEF ON EXPERIAN'S COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to Experian's Counterclaims, this Court:

1. Dismiss Experian's Counterclaims with prejudice;

2. Adjudge that Experian is not entitled to any relief, including any of the relief requested in Experian's prayer for relief; and

3. Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200
*Attorneys for Plaintiff
Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

November 15, 2006
545537

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following William J. Wade, Anne Shea Gaza, Philip A. Rovner, Paul J. Lockwood, Richard Herrmann.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 15, 2006 upon the following individuals in the manner indicated:

## BY EMAIL

William J. Wade
Anne Shea Gaza
Richards, Layton & Finger
wade@rlf.com
gaza@rlf.com

Martin J. Black
Dechert LLP
Martin.black@dechert.com

David A. Roodman
Bryan Cave LLP
daroodman@bryancave.com

Philip A. Rovner
Potter Anderson & Corroon, LLP
provner@potteranderson.com

Kenneth R. Adamo
Jones Day
kradamo@jonesday.com

Paul J. Lockwood
Skadden, Arps, Slate, Meagher & Flom
plockwood@skadden.com

Daniel A. DeVito
Skadden, Arpts, Slate, Meagher & Glom LLP
ddevito@skadden.com

Richard Herrmann
Morris, James, Hitchens & Williams LLP
rherrmann@morrisjames.com

Thomas M. Dunham
Howrey LLP
dunhamt@howrey.com

Michael Bednarek
Paul Hastings Janofsky & Walker LLP
michaelbednarek@paulhastings.com

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
jheaney@mnat.com