IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-544 (GMS) |
| TD BANKNORTH, INC., et al., | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.'S REPLY TO THE COUNTERCLAIMS OF CERIDIAN
CORPORATION AND COMDATA NETWORK, INC.**

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Answer and Counterclaim of Defendants and Counterclaim-Plaintiffs Ceridian Corporation and Comdata Network, Inc. (collectively, "Ceridian") as follows:

**SEVENTH AFFIRMATIVE DEFENSE**
**(Prosecution Laches)**

Katz Technology Licensing responds to allegations contained in Ceridian's Seventh Defense (Prosecution Laches), set forth in Paragraphs 109-114 of Ceridian's Answer, as follows:

1.      Katz Technology Licensing denies the allegations of Paragraph 109.

2.      Katz Technology Licensing admits that Application No. 06/753,299 ("the '299 Application") was filed on July 10, 1985. Katz Technology Licensing further admits that the patents asserted against Ceridian are, depending upon the asserted patent, continuations, continuations-in-part and/or divisionals of the '299 Application, Application No. 07/342,506, filed April 24, 1989, and Application No. 07/509,691, filed April 16, 1990, and may claim priority to other patents and/or applications. Katz Technology Licensing denies the remaining allegations of Paragraph 110.

3.      Katz Technology Licensing denies the allegations of Paragraph 111.

4.      Katz Technology Licensing denies the allegations of Paragraph 112.

5.      Katz Technology Licensing denies the allegations of Paragraph 113.

6.      Katz Technology Licensing denies the allegations of Paragraph 114.

### COUNTERCLAIM
**(Declaratory Judgment Regarding Unenforceability)**

Katz Technology Licensing responds to allegations contained in Ceridian's Counterclaim, set forth in Paragraphs 117-224 of Ceridian's Answer and Counterclaim, as follows:

1.      Katz Technology Licensing admits that in Paragraph 117 of its Counterclaim, Ceridian purports to incorporate by reference its responses to Paragraphs 1-101 of Katz Technology Licensing's Complaint to which no response is required by Katz Technology Licensing.  To the extent any response is required, Katz Technology Licensing denies all allegations in Paragraphs 1-101 of Ceridian's Answer and Paragraph 117 of Ceridian's Counterclaim.

2.      Upon information and belief, Katz Technology Licensing admits that Ceridian Corporation is a Delaware corporation having a principal place of business at 3311 East Old Shakopee road, Minneapolis, Minnesota 55425.  Upon information and belief, Katz Technology Licensing further admits that Comdata Network, Inc. is a Maryland corporation having a principal place of business at 5301 Maryland Way, Brentwood, Tennessee 37027 and is a subsidiary of Ceridian Corporation.

3.      Katz Technology Licensing admits that it is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069 as alleged in Paragraph 119 of Ceridian's Counterclaim.

4.      Katz Technology Licensing admits that Ceridian purports to bring its Counterclaim for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, as alleged in Paragraph 120, but denies the viability of that request. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 120.

5.      Katz Technology Licensing admits that (a) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  Katz Technology Licensing admits that Ceridian purports to bring its Counterclaim for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, et seq., as alleged in Paragraph 121, but denies the viability of that request.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 121.

6.      Katz Technology Licensing admits that it is subject to personal jurisdiction in this judicial district as alleged in Paragraph 122 of Ceridian's Counterclaim.

7.      Katz Technology Licensing admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as alleged in Paragraph 123 of Ceridian's Counterclaim.

8.      Katz Technology Licensing admits that it is the sole holder of the entire right, title and interest in United States Patent Nos. 6,148,065 ("the '065 patent"); 5,974,120 ("the '120 patent"); 6,349,134 ("the '134 patent"); 4,930,150 ("the '150 patent"); 6,434,223 ("the '223 patent"); 5,251,252 ("the '252 patent"); 5,351,285 ("the '285 patent"); 6,678,360 ("the '360 patent"); 5,815,551 ("the '551 patent"); 5,828,734 ("the '734 patent"); 5,684,863 ("the '863 patent"); 5,917,893 ("the '893 patent"); 6,335,965 ("the '965 patent"); and 4,792,968 ("the '968 patent"); and 5,128,984 ("the '984 patent") as alleged in Paragraph 124 of Ceridian's Counterclaim.

9.      Katz Technology Licensing admits that it has alleged Ceridian has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '863, '893, '965, '968, and '984  patents, as alleged in Paragraph 125 of Ceridian's Counterclaim.

10.      Katz Technology Licensing denies the allegations set forth in Paragraph 126 of Ceridian's Counterclaim.

11.    Katz Technology Licensing denies the allegations set forth in Paragraph 127 of Ceridian's Counterclaim.

12.    Katz Technology Licensing admits that Ceridian requests a declaratory judgment in Paragraph 128 of Ceridian's Counterclaim, but denies the viability of that request.

13.    Katz Technology Licensing denies the allegations set forth in Paragraph 129 of Ceridian's Counterclaim.

14.    Katz Technology Licensing denies the allegations set forth in Paragraph 130 of Ceridian's Counterclaim.

15.    Katz Technology Licensing denies the allegations set forth in Paragraph 131 of Ceridian's Counterclaim.

## I.    Allegedly Withholding Material Prior Art

### A.    The Barger Patent

16.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the Barger patent" or "the '698 patent") indicates an issuance date of January 31, 1978.  Katz Technology Licensing denies the remaining allegation set forth in Paragraph 132 of Ceridian's Counterclaim.

17.    Katz Technology Licensing denies the allegations set forth in Paragraph 133 of Ceridian's Counterclaim.

#### i.    Materiality

18.    The allegations in Paragraph 134 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required.

19.    The allegations in Paragraph 135 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required.

20.    The term "relevant" in the first sentence of Paragraph 136 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that

basis denies the allegations in that sentence.  Further, to the extent this term is intended to allege legal relevance, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 136 relating to the system allegedly disclosed by the Barger patent, the '698 patent speaks for itself and no further response is required.

        21.    Katz Technology Licensing denies the allegations set forth in Paragraph 137 of Ceridian's Counterclaim.

        22.    Katz Technology Licensing denies the allegations set forth in Paragraph 138 of Ceridian's Counterclaim.

        23.    Katz Technology Licensing admits that the Barger patent was relied upon in requests for reexamination of U.S. Patent Nos. 5,561,707 ("the '707 patent") and 6,292,547 ("the '547 patent").  Katz Technology Licensing further admits that the '707 patent is a continuation of U.S. Patent No. 5,255,309 ("the '309 patent"), which is a divisional application of Application No. 07/640,377, which is a continuation of U.S. Patent No. 4,845,739 ("the '739 patent ").  Katz Technology Licensing further admits that the '547 patent is a continuation of U.S. Patent No. 6,035,021 ("the '021 patent"), which is a divisional application of the '344 patent, which is a continuation of the '739 patent.  Katz Technology Licensing further admits that in Appeal No. 94-0834 the Board of Patent Appeals and Interferences affirmed an examiner's rejection of certain of Katz's pending claims in Application No. 07/640/337.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 139 of Ceridian's Counterclaim.

        **ii.    Intent**

        24.    Katz Technology Licensing admits that on its face, the Barger patent indicates an issuance date of January 31, 1978.  Katz Technology Licensing is unable to answer the remaining allegations set forth in the first sentence of Paragraph 140 of Ceridian's Counterclaim because it is unable to determine what "Katz's first relevant application" refers to, and on that basis denies them. Katz Technology Licensing is unable to answer the allegations set forth in the second sentence of Paragraph 140 of Ceridian's Counterclaim because it is unable to

determine what "Katz's various claims" refers to and because the term "materiality" is so vague and uncertain that Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations, and on that basis denies them. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 140 of Ceridian's Counterclaim.

25.    Katz Technology Licensing admits that the Barger patent was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing further admits that the Supplementary European Search Report identified the Barger patent as a category x document. Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing further admits that Mr. Coles sent a copy of the search report to Byard Nilsson in January, 1989. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 141 of Ceridian's Counterclaim.

26.     Katz Technology Licensing admits that the Barger patent was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing further admits that the Supplementary European Search Report identified the Barger patent as a category x document. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 142 of Ceridian's Counterclaim.

27.    The allegations in the first sentence of Paragraph 143 of Ceridian's Counterclaim constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the Barger patent was not disclosed during the prosecution of the '739, '929, '984 and '150 patents. Katz Technology Licensing denies that the Barger patent was not disclosed during the prosecution of the '285 and '965 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 143 of Ceridian's Counterclaim.

28.    Katz Technology Licensing denies the allegations set forth in Paragraph 144 of Ceridian's Counterclaim.

29.     Katz Technology Licensing denies the allegations set forth in Paragraph 145 of Ceridian's Counterclaim.

**ii.     Unenforceability**

30.     Katz Technology Licensing denies the allegations set forth in Paragraph 146 of Ceridian's Counterclaim.

31.     Katz Technology Licensing denies the allegations set forth in Paragraph 147 of Ceridian's Counterclaim.

32.     Katz Technology Licensing admits that the '984, '252, '285, '863, '551, '734, '893, '120, '065, '965, '134, '223, and '360 patents claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent.   Katz Technology Licensing denies all remaining allegations set forth in Paragraph 148 of Ceridian's Counterclaim.

33.     Katz Technology Licensing admits that the '893 patent is a continuation of Application No. 08/306,751, which is a continuation of the '285 patent, which is a continuation of the '344 patent.   Katz Technology Licensing further admits that the '863 patent is a continuation of the '344 patent.  Katz Technology Licensing further admits that the '360 patent is a continuation of the '065 patent, which is a continuation of the '551 patent, which is a continuation of the '344 patent.  Katz Technology Licensing further admits that the '134 patent is a divisional application of the '344 patent.   Katz Technology Licensing further admits that the '344 patent is a continuation of the '739 patent.  Katz Technology Licensing further admits that any patent term subsequent to the term of the '739 patent has been disclaimed with respect to the '893, '863, '551, '065, '360 and '134 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 149 of Ceridian's Counterclaim.

34.     Katz Technology Licensing denies the allegations set forth in Paragraph 150 of Ceridian's Counterclaim.

35.    Katz Technology Licensing admits that the '965, '984, '252, '734, '120 and '223 patents claim priority from other patents and applications that include the '929, '984 and '739 patents.  Katz Technology Licensing denies the allegations set forth in Paragraph 151 of Ceridian's Counterclaim.

36.    Katz Technology Licensing denies the allegations set forth in Paragraph 152 of Ceridian's Counterclaim.

37.    Katz Technology Licensing admits that the '893 patent claims priority from other patents and applications that include the '150 and '285 patents.  Katz Technology Licensing denies the allegations set forth in Paragraph 153 of Ceridian's Counterclaim.

38.    Katz Technology Licensing denies the allegations set forth in Paragraph 154 of Ceridian's Counterclaim.

39.    Katz Technology Licensing denies the allegations set forth in Paragraph 155 of Ceridian's Counterclaim.

**B.    The DeBruyn Patent**

40.    Katz Technology Licensing denies the allegations set forth in the first sentence of Paragraph 156 of Ceridian's Counterclaim.  Katz Technology Licensing admits that on its face, European Patent Specification No. 32410 ("the DeBruyn patent") indicates a publication date of July 22, 1981. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 156 of Ceridian's Counterclaim.

41.    Katz Technology Licensing denies the allegations set forth in Paragraph 157 of Ceridian's Counterclaim.

**i.    Materiality**

42.    The allegations in the first sentence of Paragraph 158 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required.  The allegation that "It is relevant to the Katz claims in many respects" is so vague and uncertain that Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full

meaning and intent of the remaining allegation and on that basis denies those allegations.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 158 of Ceridian's Counterclaim.

43.     Katz Technology Licensing admits that the DeBruyn patent and the Barger patent were cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375.  Katz Technology Licensing further admits that the Supplementary European Search Report identified the DeBruyn patent as a category x document and states that the content of the report speaks for itself.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 159 of Ceridian's Counterclaim.

44.     The allegations in the first and third sentences of Paragraph 160 relate to the system allegedly disclosed by the DeBruyn patent and Canadian patent 1,162,336 ("the DeBruyn Canadian patent"); Katz Technology Licensing responds that the DeBruyn patent and the DeBruyn Canadian patents speak for themselves and no further response is required.  The phrase "relevant to Katz's claims" in the second sentence of Paragraph 160 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Katz Technology Licensing denies the remaining allegations in Paragraph 160 of Ceridian's Counterclaim.

45.     Katz Technology Licensing admits that the DeBruyn Canadian patent was cited in an Order Granting Request for Reexamination for each of the '707 patent, the '309 patent, and U.S. Patent No. 5,259,023 ("the '023 patent").  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 161 of Ceridian's Counterclaim.

46.     Katz Technology Licensing admits that a Director Initiated Order for Reexamination with respect to the '309 patent stated:  "In view of the teachings of Canadian Patent 1,162,336 to DeBruyn, a substantial new question of patentability is raised as to claim 23 of U.S. Patent No. 5,255,309, and a reexamination of the patent claims as to the substantial new

question of patentability is appropriate." Katz Technology Licensing denies the remaining allegations set forth in Paragraph 162 of Ceridian's Counterclaim.

47. Katz Technology Licensing admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976), dated September 9, 2005, states that "Claims 23, 25-37, 41-43, 46, 50 and 51 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, DeBruyn . . . ." Katz Technology Licensing admits that the Final Office Action in Ex Parte Reexamination (Application Control Nos. 90/000,974 and 90/006,978)**, dated September 29, 2006, states: "Claims 9, 18, 19, 22, 23, 26, 32-34, 96-102, 106-108, 115, 119-123, 131, 132, 135, 137, 141-147, 150, 151, 153, 165, 166, 183-190, 196-200, 202, and 203 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, De Bruyn." Katz Technology Licensing denies the remaining allegations set forth in Paragraph 163 of Ceridian's Counterclaim.

48. Katz Technology Licensing admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,058 & 90/006,977) dated September 1, 2005, stated that "Claims 1, 2, 7, 8, 10, 21, 22-25, 26, and 27 are rejected 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336. . . ." Katz Technology Licensing further admits that a non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,058 & 90/006,977) dated September 1, 2005, rejected claims 5, 6, 20, 22, and 23 pursuant to 35 U.S.C. § 103(a) based at least in part on Canadian Patent No. 1,162,336. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 164 of Ceridian's Counterclaim.

49. Katz Technology Licensing admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976) dated September 9, 2005, states that "Claims 23, 25-37, 41-43, 46, 50 and 51 are rejected 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, DeBruyn. . . ." Katz Technology Licensing further admits that a non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976) dated September 9, 2005, rejected claims 1, 7-12, 14, 20, 24, 32,

38-42, and 52-58 pursuant to 35 U.S.C. § 103(a) based on Canadian Patent No. 1,162,336 in view of various other pieces of alleged prior art. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 165 of Ceridian's Counterclaim.

50.    Katz Technology Licensing admits that the '707, '309, and '023 patents on their face indicate claims of priority from, among other patents and applications, the '739 patent. Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full meaning of any remaining allegations in Paragraph 166 and on that basis denies those allegations.

### ii.    Intent

51.    Katz Technology Licensing admits that the European Patent Office published the DeBruyn patent on July 22, 1981. Katz Technology Licensing is unable to answer the remaining allegations set forth in the first sentence of Paragraph 167 of Ceridian's Counterclaim because the phrase "Katz's first relevant application" is so vague and uncertain that Katz Technology Licensing lacks information or knowledge to form a belief as to the truthfulness of the allegations, and therefore denies them. Katz Technology Licensing is unable to answer the remaining allegations set forth in the second sentence of Paragraph 167 of Ceridian's Counterclaim because the phrase "Katz's various claims" and the terms "relevance" and "materiality" are so vague and uncertain that Katz Technology Licensing lacks information or knowledge to form a belief as to the truthfulness of the allegations, and on that basis denies the allegations in that sentence. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that the DeBruyn patent was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 167 of Ceridian's Counterclaim.

52.    Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed to the Patent and Trademark Office during the prosecution of U.S. Patent No.

5,048,075 ("the '075 patent "), and the '739, '150, '929, '984, and '252 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 168 of Ceridian's Counterclaim.

53.     Katz Technology Licensing denies the allegations set forth in Paragraph 169 of Ceridian's Counterclaim.

54.     Katz Technology Licensing denies the allegations set forth in Paragraph 170 of Ceridian's Counterclaim.

### iii.     Unenforceability

55.     Katz Technology Licensing denies the allegations set forth in Paragraph 171 of Ceridian's Counterclaim.

56.     Katz Technology Licensing admits that the '984, '252, '285, '551, '734, '893, '120, '065, '965, '134, '223, and '360 patents claim priority from, among other patents and applications, the '739 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 172 of Ceridian's Counterclaim.

57.     Katz Technology Licensing admits that the '893 patent is a continuation of Application No. 08/306,751, which is a continuation of the '285 patent, which is a continuation-in-part of Application No. 07/640,337, which is a continuation of the '344 patent. Katz Technology Licensing further admits that the '863 patent is a continuation of the '344 patent. Katz Technology Licensing further admits that the '360 patent is a continuation of the '065 patent, which is a continuation of the '551 patent, which is a continuation of the '344 patent. Katz Technology Licensing further admits that the '134 patent is a divisional application of the '344 patent. Katz Technology Licensing further admits that the '344 patent is a continuation of the '739 patent. Katz Technology Licensing further admits that any patent term subsequent to the term of the '739 patent has been disclaimed with respect to the '893, '863, '551, '065, '360 and '134 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739 patent. Katz Technology

Licensing denies the remaining allegations set forth in Paragraph 173 of Ceridian's Counterclaim.

58.     Katz Technology Licensing denies the allegations set forth in Paragraph 174 of Ceridian's Counterclaim.

59.     Katz Technology Licensing denies the allegations of inequitable conduct and therefore denies the allegations set forth in Paragraph 175 of Ceridian's Counterclaim.

60.     The allegations of Paragraph 176 of Ceridian's Counterclaim, including specifically the phrase "would have been relevant," are so vague, uncertain and non-specific that Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the meaning and intent of the allegations in Paragraph 176 and on that basis denies them.

61.     Katz Technology Licensing denies the allegations set forth in Paragraph 177 of Ceridian's Counterclaim.

62.     Katz Technology Licensing admits that the '893 and '285 patents claim priority from, among other patents, the '150 and '739 patents.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 178 of Ceridian's Counterclaim.

63.     Katz Technology Licensing denies the allegations set forth in Paragraph 179 of Ceridian's Counterclaim.

**C.     Katz PCT**

64.     Katz Technology Licensing admits that the face of PCT Application No. WO 87/00375 indicates that it was published on January 15, 1987.  Katz Technology Licensing denies the remaining allegation set forth in Paragraph 180 of Ceridian's Counterclaim.

**i.     Materiality**

65.     Katz Technology Licensing admits that the face of PCT Application No. WO 87/00375 indicates that it was published on January 15, 1987.  The remaining allegations in the first sentence of Paragraph 181 constitute legal conclusions to which no response is required.

Katz Technology Licensing admits that the '739 patent has a filing date of May 16, 1988. Katz Technology Licensing denies the remaining allegations in Paragraph 181.

66.     In response to the allegations in Paragraph 182 of Ceridian's Counterclaim that the application "is relevant to many of the basic elements under consideration by the Patent and Trademark Office in the '739 and related patents" and "constituted prior art to all the claims that incorporated any new subject matter added", these allegations are so vague and uncertain that Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full meaning and intent of the allegations and on that basis denies the allegations. Katz Technology Licensing admits that the '739 patent has a filing date of May 16, 1988. Katz Technology Licensing denies the remaining allegations in Paragraph 182.

67.     The term "material" in Paragraph 183 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in Paragraph 183. Further, to the extent the term "material" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was cited by the examiner in an Office Action dated March 5, 1991 for U.S. Patent Application No. 07/425,779, which resulted in the issued '984 patent. Katz Technology Licensing denies the remaining allegations in Paragraph 183.

### ii.     Intent

68.     Katz Technology Licensing admits that PCT Application No. WO 87/00375 was not disclosed to the USPTO as part of the prosecution of the '739 patent. Katz Technology Licensing denies the remaining allegation set forth in Paragraph 184 of Ceridian's Counterclaim.

69.     Katz Technology Licensing denies the allegation set forth in Paragraph 185 of Ceridian's Counterclaim.

### iii.     Unenforceability

70.     Katz Technology Licensing admits that the '984, '252, '285, '863, '551, '734, '893, '120, '065, '965, '134, '223, and '360 patents claim priority from, among other patents and applications, the '739 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 186 of Ceridian's Counterclaim.

71.     Katz Technology Licensing admits that the '984, '252, '285, '863, '551, '734, '893, '120, '065, '965, '134, '223, and '360 patents claim priority from, among other patents and applications, the '739 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 187 of Ceridian's Counterclaim.

72.     Katz Technology Licensing admits that any patent term subsequent to the term of the '739 patent has been disclaimed with respect to the '893, '863, '551, '065, '360 and '134 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 188 of Ceridian's Counterclaim.

73.     In response to the allegations of Paragraph 189 of Ceridian's Counterclaim, Katz Technology Licensing incorporates its response to Paragraph 188 and further states that the disclaimers and rejections with respect to the patents referenced speak for themselves and require no further response from Katz Technology Licensing concerning the contents thereof.  Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full meaning and intent of the remaining allegations in Paragraph 189 and on that basis denies those allegations.

74.     Katz Technology Licensing denies the allegation set forth in Paragraph 190 of Ceridian's Counterclaim.

**D.     Periphonics**

75.     The term "material" in the first sentence of Paragraph 191 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence.  Further, to the extent the term

"material" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing lacks information or knowledge to answer the allegation in the second sentence of Paragraph 191 and therefore denies it.

### i.    Materiality

76.    Katz Technology Licensing lacks information and knowledge to answer the allegation in the first sentence of Paragraph 192 and therefore denies it. Katz Technology Licensing lacks information and knowledge to answer the allegation that materials bearing Bates numbers W72807-W73756 ("the West materials") were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with *First Data Resources Inc. v. West Interactive Corp.*, CV 91-4471 TJH (C.D. Cal.) and therefore denies it. Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper, who were at one time affiliated with the Nilsson, Wurst & Green law firm, were involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against Ceridian. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 192 of Ceridian's Counterclaim.

77.    Katz Technology Licensing admits that during the prosecution of U.S. Patent Application No. 08/306,456, which issued as the '965 patent, West materials were submitted to the USPTO. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 193 of Ceridian's Counterclaim.

78.    Katz Technology Licensing lacks sufficient information and knowledge to answer the allegations set forth in Paragraph 194 of Ceridian's Counterclaim, and therefore denies them.

79.    The term "knowingly withheld" and "materiality" used in Paragraph 195 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond an on that basis denies the allegations Paragraph 195 of Ceridian's Counterclaim. Further, to the extent that these terms are meant to allege legal relevance, the allegations constitutes legal conclusions to which no response is required. Katz Technology

Licensing denies any remaining allegation set forth in Paragraph 195 of Ceridian's Counterclaim.

80.     Katz Technology Licensing is unable to ascertain the meaning of the allegation in Paragraph 196 of Ceridian's Counterclaim that the reference is "highly relevant to many claims" and describes "such limitations of claims of the patents-in-suit" are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to answer such allegations and on that basis denies them.  Katz Technology Licensing lacks sufficient information and knowledge to answer the remaining allegations set forth in Paragraph 196 of Ceridian's Counterclaim, and therefore denies them.

81.     Katz Technology Licensing denies the allegations set forth in Paragraph 197 of Ceridian's Counterclaim.

82.     The allegations in Paragraph 198 of Ceridian's Counterclaim that the reference is "highly relevant to many claims" and describes "such limitations of claims of the patents-in-suit" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to answer such allegations and on that basis denies them.  Katz Technology Licensing lacks sufficient information or knowledge to answer any remaining allegations set forth in Paragraph 198 of Ceridian's Counterclaim, and therefore denies them.

### ii.     Intent

83.     Katz Technology Licensing admits that the '965 patent indicates an issuance date of January 1, 2002.  Katz Technology Licensing further admits that the application for the '965 patent stated:  "During the litigation of [the West case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant.  However, during pretrial procedures, the defendant distilled the applied art to 59 separate items (including single or plural related documents)."  U.S. Patent Application No. 08/306,456, Paper no. 3, filed November 4, 1994.  Katz Technology Licensing further admits that the application stated:  "The voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the second set of forms PTO-1449

(Supplemental I)."  paper no. 3, filed November 4, 1994.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 199 of Ceridian's Counterclaim.

84.    Katz Technology Licensing admits that the '965 patent indicates an issuance date of January 1, 2002.  Katz Technology Licensing further admits that the application for the '965 patent stated:  "During the litigation of [the West case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant.  However, during pretrial procedures, the defendant distilled the applied art to 59 separate items (including single or plural related documents)."  U.S. Patent Application No. 08/306,456, Paper no. 3, filed November 4, 1994.  Katz Technology Licensing further admits that the application stated:  "The voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)."  paper no. 3, filed November 4, 1994.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 200 of Ceridian's Counterclaim.

85.    In response to the allegations of Paragraph 201 of Ceridian's Counterclaim regarding statements in "other applications", Katz Technology Licensing states that the "other applications" speak for themselves and require no further response from Katz Technology Licensing concerning the contents thereof.  Katz Technology Licensing lacks information or knowledge to form a belief as to the truthfulness and full meaning and intent of any remaining allegations in Paragraph 201 and on that basis denies those allegations.

86.    In response to the allegations of Paragraph 202 of Ceridian's Counterclaim regarding statements in "still other applications", Katz Technology Licensing states that the "still other applications" speak for themselves and require no further response from Katz Technology Licensing concerning the contents thereof.  Katz Technology Licensing lacks information or knowledge to form a belief as to the truthfulness and full meaning and intent of any remaining allegations in Paragraph 202 and on that basis denies those allegations.

87.    The allegation in Paragraph 203 of Ceridian's Counterclaim constitutes a legal conclusion to which no response is required.

88.    Katz Technology Licensing denies the allegations set forth in Paragraph 204 of Ceridian's Counterclaim.

89.    Katz Technology Licensing denies the allegations set forth in Paragraph 205 of Ceridian's Counterclaim.

### iii.    Unenforceability

90.    Katz Technology Licensing denies the allegations set forth in Paragraph 206 of Ceridian's Counterclaim.

91.    No response to the allegations set forth in Paragraph 207 of Ceridian's Counterclaim is required, as the '065, '134, '360, '707, '863, '762 and '551 patents speak for themselves.

92.    Katz Technology Licensing admits that the '065, '134, '360, '707, '863, '762 and '551 patents claim priority from, among other patents and applications, the '739 patent. No response to the remaining allegations set forth in Paragraph 208 is required, as the '065, '134, '360, '707, '863, '762 and '551 patents speak for themselves.

93.    No response to the allegations set forth in Paragraph 209 of Ceridian's Counterclaim is required, as the patents referenced speak for themselves. Katz Technology Licensing lacks information or knowledge to form a belief as to the truthfulness and full meaning and intent of any remaining allegations in Paragraph 209 and on that basis denies those allegations.

94.    Katz Technology Licensing admits that any patent term subsequent to the term of the '739 patent has been disclaimed with respect to the '893, '065, '360 and '134 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 210 of Ceridian's Counterclaim.

95.    Katz Technology Licensing admits that the '893 patent claims priority from, among other patents, the '285 patent. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 211 of Ceridian's Counterclaim.

96.     Katz Technology Licensing denies the allegations set forth in Paragraph 212 of Ceridian's Counterclaim.

97.     Katz Technology Licensing denies the allegations set forth in Paragraph 213 of Ceridian's Counterclaim.

**II.     False and Misleading Statements**

98.     Katz Technology Licensing denies the allegations set forth in Paragraph 214 of Ceridian's Counterclaim.

99.     Katz Technology Licensing denies the allegations set forth in Paragraph 215 of Ceridian's Counterclaim.

100.     Katz Technology Licensing admits that during the prosecution of the '984 patent, the examiner rejected application claim 10 under 35 U.S.C. § 103 "as being unpatentable over Fodale in combination with the teachings of WO 87/00375 ('375)."   Katz Technology Licensing further admits that the patent applicant stated during prosecution of the '984 patent, "[t]he Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968.  In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference.  Accordingly, the international application is not properly a reference against the present case."   Katz Technology Licensing denies the remaining allegations set forth in Paragraph 216 of Ceridian's Counterclaim.

101.     Katz Technology Licensing admits that a claim 10 issued in the '984 patent.  The remaining allegations set forth in Paragraph 217 of Ceridian's Counterclaim constitute legal conclusions to which no response is required.  To the extent any further response is required, Katz Technology Licensing lacks information or knowledge to form a belief as to the truthfulness and full meaning and intent of any remaining allegations in Paragraph 217 and on that basis denies those allegations.

102.    The allegations set forth in Paragraph 218 are vague and uncertain and are therefore denied.  The terms "intent to deceive" and "scope beyond any to which Katz was entitled" are alleged legal conclusions to which no response is required.

103.    Katz Technology Licensing denies the allegations set forth in Paragraph 219 of Ceridian's Counterclaim.

104.    Katz Technology Licensing denies the allegations set forth in Paragraph 220 of Ceridian's Counterclaim.

105.    Katz Technology Licensing denies the allegations set forth in Paragraph 221 of Ceridian's Counterclaim.

106.    Katz Technology Licensing admits that the '252, '734, '120, and '223 patents claim priority from, among other patents, the '984 patent.  No response to the remaining allegations set forth in Paragraph 222 of Ceridian's Counterclaim is required, as the '252, '734, '120, '223, and '984 patents speak for themselves.

107.    Katz Technology Licensing further admits that any patent term subsequent to the term of the '984 patent has been disclaimed with respect to the '252, '734, '120, and '223 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent term of the '223 patent was already set to expire prior to the term of the '984 patent.  Katz Technology Licensing denies the allegations set forth in Paragraph 223 of Ceridian's Counterclaim.

108.    Katz Technology Licensing denies the allegations set forth in Paragraph 224 of Ceridian's Counterclaim.

## PRAYER FOR RELIEF ON CERIDIAN'S COUNTERCLAIM

Katz Technology Licensing respectfully requests that in response to Ceridian's Counterclaim this Court:

1.    Dismiss Ceridian's Counterclaim with prejudice;

2.    Adjudge that Ceridian is not entitled to any relief, including any of the relief requested in Ceridian's prayer for relief; and

      3.      Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Julia Heaney*

          —————————————————————
          Mary B. Graham (#2256)
          Julia Heaney (#3052)
          Benjamin J. Schladweiler (#4601)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          302.658.9200

          *Attorneys for Plaintiff*
          *Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

November 20, 2006
546491

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following William J. Wade, Anne Shea Gaza, Philip A. Rovner, Paul J. Lockwood, Richard Herrmann.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 20, 2006 upon the following individuals in the manner indicated:

### BY EMAIL

William J. Wade
Anne Shea Gaza
Richards, Layton & Finger
wade@rlf.com
gaza@rlf.com

Philip A. Rovner
Potter Anderson & Corroon, LLP
provner@potteranderson.com

Paul J. Lockwood
Skadden, Arps, Slate, Meagher & Flom
plockwood@skadden.com

Richard Herrmann
Morris, James, Hitchens & Williams LLP
rherrmann@morrisjames.com

Martin J. Black
Dechert LLP
martin.black@dechert.com

David A. Roodman
Bryan Cave LLP
daroodman@bryancave.com

Kenneth R. Adamo
Jones Day
kradamo@jonesday.com

Daniel A. DeVito
Skadden, Arpts, Slate, Meagher & Glom LLP
ddevito@skadden.com

Thomas M. Dunham
Howrey LLP
dunhamt@howrey.com

Michael Bednarek
Paul Hastings Janofsky & Walker LLP
michaelbednarek@paulhastings.com

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
jheaney@mnat.com