IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-544 (GMS) |
| TD BANKNORTH, INC., et al., | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S REPLY
TO COUNTERCLAIMS OF COMERICA INCORPORATED, COMERICA
SECURITIES, INC. AND COMERICA BANK & TRUST, N.A.**

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaims of Defendants and Counterclaim-Plaintiffs Comerica Incorporated, Comerica Securities, Inc. and Comerica Bank & Trust, N.A. (collectively, "Comerica Defendants") as follows:

### NATURE AND BASIS OF ACTION

1.      Katz Technology Licensing:   (a) admits that the Comerica Defendants purport to bring their Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 *et seq*., as alleged in Paragraph 1 of the Comerica Defendants' Counterclaims; (b) admits that the Comerica Defendants seek declarations that the patents identified in Paragraph 1 of their Counterclaims are not infringed, are invalid and are unenforceable; and (c) denies the viability of that request for declaratory judgment.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 1.

### THE PARTIES, JURISDICTION AND VENUE

2.      Upon information and belief, Katz Technology Licensing admits that Comerica Securities, Inc. is a Michigan corporation with a principal place of business at 201 West Fort Street, Detroit, Michigan 48226, as alleged in Paragraph 2.

3.  Upon information and belief, Katz Technology Licensing admits that Comerica Bank & Trust is a national banking association with its principal place of business at 500 Woodward Avenue, Detroit Michigan 48226, as alleged in Paragraph 3.

4.  Katz Technology Licensing admits that the Comerica Defendants allege in Paragraph 4 that Comerica Incorporated is a Delaware Corporation with a principal place of business at 201 West Fort Street, Detroit, Michigan 48226.

5.  Katz Technology Licensing admits that it is a limited partnership organized under the laws of the State of California with principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

6.  Katz Technology Licensing:  (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a); (b) admits that the Comerica Defendants purport to bring their counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 as alleged in Paragraph 6; and (c) denies that request for a declaratory judgment.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 6.

7.  Katz Technology Licensing admits that this Court has personal jurisdiction over Katz Technology Licensing in this action.

8.  Katz Technology Licensing admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

9.  Katz Technology Licensing admits that it is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '346, '360, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents asserted against the Comerica Defendants and identified further in Katz Technology Licensing's Complaint in this action.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 9.

10.  Katz Technology Licensing admits that it alleges that the Comerica Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in

Paragraph 81 of Katz Technology Licensing's Complaint in this action.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 10.

11.     Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the Comerica Defendants regarding the Comerica Defendants' infringement of the patents identified in Paragraph 73 of Katz Technology Licensing's Complaint in this action.   Katz Technology Licensing denies the remaining allegations set forth in Paragraph 11.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the Patents-in-Suit)

12.     In response to Paragraph 12 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 11 of this Reply as if fully set forth herein.

13.     Katz Technology Licensing denies the allegations set forth in Paragraph 13.

14.     Katz Technology Licensing denies the allegations set forth in Paragraph 14.

## COUNT II
### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

15.     In response to Paragraph 15 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 14 of this Reply as if fully set forth herein.

16.     Katz Technology Licensing denies the allegations set forth in Paragraph 16.

## COUNT III
### (Declaratory Judgment of Unenforceability of the Patents-in-Suit)

17.    In response to Paragraph 17 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 16 of this Reply as if fully set forth herein.

18.    Katz Technology Licensing denies all allegations set forth in Paragraph 18.

19.    Katz Technology Licensing denies all allegations set forth in Paragraph 19.

20.    Katz Technology Licensing denies all allegations set forth in Paragraph 20.

21.    Katz Technology Licensing denies all allegations set forth in the first sentence of Paragraph 21.  The allegations set forth in the second sentence of Paragraph 21 are vague and uncertain and are therefore denied.  The terms "intent to deceive" and "scope beyond any to which Katz was entitled" are alleged legal conclusions to which no response is required.

22.    Katz Technology Licensing denies all allegations set forth in Paragraph 22.

23.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the '698 patent") indicates that it was issued to Barger, Jr., *et al.*  Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '984, '739, '150, '298, '929, and '252 patents.  Katz Technology Licensing further admits that on its face, the '698 patent indicates that it was issued by the United States Patent and Trademark Office ("USPTO") on January 31, 1978.  The remaining allegations in Paragraph 23 constitute legal conclusions to which no response is required.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 23.

24.    The terms "central features claimed" and "material" as used in the first sentence of Paragraph 24 are so vague and uncertain that Katz Technology Licensing lacks

sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the terms "central features" and "material" are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 24 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that the '698 patent speaks for itself and no further response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 24.

25.    The terms "materiality" and "relevance" as used in the first sentence of Paragraph 25 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent those terms are intended to allege legal materiality or relevance, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that the '698 patent was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing also admits that PCT Application No. WO 87/00375 claims priority to U.S. Patent Application No. 06/753,299. Katz Technology Licensing further admits that the Supplementary European Search Report identified the '698 patent as a "category x" document. The contents of that search report speak for themselves and the allegations relating to the report require no further response. Katz Technology Licensing admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 25.

26.    Katz Technology Licensing admits that all of the patents it has asserted against the AOL Defendants in this action claim priority to United States Patent Application No. 06/753,299, which was filed with the USPTO on July 10, 1985. The term "materiality" as used in the second sentence of Paragraph 26 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term "materiality" is intended to allege

legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 26.

27.    Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '984, '739, '150, '298, '929, and '252 patents.  Katz Technology Licensing admits that, on their faces, the patents listed in Paragraph 27 show that they were filed with the USPTO on the following dates:  the '984 patent filed on October 23, 1989; the '739 patent filed on May 16, 1988; the '150 patent filed on October 20, 1988; the '298 patent filed on February 20, 1990; the '929 patent filed on February 21, 1989; the '252 patent filed on October 21, 1991; and the '285 patent filed on April 13, 1993.  Katz Technology Licensing denies that the '698 patent was not disclosed during the prosecution of the '285 patent.  Katz Technology Licensing admits that the '698 patent was listed on an information disclosure statement dated September 20, 1994, filed in connection with U.S. Patent Application No. 08/047,241, which led to the issuance of the '285 patent.  Katz Technology Licensing further admits that the '285 patent issued on September 27, 1994.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 27.

28.    In connection with the allegations in Paragraph 28, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 28.

29.    Katz Technology Licensing admits that the '863, '551, '984, '252, '734, '762, '120, '134 and '223 patents are among the patents asserted against the Comerica Defendants in this action.  Katz Technology Licensing further admits that certain of the patents asserted against the Comerica Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent.  The term "material" as used in Paragraph 32 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations related to that term.  Further, to the

extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 29.

30. Katz Technology Licensing denies all allegations set forth in Paragraph 30.

31. Katz Technology Licensing admits that on its face, European Patent No. 0032410 indicates that it was issued to DeBruyn. Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of certain of the patents in suit and certain patents to which the patents in suit claim priority. Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981. The remaining allegations in Paragraph 31 constitute legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 31.

32. The terms "relevant" and "material" in the first sentence of Paragraph 32 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent these terms are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 32 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 32.

33. Katz Technology Licensing admits that European Patent No. 0032410 was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing admits that the search report identified European Patent 0032410 as a "category x" document. Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles. To the extent that the allegations in Paragraph 36 relate to the contents of the search report, Katz

Technology Licensing responds that the report speaks for itself and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 33.

34.    Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '075, '285, '739, '929, '984, and '252 patents. The term "material" as used in Paragraph 32 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 34. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 34.

35.    Katz Technology Licensing denies that the DeBruyn reference was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing admits that Canadian Patent No. 1, 162,336, issued to DeBruyn, was disclosed during the prosecution of the '285 patent on September 20, 1994. Katz Technology Licensing admits that the '285 patent issued on September 27, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 35.

36.    Katz Technology Licensing admits that the '150, '252, '285, and '984 patents have been asserted against the Comerica Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the Comerica Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739, '075 and '929 patents. In connection with the allegations in Paragraph 36, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct and "unenforceable" are legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 36.

37.    The terms "related," "material" and "taints" in the first and second sentences of Paragraph 37 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond. Further, to the extent these terms are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required.

Katz Technology Licensing admits that the '863, '551, '734, '762,'120, '134 and '223 patents have been asserted against the Comerica Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the Comerica Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications that include the '929, '984 and '252 patents and the '734 patent claims priority from the '984 and '252 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 37.

38.    Katz Technology Licensing denies all the allegations set forth in Paragraph 38.

39.    Katz Technology Licensing admits that PCT Application No. WO 87/00375 was disclosed to the USPTO after payment of the issue fee for the '285 patent. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was not disclosed to the USPTO as part of the prosecution of the '739 patent. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was filed pursuant to the Patent Cooperation Treaty ("PCT") and published on January 15, 1987. The remaining allegations in Paragraph 39 constitute legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 39.

40.    Katz Technology Licensing admits that the application that led to the '739 patent was filed on May 16, 1998 and that the application that led to the '285 patent was filed on April 13, 1993. The allegations in the second and third sentences of Paragraph 40 relate to the contents of the '739 and '285 patents and PCT Application No. WO 87/00375, which speak for themselves and as to which no further response is required. The remaining allegations in Paragraph 40 constitute legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 40.

41.    Katz Technology Licensing admits that PCT Application No. WO 87/00375 is titled "Statistical Analysis System for Use with Public Communication Facility."

The remaining allegations relate to the system allegedly disclosed in PCT Application No. WO 87/00375; Katz Technology Licensing responds that the application speaks for itself and that no further response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 41.

42.     The terms "material," "materiality" and "relevant" in Paragraph 42 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege legal materiality or relevance, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 42.

43.     Katz Technology Licensing admits that the patent applicant had knowledge of PCT Application No. WO 87/00375 during prosecution of the '739 and '285 patents. The term "duty to disclose information material to the patentability of any of Katz's pending patent applications" is so vague and uncertain that Katz Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege a legal duty or legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 43.

44.     The terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" used in Paragraph 44 are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 44.

45.     Katz Technology Licensing admits that certain of the patents asserted against the Comerica Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 and '285 patents. In connection with the allegations in Paragraph 45, the terms "inequitable conduct," "material," and "unenforceable"

are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 45.

46.    Katz Technology Licensing denies all the allegations set forth in Paragraph 46.

47.    Katz Technology Licensing admits that U.S. Patent No. 4,943,995 was not disclosed during the prosecution of the '120 patent. Katz Technology Licensing admits that U.S. Patent No. 4,943,995, on its face, indicates that it was filed with the USPTO on October 8, 1986 and issued on July 24, 1990 to Daudelin, *et al*. (the "Daudelin '995 patent"). Katz Technology Licensing further admits that U.S. Patent No. 5,974,120 was filed on June 7, 1995. The remaining allegations in Paragraph 47 constitute legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 47.

48.    The term "material" in the first sentence of Paragraph 48 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 48 relate to the claims of the '120 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 48.

49.    Katz Technology Licensing admits that the Daudelin '995 patent was disclosed to the USPTO more than two years prior to the issuance of the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 49.

50.    Katz Technology Licensing denies all the allegations set forth in Paragraph 50. Further, the terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.

51.    Katz Technology Licensing admits that it has asserted the '223 patent against the Comerica Defendants in this action. Katz Technology Licensing further admits that

the '223 patent claims priority to other patents and applications that include the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 51.

52.    Katz Technology Licensing denies all the allegations set forth in Paragraph 52.

53.    Katz Technology Licensing admits that the Daudelin '955 patent; U.S. Patent Nos. 4,797,910 (the "Daudelin '910 patent"); and 4,922,519 (the "Daudelin '519 patent") were disclosed to the USPTO during prosecution of certain of the patents asserted against the Comerica Defendants and of other patents. The remaining allegations of Paragraph 53 relate to the contents of the Daudelin '955, '910, and '519 patents; Katz Technology Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 53.

54.    Katz Technology Licensing denies all allegations set forth in the first sentence of Paragraph 54. Katz Technology Licensing admits that during prosecution of the '734 patent, certain documents, including the Daudelin '910 patent, were identified in a March 14, 1995 Supplemental Amendment, and that the patent applicant stated: "Of the above documents, those identified by a reference numeral D may be pertinent to DNIS capabilities and those identified by reference numeral A may be pertinent to ANI capabilities." Katz Technology Licensing further admits that the Daudelin '910 patent was not identified with a "D" or an "A" during prosecution of the '734 patent. Katz Technology Licensing admits that during prosecution of the '551 patent, certain documents, including the Daudelin '910 patent, were identified in an October 2, 1996 Information Disclosure Statement, and that the patent applicant stated: "From all of the documents listed on the attached Forms PTO-1449, the Examiner's attention is particularly drawn to certain patents and references identified below that may be of possible interest to certain features of Applicant's system, such as ANI and/or DNIS. Each of the documents that has some disclosure of DNIS or like function is indicated with a 'D' beside it. Each of the documents that has some disclosure of ANI or like function is indicated with an 'A' beside it." Katz Technology Licensing further admits that the Daudelin '910 patent was

identified with a "D" during prosecution of the '551 patent.  Katz Technology Licensing admits that during prosecution of the '893 patent, certain documents, including the Daudelin '910 patent, were identified in a March 18, 1997 Information Disclosure Statement, and that the patent applicant stated: "From all of the documents listed on the attached Forms PTO-1449, the Examiner's attention is particularly drawn to certain patents and references identified below that may be of possible interest to certain features of Applicant's system, such as ANI, DNIS and/or of general interest.  Each of the documents that has some disclosure of DNIS or some function whereby a called number is provided by a central ability is indicated with a 'D' beside it."  Katz Technology Licensing further admits that the Daudelin '910 patent was identified with a "D" during prosecution of the '893 patent.  Katz Technology Licensing admits that the statement, "[a]lthough the present claims are variously distinct for a myriad of reasons, two significant reasons are that Daudelin does not teach DNIS nor does it teach displaying data entered by a caller at the operator terminal" was made by the patent applicant as part of the prosecution of the '360 patent.   Katz Technology Licensing denies the remaining allegations set forth in Paragraph 54.

55.    Katz Technology Licensing denies all the allegations set forth in Paragraph 55.   Further, the terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.

56.    Katz Technology Licensing admits that it has asserted the '120 and '223 patents against the Comerica Defendants in this action.  Katz Technology Licensing further admits that the '120 and '223 patents claim priority to the '734 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 56.

57.    Katz Technology Licensing denies all the allegations set forth in Paragraph 57.  Further, the terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required.

58.     Katz Technology Licensing admits that on its face, U.S. Patent No. 4,757,267 indicates that it was issued to Riskin.  Katz Technology Licensing admits that the statement, "[r]ecognizing that the Riskin patent discloses the utilization of ANI and DNIS signals to accomplish telephone routing, it is respectfully submitted that applicant's system involves entirely different philosophical considerations and structure" was made by the patent applicant as part of the prosecution of the '075 patent.  Katz Technology Licensing admits that U.S. Patent No. 4,757,267 was part of a list of patents disclosed to the USPTO as part of the prosecution of the '120 patent.  Katz Technology Licensing admits that U.S. Patent No. 4,757,267 was indicated with an "A" beside it to indicate that it "may be pertinent to ANI capabilities."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 58.

59.     The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" used in the first sentence of Paragraph 59 are alleged legal conclusions to which no response is required, and Katz Technology Licensing denies the allegations set forth in the first sentence of Paragraph 59.  Katz Technology Licensing admits that it has asserted the '223 patent against the Comerica Defendants.  Katz Technology Licensing further admits that the '223 patent claims priority from the '120 patent.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 59.

60.     The terms "unenforceable," "inequitable conduct," "intent to deceive" and "scope beyond which Katz was entitled" used in the first sentence of Paragraph 59 are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies all the allegations set forth in Paragraph 60.

61.     Katz Technology Licensing admits that West Interactive Corp. brought a declaratory judgment action against First Data Resources, Inc. in the United States District Court for the District of Nebraska.  Katz Technology Licensing further admits that West alleged that the '739, '150, and '773 patents were invalid.  Katz Technology Licensing denies the remaining allegations in Paragraph 61.

62.     The allegations in Paragraph 42 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the all the allegations set forth in Paragraph 42.

63.     Katz Technology Licensing denies all the allegations set forth in Paragraph 63.

64.     Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first and second sentences of Paragraph 64 and therefore denies them.  The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" used in the third sentence of Paragraph 64 are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 64.

65.     Katz Technology Licensing admits that on October 9, 1990, First Data Resources, Inc. brought suit against 900 Million, Inc. and others in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '773 patents.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 65.

66.     Katz Technology Licensing admits that certain of the '984, '252, '285, '863, '551, '734, '762, '120, '134, and '223 patents claim priority to other patents and applications that include the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 66.

67.     The term "material information arising therefrom" is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies these allegations.  Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required.  Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc. v. 900 Million, Inc.* litigation during the prosecution of the '120, '134, '223, '252, '285, '551,

'734, '762, '863, 968 and '984 patents. Katz Technology Licensing denies all remaining allegations in Paragraph 67.

68.     Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first and second sentences of Paragraph 68 and therefore denies them. The allegations set forth in the third sentence of Paragraph 68 are vague and uncertain and are therefore denied. The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 68.

69.     Katz Technology Licensing admits that on August 20, 1991, First Data Resources, Inc. brought suit against West Interactive Corp and Fantasy Sports Concepts, Inc. in the United States District Court for the Central District of California for the alleged infringement of the '739, '150, and '298 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 69.

70.     Katz Technology Licensing admits that certain of the patents in suit claim priority to other patents and applications that may, depending upon the patent, include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 70.

71.     Katz Technology Licensing admits that it was aware of the *First Data Resources, Inc. v. West Interactive Corp., et al.* litigation during the prosecution of the '984, '252, '863, '551, '120 and '134. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 71.

72.     Katz Technology Licensing admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '285 patent. Katz Technology Licensing denies that Examiner Woo was unaware of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain document arising from that litigation during prosecution of the '734, '120, '134 and '703 patents. Katz Technology Licensing further admits that the existence of the *First Data Resources, Inc. v. West Interactive Corp.* litigation and certain

documents from that litigation were disclosed to Examiner Thomas W. Brown as part of the prosecution of the '707 patent. Katz Technology Licensing denies that Examiner Brown was unaware of the litigation and certain document arising from that litigation during prosecution of the '863 and '551 patents. The allegations set forth in the third sentence of Paragraph 72 are vague and uncertain and are therefore denied. The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 72.

73.    Katz Technology Licensing admits that on February 9, 1999, Katz Technology Licensing brought suit against Micro Voice Applications, Inc. and others in the United States District Court for the Northern District of California for the alleged infringement of the '739, '153, '252, '285, '863, '734, '023 and '707 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 73.

74.    Katz Technology Licensing denies all the allegations set forth in Paragraph 74.

75.    Katz Technology Licensing admits that it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. Micro Voice Applications, Inc., et al.* litigation during the prosecution of the '134 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 75.

76.    Katz Technology Licensing lacks sufficient information and knowledge to respond to the allegations in the first and second sentences of Paragraph 76 and therefore denies them. The allegations set forth in the third sentence of Paragraph 76 are vague and uncertain and are therefore denied. The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 76.

77.    Katz Technology Licensing admits that on July 8, 1997, Katz Technology Licensing brought suit against AT&T Corp. and others in the United States District Court for the

Northern District of California for the alleged infringement of the '739, '150, '298, '075, '929, '984, '631, '153, '252, '309, '023, '285, '645, '120, '707 and '863 patents and United States Patent No. 5,349,633 ("the '633 patent"). Katz Technology Licensing denies the remaining allegations set forth in Paragraph 77. Katz Technology Licensing denies all the allegations set forth in Paragraph 77.

78. Katz Technology Licensing denies all allegations set forth in Paragraph 78.

79. Katz Technology Licensing admits that it was aware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp. et al.* litigation during the prosecution of the '762 and '120 patents. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 79.

80. Katz Technology Licensing admits that the existence of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain documents from that litigation were disclosed to Examiner Stella Woo during prosecution of the '021, '134 and '703 patents. Katz Technology Licensing denies that Examiner Woo was unaware of the *Ronald A. Katz Technology Licensing, L.P. v. AT&T Corp.* litigation and certain document arising from that litigation during prosecution of the '762 and '120 patents. Katz Technology Licensing lacks sufficient information and knowledge to respond to the remaining allegations in the first sentence of Paragraph 80 and the allegations in the second sentence of Paragraph 80 and on that basis denies them. The allegations set forth in the third sentence of Paragraph 80 are vague and uncertain and are therefore denied. The terms "intent to deceive," "scope beyond which Katz was entitled," "inequitable conduct" and "unenforceable" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 80.

81. Katz Technology Licensing admits that Patent Interference No. 103,697 was declared on February 13, 1996. Katz Technology further admits that a decision in Patent Interference No. 103,697 was issued on November 20, 1996. Katz Technology Licensing also

admits that the Board of Patent Appeals and Interferences found that certain limitations of count 1 of Patent Interference No. 103,697 were not entitled to the benefit of the filing date of the '968 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 81. Katz Technology Licensing denies all the allegations set forth in Paragraph 81.

82.    The term "material to the patent examiners" is so vague and ambiguous that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies these allegations. Further, to the extent the term is intended to allege legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing admits that the '863, '734, '762, '120 and '134 patents claim priority to other patents and applications that include the '968 patent. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '863 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 82.

83.    Katz Technology Licensing admits that Patent Interference No. 103,697 was not expressly brought to the attention of the patent examiners during the prosecution of the '863, '156, '965, '734, '762, '893, '120, '021 and '134 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 83.

84.    Katz Technology Licensing denies all allegations set forth in Paragraph 84.

85.    Katz Technology Licensing admits that during prosecution of the '344 patent, the patent applicant asserted that the '968 patent specification supported the claim limitation "automatic number identification (ANI) decoder means responsive to predetermined signals on said telephone trunk for providing a calling party identification number." Katz Technology Licensing admits that in a May 16, 1990 non-final Office Action issued as part of the prosecution of the '344 patent, the examiner stated that, "the present application is not a continuation of '968." Katz Technology Licensing further admits that the '344 patent is a continuation of the '739 patent, which is a continuation-in-part of the '968 patent. Katz Technology Licensing denies all the allegations set forth in Paragraph 85.

86.    Katz Technology Licensing further admits that in a Request for Information under 37 CFR 1.607, filed a part of the prosecution of the '344 patent, the statement, "[r]eferences cited are based on U.S. Patent No. 4,792,968 to Katz with a filing date on Feb. 14, 1987, of which the present application is a continuation" appeared in a footnote.    Katz Technology further admits that in the May 16, 1990 Office Action, the examiner states: "Applicants refer (R/1, bottom half of page 25) to '968's allusion (at column 5, lines 57-61) to '[Telephone number] data [which] could be taken directly from the system as it is available in certain telephone apparatus of the facility C.'    The examiner concedes that one of ordinary skill in the art would expect the cited patent passage to be referring to ANI signals available in many central offices; however, applicant's patent does not in fact disclose or describe any 'automatic number identification (ANI) decoder means' . . . ."    Katz Technology Licensing denies all the allegations set forth in Paragraph 86.

87.    Katz Technology admits that Patent Interference No. 103,697 involves the '344 patent and is therefore part of the prosecution of the '344 patent.    Katz Technology Licensing further admits that the patent applicant asserted that the '968 patent specification supported the claim limitation "means connected to said interface switching means for directly providing a caller telephone number from said telephone facility."    Katz Technology Licensing denies all remaining allegations set forth in Paragraph 87.

88.    The allegations set forth in Paragraph 88 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and therefore denies those allegations.

89.    Katz Technology Licensing admits that Count I of Patent Interference 103,697 was awarded to Szlam, *et al*.    The terms "repudiation," "material" and "lacking by the Board" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies them.    Further, to the extent those terms are intended to allege legal repudiation or materiality, the allegations constitute legal conclusions to which no response is required.    The last sentence of Paragraph 89 relates to Count 1 of Patent

Interference; the contents of Count 1 speak for themselves and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 89.

90.    Katz Technology Licensing admits that during prosecution of the '156 patent, the patent applicant submitted a listing of the claim limitations of application claim 56 and corresponding "Example Disclosure Locations in the '968 Patent."  Katz Technology Licensing further admits that during prosecution of the '156 patent, the patent applicant argued that the '968 patent specification supported the claim limitation in application claim 56 that begins with "interface means."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 90.

91.    Katz Technology Licensing admits that during the prosecution of the '156 patent, the patent applicant did not expressly inform the USPTO of the USPTO's own earlier decision with respect to patent claims in other, prior patent applications.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 91.

92.    The terms "intent to deceive," "scope beyond which Katz was entitled" and "inequitable conduct" used in Paragraph 92 are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies all allegations set forth in Paragraph 92.

93.    Katz Technology Licensing admits that during prosecution of the '344 patent, the applicant stated "Claim 68, as amended, requires receiving a customer identification number for a caller that may be utilized to access a file for the individual caller, testing at least a portion of it for approval, and transferring a call from an individual caller to an operator attended terminal and displaying at least a portion of data stored in a file to the operator under control of the customer identification number to allow the operator to complete the call. Claim 68, as amended, is fully supported by Applicant's earlier parent patent no. 4,792,968, which was filed on February 24, 1987, before either Szlam et al. or Masson et al. filed their applications for patent."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 93.

94.    Katz Technology Licensing denies all allegations set forth in Paragraph 94.

95.    Katz Technology Licensing denies all allegations set forth in Paragraph 95.

96.    Katz Technology Licensing admits that certain Appeal Rulings of patents related to the patents asserted against the Comerica Defendants upheld rejections made by the patent examiner.   Katz Technology Licensing denies all remaining allegations set forth in Paragraph 96.

97.    The allegations in Paragraph 97 relate to the decision of the Board of Patent Appeals and Interferences in Appeal No. 94-0834; Katz Technology Licensing responds that the decision speaks for itself and no further response is required.

98.    The allegations set forth in Paragraph 98 constitute legal conclusions to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 98.

99.    Katz Technology Licensing admits that during the prosecution of the '734, '762, '120 and '134 patents, the patent applicant did not expressly inform the USPTO of the USPTO's own earlier decisions with respect to patent claims in related patent applications.  The remaining allegations set forth in Paragraph 99 constitute legal conclusions to which no response is required.

100.    The terms "intent to deceive," "scope beyond which Katz was entitled" and "inequitable conduct" used in Paragraph 100 are alleged legal conclusions to which no response is required.   Katz Technology Licensing denies all allegations set forth in Paragraph 100.

101.    Katz Technology Licensing admits that the '223 patent claims priority from, among other patents and applications, the '734 and '120 patents.   Katz Technology Licensing denies all remaining allegations set forth in Paragraph 101.

102.    Katz Technology Licensing denies all allegations set forth in Paragraph 102.

103.    Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent. Katz Technology Licensing further admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing admits that PCT Application No. WO 87/00375 was published more than one year prior to the actual filing date of the '734 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 103.

104.    Katz Technology Licensing admits that in an Amendment filed January 31, 1996 as part of the prosecution of the '734 patent, the patent applicant stated, "[a]lthough it is questionable whether the Brown patent even qualifies as prior art, Applicant in the interest of being candid, is bringing it to the Examiner's attention. The Brown patent has an issue date of November 20, 1990, and a filing date of September 20, 1989. It should be noted that the present application ultimately claims priority from Applicant's parent patent U.S. Patent No. 4,930,150, which predates the Brown patent with respect to disclosure of alternate access possibilities (e.g., '800' or '900')." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 104.

105.    Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated, "[t]he reference by Hester bears a date of 1985, apparently 'September'. In that regard, it is noteworthy that the present application is related to a parent case filed July 10, 1985." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 105.

106.    Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use of (ANI) information for qualification (column 2, line 50).  However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 106.

107.    The terms "scope beyond which Katz was entitled" and "inequitable conduct" used in Paragraph 107 are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all allegations set forth in Paragraph 107.

108.    Katz Technology Licensing admits that it has asserted the '120 and '223 against the Comerica Defendants in this action.  Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications that include the '984 and '734 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 108.

109.    Katz Technology Licensing denies all allegations set forth in Paragraph 109.

### PRAYER FOR RELIEF ON COMERICA'S COUNTERCLAIMS

Katz Technology Licensing respectfully requests that in response to the Comerica Defendants' Counterclaims this Court:

1.    Dismiss the Comerica Defendants' Counterclaims with prejudice;

2.    Adjudge that the Comerica Defendants are not entitled to any relief, including any of the relief requested in their prayer for relief; and

3.    Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

November 20, 2006
546471

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following William J. Wade, Anne Shea Gaza, Philip A. Rovner, Paul J. Lockwood, Richard Herrmann.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 20, 2006 upon the following individuals in the manner indicated:

### <u>BY EMAIL</u>

William J. Wade
Anne Shea Gaza
Richards, Layton & Finger
wade@rlf.com
gaza@rlf.com

Martin J. Black
Dechert LLP
martin.black@dechert.com

David A. Roodman
Bryan Cave LLP
daroodman@bryancave.com

Philip A. Rovner
Potter Anderson & Corroon, LLP
provner@potteranderson.com

Kenneth R. Adamo
Jones Day
kradamo@jonesday.com

Paul J. Lockwood
Skadden, Arps, Slate, Meagher & Flom
plockwood@skadden.com

Daniel A. DeVito
Skadden, Arpts, Slate, Meagher & Glom LLP
ddevito@skadden.com

Richard Herrmann
Morris, James, Hitchens & Williams LLP
rherrmann@morrisjames.com

Thomas M. Dunham
Howrey LLP
dunhamt@howrey.com

Michael Bednarek
Paul Hastings Janofsky & Walker LLP
michaelbednarek@paulhastings.com

*/s/ Julia Heaney*

_____

Julia Heaney (#3052)
jheaney@mnat.com